TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
POONAM G. KUMAR (Cal. Bar No. 270802)
ROGER A. HSIEH (Cal. Bar No. 294195)
GREGORY D. BERNSTEIN (Cal. Bar No. 299204)
Assistant United States Attorneys
Major Fraud/General Crimes Sections
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0719/0600/3183
    Facsimile: (213) 894-6269
    E-mail:    poonam.kumar@usdoj.gov
            roger.hsieh@usdoj.gov
            gregory.bernstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 19-282-RGK |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION IN LIMINE NO. 1 TO PRECLUDE IMPROPER JURY NULLIFICATION ARGUMENT RELATED TO HARM THE AD/CVD ORDERS WERE INTENDED TO PREVENT |
| v. | |
| ZHONGTIAN LIU, aka "Liu Zhongtian," aka "Chairman," aka "Uncle Liu," aka "UL," aka "Big Boss," CHINA ZHONGWANG HOLDINGS LIMITED, aka "ZW," aka "Mother Ship," ZHAOHUA CHEN, aka "Chen Zhaohua," aka "Uncle Chen," XIANG CHUN SHAO, aka "Johnson Shao," PERFECTUS ALUMINIUM Inc., aka "Perfectus Aluminum Inc.," PERFECTUS ALUMINUM ACQUISITIONS, LLC, SCUDERIA DEVELOPMENT, LLC, 1001 DOUBLEDAY, LLC, VON KARMAN – MAIN STREET, LLC, and | |

1    10681 PRODUCTION AVENUE, LLC,

2            Defendants.

3

4        Plaintiff United States of America, by and through its counsel

5    of record, the Acting United States Attorney for the Central District

6    of California and Assistant United States Attorneys Poonam G. Kumar,

7    Roger A. Hsieh, and Gregory Bernstein, files its motion in limine no.

8    1 to preclude improper argument that defendants' conduct did not

9    implicate the harm that the relevant Anti-Dumping and Countervailing

10   Duty orders ("AD/CVD orders") were intended to prevent.

11       This motion is based on the attached memorandum of points and

12   authorities, the files and records in this case, and such further

13   evidence and argument as the Court may permit.

14

15    Dated:                      Respectfully submitted,

16                                TRACY L. WILKISON
                                  Acting United States Attorney
17
                                  SCOTT M. GARRINGER
18                                Assistant United States Attorney
                                  Chief, Criminal Division
19
                                  /s/ Gregory D. Bernstein
20                                GREGORY BERNSTEIN
                                  POONAM G. KUMAR
21                                ROGER A. HSIEH
                                  Assistant United States Attorneys
22
                                  Attorneys for Plaintiff
23                                UNITED STATES OF AMERICA

24

25

26

27

28

1              <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2  **I.    INTRODUCTION**

3         In Counts 11 through 17 of the indictment, defendants are

4  charged with passing false and fraudulent paperwork through a

5  customshouse, in violation of 18 U.S.C. § 545. In Count 1, defendants

6  are alleged to have conspired to violate Section 545. The indictment

7  alleges that defendants intended to defraud customs officials by

8  importing aluminum extrusions in violation of the 2011 Anti-Dumping

9  and Countervailing Duty ("AD/CVD") orders and failing to pay over

10 $1.8 billion in AD/CVD duties. With this motion, the government seeks

11 to preclude argument that defendants are not guilty of the Section

12 545 charges because defendants' conduct, according to defendants, did

13 not implicate the harm the AD/CVD orders were intended to address.[1]

14 **II.   RELEVANT FACTS[2]**

15        Between 2008 and 2019, defendants executed a scheme to defraud

16 investors in a publicly-traded company, evade over $1.8 billion in

17 AD/CVD duties owed to the United States Treasury and Customs & Border

18 Protection ("CBP"), and move hundreds of millions of dollars through

19 accounts in the United States to promote the investor fraud and

20 evasion schemes.

21        Defendant Zhongtian Liu ("Liu"), who was the chairman of

22 defendant China Zhongwang Holdings Limited ("CZW"), an aluminum

23 extrusion company listed on the Hong Kong Stock Exchange, led the

24

25        [1] On June 30, 2021, the government provided notice to defense
   counsel that it intended to file this motion in limine and sought
   defense counsels' position. On July 6 and 9, 2021 the government
26 conferred with defense counsel, who indicated that they would oppose
   this motion. (Declaration of Gregory D. Bernstein ("Bernstein Decl.")
27 ¶ 2.)

28        [2] The facts are set forth in greater detail in the government's
   opposition to defendants' motion to dismiss. (Dkt. 189.) The facts
   set forth here are those relevant to this motion in limine.

conspiracy. To execute the scheme, Liu collaborated with persons and
entities in the United States, including defendants Perfectus
Aluminium Incorporated ("Perfectus"), Perfectus Aluminum Acquisitions
LLC ("Perfectus Acquisitions," collectively with Perfectus the
"Perfectus defendants"), Scuderia Development LLC ("Scuderia"), 1001
Doubleday LLC ("Doubleday"), Von Karman-Main Street LLC ("Main
Street"), and 10681 Production Avenue LLC ("Production Avenue,"
collectively with Scuderia, Doubleday, and Main Street, the
"Warehouse Defendants"), defendant Zhaohua Chen ("Chen"), defendant
Xiang Chun Shao ("Shao"), and others.

To fraudulently inflate the value of CZW, the Perfectus and
Warehouse defendants falsely represented (among other things) that
CZW was selling aluminum to real customers in the United States,
including the Perfectus defendants, when Liu and CZW controlled the
Perfectus defendants, funded the Perfectus defendants, and directed
the Perfectus defendants to make bogus aluminum "purchases" from CZW.
E.g., (Ind. ¶¶ 19-22, 33(a)(i), 33(j), 33(x), 34 (Overt Acts ("OA")
7, 9, 12, and 78).) In 2011, Liu's plan to fraudulently drive up
CZW's revenue in the United States encountered an obstacle. That
year, the Department of Commerce ("Commerce") imposed AD/CVD duties
of almost 400 percent on the aluminum extrusions CZW exported to the
United States. (Id. ¶¶ 26-28.)[3]

---

[3] Dumping occurs "when a foreign company sells a product in the
United States for less than fair value — that is, for a lower price
than in its home market. Similarly, a foreign country may provide a
countervailable subsidy to a product and thus artificially lower its
price." Perfectus Aluminum Inc. v. United States, 391 F. Supp. 3d
1341, 1345 (Ct. Int'l Trade 2019), aff'd, 836 F. App'x 883 (Fed. Cir.
2020) (internal citations omitted). Thus, the AD/CVD orders were
intended to offset CZW's low-priced, predatory aluminum extrusion
sales in the United States.

1    Following the orders, Liu and his coconspirators —— including

2    the Perfectus defendants, Warehouse defendants, and Chen —— smuggled

3    CZW's aluminum extrusions into the Central District of California

4    disguised as aluminum "pallets." (Id. ¶¶ 33(a)(ii)-(iii), 33(x)-(cc),

5    34.) At the border, defendants lied to CBP on customs forms,

6    specifically Forms 7501, and described the aluminum "pallets" upon

7    importation as finished products, when in fact defendants knew the

8    pallets were not finished products, there was absolutely no market

9    for the pallets, and defendants intended to melt the pallets at

10   facilities in New Jersey and California that Liu and CZW owned. (Id.

11   ¶¶ 33(aa)-(cc), 34 (OAs 35, 36).)

12   **III. LEGAL STANDARD**

13       A motion in limine is a "procedural mechanism to limit in

14   advance testimony or evidence in a particular area." United States v.

15   Heller, 551 F.3d 1108, 1111 (9th Cir. 2009). These motions are

16   "useful tools to resolve issues which would otherwise clutter up the

17   trial." City of Pomona v. SQM N. Am. Corp., 866 F.3d 1060, 1070 (9th

18   Cir. 2017). Accordingly, "a ruling on a motion in limine is

19   essentially a preliminary opinion that falls entirely within the

20   discretion of the district court." Id.

21   **IV.  ARGUMENT**

22       The government starts with the elements of the offense, which

23   are central to this motion. In order to convict defendants of

24   violating Section 545, the government must prove that (1) defendants

25   knowingly passed a Form 7501 through a customhouse of the United

26   States, (2) defendants knew that the Form 7501 was false, forged, or

27   fraudulent, (3) defendants acted willfully with intent to defraud the

28   United States, and (4) the Form 7501 had a natural tendency to

1    influence, or was capable of influencing, action by the United

2    States. Ninth Circuit Model Jury Instr. No. 8.36 (2010 ed.). For each

3    Section 545 count in the indictment, the falsity alleged is

4    defendants' statement on the Form 7501 that payment of the AD/CVD

5    duties was not required on aluminum extrusions welded into the form

6    of pallets and imported from CZW.

7         In a recent motion to dismiss, defendants argued that the Court

8    should dismiss the Section 545 counts because, according to

9    defendants, the AD/CVD orders were intended to protect the United

10   States aluminum industry from the low-priced sales of aluminum from

11   China, and since the Perfectus and Warehouse defendants stockpiled

12   rather than sold CZW's aluminum, defendants' "conduct did not

13   implicate the AD/CVD duties." (Def. Mot. Dismiss (Dkt. No. 186) at

14   16-17.) This argument demonstrates a clear misapprehension of Section

15   545, and the government understands that defendants will advance this

16   argument in support of acquittal. (Bernstein Decl. ¶ 2.)

17        Initially, defendants' premise that their conduct did not

18   implicate the AD/CVD orders is wrong. (Def. Mot Dismiss at 16 ("The

19   Aluminum at Issue Was Not Subject to the AD/CVD Duties.")) Commerce

20   issued a scope ruling finding that CZW's pallets <u>were</u> subject to the

21   AD/CVD orders, a ruling that the Court of International Trade

22   affirmed. <u>Perfectus Aluminum, Inc. v. United States</u>, 391 F. Supp. 3d

23   1341 (Ct. Int'l Trade 2019). The Court of International Trade's

24   ruling was recently affirmed on appeal in the Federal Circuit.

25   <u>Perfectus Aluminum Inc. v. U.S. Aluminum Extrusions Fair Trade Comm.</u>,

26   836 F. App'x 883, 887-88 (Fed. Cir. Nov. 6, 2020). This means that

27   when, in the wake of the AD/CVD orders, defendants imported 2.2

28   million of those pallets into the United States, defendants were

                                      4

legally obligated to declare the pallets as subject to the AD/CVD orders and pay the applicable duties. Rather, defendants lied to CBP on the Forms 7501 and smuggled CZW's aluminum into the country, in complete violation of the AD/CVD orders.

More importantly, if raised to the jury, defendants will be urging acquittal based on an element that nowhere appears in Section 545, in essence arguing for nullification. See United States v. Kleinman, 880 F.3d 1020, 1032 (9th Cir. 2017) (holding that the Court has a "duty to forestall or prevent nullification") (citing Merced v. McGrath, 426 F.3d 1076, 1079-80 (9th Cir. 2005) ("[It] is the duty of juries in criminal cases to take the law from the court, and apply that law to the facts as they find them to be from the evidence")); cf. United States v. Powell, 955 F.2d 1206, 1213 (9th Cir. 1991) ("[A]narchy would result from instructing the jury that it may ignore the requirements of the law.") (quoting United States v. Dougherty, 473 F.2d 1113, 1133 (D.C. Cir. 1972)).

To prove a violation of Section 545, the government need not establish that defendants ultimately sold the smuggled aluminum. Nor is the government required, as defendants argue in their reply in support of their motion to dismiss, to show that defendants intended to sell the aluminum pallets in the United States to prove the requisite intent for violating Section 545. (Def. Reply ISO Mot. Dismiss, Dkt. 190, at 8.)

To the contrary, the statute criminalizes, with the intent to defraud an agency of the United States, the simple passing of a materially false document through a customhouse. In this case, defendants completed each Section 545 count when they submitted a false Form 7501 to CBP stating that CZW's aluminum pallets were not

5

1   subject to the AD/CVD orders, all while intentionally obstructing the

2   function of CBP, defeating the customs laws of the United States, and

3   evading $1.8 billion in duties owed to the federal government.[4]

4   United States v. Robinson, 147 F.3d 851, 854 (9th Cir. 1998) ("Intent

5   to defraud the United States" under Section 545 "means an intent to

6   avoid or defeat the United States customs laws") (citation and

7   quotations omitted).

8       Of course, evidence that defendants failed to sell any of the

9   millions of aluminum pallets smuggled into the United States from CZW

10  is relevant for other reasons. For example, this evidence will show

11  that (1) CZW's aluminum pallets were not in fact commercially viable

12  (and instead were merely vehicles to smuggle CZW's aluminum into the

13  country), and (2) defendants hid millions of stockpiled aluminum

14  pallets from CBP and CZW's investors in warehouses to maintain the

15  illusion that the pallets were finished products and that the sale of

16  those pallets from CZW to the Perfectus defendants generated

17  legitimate revenue.

18      With that said, defendants have telegraphed their desire to

19  argue this evidence for an entirely impermissible purpose: that

20  defendants should be acquitted of the Section 545 counts because they

21  never sold off the smuggled aluminum. Since that argument would

22  simultaneously be based on a false premise and call for jury

23  nullification, it should be precluded. Cf. United States v. Baras,

24  624 F. App'x 560 (9th Cir. 2015) (holding that evidence of "late tax

25  payments made while awaiting prosecution is irrelevant" and that such

26

27      [4] In any event, defendants' assertion that they did not intend
    to sell the smuggled aluminum is factually incorrect. Once defendants
28  smuggled the aluminum pallets into the country, they intended to melt
    the pallets at facilities Liu, then re-extrude that aluminum into
    sellable products. (Id. ¶¶ 33(aa)-(cc), 34 (OAs 35, 36).)

                                    6

evidence is properly excluded "to avoid a risk of confusing the issues and confusing the jury")(citing <u>United States v. Pang</u>, 362 F.3d 1187, 1194 (9th Cir. 2004)); <u>Shaw v. United States</u>, 137 S. Ct. 462, 467 (2016) ("We have found no case from this Court interpreting the bank fraud statute as requiring that the victim bank ultimately suffer financial harm, or that the defendant intend that the victim bank suffer such harm.") (internal quotation marks omitted).

## V.   CONCLUSION

The government respectfully requests that the Court preclude argument that, because defendants never sold the smuggled aluminum pallets in the United States and the harm the 2011 AD/CVD orders covers did not come to fruition, defendants are not guilty of passing false and fraudulent paperwork through a customshouse.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF GREGORY D. BERNSTEIN

I, Gregory D. Bernstein, declare as follows:

1.   I am an Assistant United States Attorney for the Central District of California and am government counsel in <u>United States v. Zhongtian Liu et al.</u>, CR No. 19-282-RGK. I make this declaration in support of the government's motion in limine no. 1 to prelude improper jury nullification argument related to the harm the AD/CVD orders were intended to prevent.

2.   On June 30, 2021, the government provided notice to defense counsel that it intended to file this motion in limine and sought defense counsels' position. On July 6 and 9, 2021, I conferred with defense counsel regarding the government's motion in limine no. 1 to prelude improper jury nullification argument related to the harm the AD/CVD orders were intended to prevent. Defense counsel indicated that they would oppose this motion.

I declare under penalties of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California.


Date: July 12, 2021                    */s/ Gregory D. Bernstein*
                                       Gregory D. Bernstein
                                       Assistant United States Attorney