TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
POONAM G. KUMAR (Cal. Bar No. 270802)
ROGER A. HSIEH (Cal. Bar No. 294195)
GREGORY D. BERNSTEIN (Cal. Bar No. 299204)
Assistant United States Attorneys
Major Fraud/General Crimes Sections
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0719/0600/3183
     Facsimile: (213) 894-6269
     E-mail:    poonam.kumar@usdoj.gov
                roger.hsieh@usdoj.gov
                gregory.bernstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>            v.<br><br>ZHONGTIAN LIU,<br>   aka "Liu Zhongtian,"<br>   aka "Chairman,"<br>   aka "Uncle Liu,"<br>   aka "UL,"<br>   aka "Big Boss,"<br>CHINA ZHONGWANG HOLDINGS<br>   LIMITED,<br>   aka "ZW,"<br>   aka "Mother Ship,"<br>ZHAOHUA CHEN,<br>   aka "Chen Zhaohua,"<br>   aka "Uncle Chen,"<br>XIANG CHUN SHAO,<br>   aka "Johnson Shao,"<br>PERFECTUS ALUMINIUM INC.,<br>   aka "Perfectus Aluminum<br>   Inc.,"<br>PERFECTUS ALUMINUM<br>   ACQUISITIONS, LLC,<br>SCUDERIA DEVELOPMENT, LLC,<br>1001 DOUBLEDAY, LLC, | No. CR 19-282-RGK<br><br>GOVERNMENT'S OPPOSED MOTION *IN LIMINE* NO. 2 TO (1) EXCLUDE EVIDENCE AND ARGUMENT THAT ALUMINUM EXTRUSIONS WELDED INTO THE FORM OF PALLETS FELL OUTSIDE THE SCOPE OF 2011 AD/CVD ORDERS; AND (2) REQUEST JURY INSTRUCTION CONSISTENT WITH BINDING AUTHORITY REGARDING PALLETS; DECLARATION OF ROGER A. HSIEH; EXHIBITS |

| | |
|---|---|
| 1 | VON KARMAN – MAIN STREET, LLC, and |
| 2 | 10681 PRODUCTION AVENUE, LLC, |
| 3 | Defendants. |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Roger A. Hsieh, Poonam G. Kumar, and Gregory D. Bernstein, hereby files its opposed motion in limine No. 2 to (1) exclude evidence and argument that aluminum extrusions welded into the form of pallets fell outside the scope of the 2011 AD/CVD orders; and (2) request a jury instruction consistent with the binding authority regarding the pallets.

This motion is based upon the attached memorandum of points and authorities, the attached declaration of Roger A. Hsieh, exhibits thereto, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: July 12, 2021          Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

         /s/
ROGER A. HSIEH
POONAM G. KUMAR
GREGORY D. BERNSTEIN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## **MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendants evaded over $1.8 billion in duties imposed by anti-dumping and countervailing ("AD/CVD") orders on aluminum extrusions. To evade paying duties owed under the AD/CVD orders, defendants smuggled aluminum extrusions into the U.S. by disguising them as pallets and falsely claimed that the pallets were "finished merchandise" outside the scope of the AD/CVD orders.  Over more than three years of litigation, the Department of Commerce ("Commerce") and federal courts conclusively held that, as a matter of law, defendants' pallets are within the scope of the AD/CVD orders and subject to the duties.  Thus, the Court should exclude evidence and argument at trial that contradicts this legal finding.

The Court should exclude any evidence and argument that extrusions welded into the form of pallets ("pallets") were outside the scope of the AD/CVD orders or qualified as "finished merchandise" because the issue has been decided as a matter of law.  Likewise, the government requests a jury instruction reflecting the legal determination made by the Court of International Trade and affirmed by the Federal Circuit.  Granting the government's motion will streamline the trial, avoid juror confusion, and prevent defendants from revisiting a matter of law that has been conclusively determined.  With this motion, the government does not seek to exclude defendants from arguing or introducing evidence that they did not have the requisite intent to defraud.

//
//
//

## II. STATEMENT OF FACTS

### A. AD/CVD Orders Impose Enhanced Duties on Aluminum Extrusions and Defendants' Scheme to Evade $1.8 Billion in Duties

In 2011, Commerce effected AD/CVD orders that imposed duties of a total of 407.28% on aluminum extrusions that defendant China Zhongwang ("CZW") exported to the U.S. See Aluminum Extrusions from the People's Republic of China: Antidumping Duty & Countervailing Duty Orders, 76 Fed. Reg. 30650-55 (May 26, 2011) (attached as Ex. A to Declaration of Roger A. Hsieh ("Hsieh Decl."). The scope of the AD/CVD orders excluded "finished merchandise containing aluminum extrusions as parts that are fully and permanently assembled and completed at the time of entry, such as finished windows with glass [and] doors with glass or vinyl[.]" Id. at 30651; see also id. at 30654.

Following the AD/CVD orders, defendants conspired to smuggle defendant CZW's aluminum extrusions into the U.S. by welding them together and disguising them as aluminum "pallets." (Ind. ¶¶ 33(x)-(cc).) Defendants then knowingly lied to U.S. Customs & Border Protection and described these "pallets" as finished merchandise, when in fact, defendants knew they were not finished merchandise. (Id. ¶¶ 33(aa)-(cc).) Lacking legitimate buyers for the pallets, defendants Liu and CZW directed the Perfectus defendants[1] to purchase the pallets, which were ultimately stored at the warehouses owned by the Warehouse defendants.[2] (Id. ¶¶ 33(j), 33(r)(ii), 33(s).)

---

[1] Perfectus Aluminium, Inc. and Perfectus Aluminum Acquisitions LLC comprise the Perfectus defendants.

[2] Scuderia Development LLC, 1001 Doubleday LLC, Von Karman-Main Street LLC, and 10681 Production Avenue LLC comprise the Warehouse defendants.

2

Defendants' scheme became exposed in 2015 and 2016 at which point they began to export the smuggled aluminum. (Id., Overt Acts 91-92.) Through their fraudulent scheme, defendants evaded over $1.8 billion in duties imposed under the AD/CVD orders. (Id. ¶ 33(aa).)

### B. Department of Commerce Confirms Defendant CZW's Pallets are Within the Scope of the AD/CVD Orders

On March 3, 2017, the Aluminum Extrusion Fair Trade Committee ("AEFTC") filed a scope ruling request that asked Commerce to determine that aluminum extrusions made of series 6 aluminum alloy, which are cut-to-length and welded together in the form of a pallet, are within the scope of the AD/CVD orders. (See Hsieh Decl., Ex. B, Scope Ruling.) The AEFTC specially identified pallets imported to the U.S. by defendant CZW and identified certain of defendant CZW's affiliates, including defendant Perfectus Aluminium, Inc. ("Perfectus"), defendant Perfectus Aluminum Acquisitions LLC, and certain Perfectus Predecessor Entities. (See id. at 2 n.4; Ind. ¶ 11 (listing Perfectus Predecessor Entities).) Thus, the scope ruling addressed the very same aluminum extrusions welded into the form of pallets at issue in this case. (See Ind. ¶ 33(y).)

Over a span of two and a half months, the AEFTC, defendant Perfectus, and defendant CZW filed supplemental facts, comments on the scope ruling request, and rebuttal comments for Commerce's evaluation. (See Hsieh Decl., Ex. B at 2.) On June 13, 2017, after considering the language of the AD/CVD orders, prior scope rulings, a description of the pallets, and materials and argument submitted by the AEFTC, defendant Perfectus, and defendant CZW, Commerce determined that aluminum extrusions welded in the form of pallets imported by defendant CZW to the U.S. were within the scope of the

2011 AD/CVD orders and the pallets did not qualify as "finished merchandise" (the "Scope Ruling"). (Id. at 13-16.) In making the Scope Ruling, Commerce found certain of defendant Perfectus' arguments "inapposite and irrelevant." (Id. at 15.)

### C. The U.S. Court of International Trade Rejects Defendant Perfectus' Challenge and Affirms Commerce's Scope Ruling

On April 25, 2018, more than ten months after Commerce issued the Scope Ruling, defendant Perfectus filed a complaint with the U.S. Court of International Trade contesting Commerce's Scope Ruling. (See Hsieh Decl., Ex. C, Complaint.) Defendant Perfectus litigated the matter for over a year, filing briefs and eventually presenting oral argument on March 20, 2019, in support of its complaint. See Perfectus Aluminum, Inc. v. United States, 18-CV-00085-GSK (Ct. Int'l Trade), Dkt. 53.

On July 1, 2019, the Court of International Trade reached the same conclusion as Commerce and affirmed Commerce's Scope Ruling in a 14-page published decision. Perfectus Aluminum, Inc. v. United States, 391 F. Supp. 3d 1341 (Ct. Int'l Trade 2019) (attached as Ex. D to Hsieh Decl.). In sustaining the Scope Ruling, the Court of International Trade concluded that "Commerce's determination that the pallets are within the scope of the Orders and do not qualify for the finished merchandise exclusion" was in accordance with the law. Id. at 1353. The Court of International Trade noted that the Scope Ruling properly found that the pallets at issue were "unambiguously within the plain language of the Orders' scope" and did not qualify for the finished merchandise exception. Id. at 1355.

//
//

    **D. The Federal Circuit Affirms the U.S. Court of International Trade and Denies a Petition for Rehearing En Banc**

Defendant Perfectus appealed to the Federal Circuit. On January 13, 2020, defendant Perfectus filed a 31-page opening brief arguing again that the pallets are outside the scope of the 2011 AD/CVD orders. Perfectus Aluminum, Inc. v. United States, 19-2129 (Court of Fed. Claims), Dkt. 39. After full briefing and oral argument, the Federal Circuit rejected defendant Perfectus' arguments and affirmed that the aluminum extrusions in the shape of pallets are within the scope of the AD/CVD orders. Perfectus Aluminum, Inc. v. United States, 836 Fed. Appx. 883, 890-91 (Fed. Cir. Nov. 6, 2020) (attached as Ex. E to Hsieh Decl.). Undeterred, defendant Perfectus filed a petition for rehearing en banc. On January 28, 2021, the Federal Circuit denied defendant Perfectus' petition. (See Hsieh Decl., Ex. F, Order Denying Petition for Rehearing En Banc.)

**III. ARGUMENT**

    **A. The Court Should Instruct the Jury on a Question of Law Regarding the Pallets Based on Binding Precedent and Exclude Evidence and Argument to the Contrary**

While a jury decides facts in a case, "the judge is the arbiter of the law" and "the judge must be permitted to instruct the jury on the law and to insist that the jury follow his instructions." United States v. Amparo, 68 F.3d 1222, 1224 (9th Cir. 1995) (quotations and citations omitted); see also United States v. Smith, 282 F.3d 758, 767 (9th Cir. 2002) (affirming court's jury instruction regarding existence of federal jurisdiction over geographic area as a matter of law and noting jury should determine facts as to whether offense occurred in that geographic area). When instructing the jury on a

matter of law, the court consults precedent addressing the legal issue.  See Amparo, 68 F.3d at 1224-26 (court properly instructed jury that possession of unregistered sawed-off shotgun is "crime of violence" as a matter of law by examining case law addressing the legal issue); United States v. Wanland, 830 F.3d 947, 952-53 (9th Cir. 2016) (affirming trial court's use of jury instruction that tracked statutory definition of "wages" tailored to facts case).

Whether aluminum extrusions in the shape of pallets fall within the scope of the 2011 AD/CVD orders and qualify for the finished merchandise exception is a matter of law for which the Court should instruct the jury based on applicable precedent.  Here, Commerce, the Court of International Trade, and the Federal Circuit have conclusively determined as a matter of law that defendants' aluminum extrusions in the form of pallets are within the scope of the 2011 AD/CVD orders and do not qualify for the finished merchandise exception.  Thus, this Court should instruct the jury as to the law regarding the pallets and the scope of the 2011 AD/CVD orders based on this conclusive precedent and exclude argument to the contrary.

United States v. Kahre, 737 F.3d 554 (9th Cir. 2013), further illustrates this point.  In Kahre, the defendants were convicted for "various criminal tax offenses arising from their use of gold and silver coins to pay wages and thus avoid the reporting of payroll and incomes taxes dues."  Id. at 559.  The defendants paid employees with gold and silver coins, which were later exchanged for cash.  Id.  The face-value of the coins were only one-eighth of the amount of pay that the employees actually earned and later received in cash.  Id.  In using the coins to pay their employees, the defendants failed to withhold the proper amount of taxes.  Id.  The trial court determined

that, as a matter of law, the coins should be taxed at the fair market value, rather than the face value of the coin. Id. at 561. In making that determination, the trial court considered analogous appellate court precedent, Tax Court rulings, the tax code, and Treasury regulations. Id. at 561-62. Having made that legal determination, the trial court excluded evidence, including a defense expert, that conflicted with its ruling on a matter of law. Id. at 576.

On appeal, the Ninth Circuit held that the trial court properly determined as a matter of law that the coins should be assessed at fair market value and properly excluded evidence "that conflicted with its correct legal ruling[.]" Id. Like the court in Khare consulted analogous precedent in making a legal determination and excluding argument to the contrary, this Court here should reference the opinions from Commerce, the Court of International Trade, and the Federal Circuit and (1) determine as a matter of law that six-series aluminum extrusions in the shape of pallets are within the scope of the 2011 AD/CVD orders and so reflect in a jury instruction based on clearly applicable precedent; and (2) exclude argument contrary to the Scope Ruling and precedent affirming the Scope Ruling. The current proposed jury instruction, as attached as Exhibit G to the Hsieh Declaration, is based on language from the Scope Ruling and would read in part:

> I instruct you that aluminum extrusions from the PRC made of series 6xxx aluminum alloy which are cut-to-length and welded together in the form of a pallet, regardless of producer or exporter, are included within the scope of the 2011 AD/CVD

7

> Orders and AD/CVD duties were required to be paid on the import of such pallets. Further, aluminum extrusions made from series 6xxx aluminum alloy and welded together in the form of a pallet do not qualify for the "finished merchandise" exclusion of the 2011 AD/CVD Orders.

In doing so, the Court would properly instruct the jury on a matter of law conclusively determined while excluding argument to the contrary.[3] Absent a stipulation, the jury would still determine predicate facts, including whether the aluminum extrusions defendants imported were comprised of series 6xxx aluminum alloy, were cut-to-length, and were welded together in the form of a pallet. Such an approach is mandated by Ninth Circuit precedent distinguishing between the court's power to determine questions of law and the jury's responsibility to determine questions of fact. See Amparo, 68 F.3d at 1224 (court instructed jury on legal question that underlying crime qualified as "crime of violence" and jury decided whether facts supported the underlying crime); Smith, 282 F.3d at 767 (court instructed jury on legal question regarding federal jurisdiction over geographic area and noting jury should decide facts whether offense occurred in that geographic area); see also United States v. Warren, 984 F.2d 325, 327 (9th Cir. 1993) ("A district court 'may determine as a matter of law the existence of federal jurisdiction over the geographic area, but the locus of the offense within that area is an issue for the trier of fact.'") (citation omitted).

---

[3] The government will also file proposed jury instructions, separate from this motion, which will include a version of the instruction attached to the Hsieh Declaration as Exhibit G.

8

### B. Introducing Evidence and Argument Contravening Conclusive Precedent Would Confuse the Jury and Waste Time

As noted above, whether aluminum extrusions in the shape of pallets fall within the scope of the 2011 AD/CVD orders and qualify for the finished merchandise exception is a matter of law conclusively determined by Commerce, the Court of International Trade, and the Federal Circuit. Defendants should not be permitted to introduce evidence and argument regarding that question of law because legal issues are "for the judge, not a jury." Merck Sharp & Dohme Corp. v. Albrecht, 139 S. Ct. 1668, 1679 (2019).

Allowing defendants to litigate an issue of law to the jury would also run afoul of multiple Rules of Evidence. Evidence that does not tend to make a fact of consequence more or less probable should be excluded as irrelevant, Fed. R. Evid. 401, 402; and expert witnesses "cannot testify to a matter of law amounting to a legal conclusion," United States v. Tamman, 782 F.3d 543, 552 (9th Cir. 2015). Further, permitting evidence and argument regarding the pure legal question of whether aluminum pallets are covered by administrative orders risks seriously confusing the jury and wasting the Court's and the jury's time such that exclusion is also warranted under Rule 403. See, e.g., Ohio Six Ltd. v. Motel 6 Operating L.P., 2013 WL 12125747, at *10 (C.D. Cal. Aug. 7, 2013) (excluding evidence regarding alternative interpretation of agreements under Rule 403 because introduction "would lead to a mini-trial on a collateral issue that has already decided by the court, and waste time"). After all, Commerce and the federal courts have already considered hundreds of pages of briefing and documents addressing the issue over more than three years and consistently determined that the arguments that

9

the pallets are finished merchandise and outside the scope of the 2011 AD/CVD orders have no merit.

### C. Defendants Can Still Introduce Evidence and Argument that They Did Not Intend to Defraud

Whether defendants knowingly and willfully violated the AD/CVD orders such that they are liable under 18 U.S.C. § 545, on the other hand, is a question of fact that should be addressed by the jury in its verdict. Thus, this motion in limine does not seek to prevent defendants from arguing that they did not have the intent to defraud. See Khare, 737 F.3d at 577 (defendants allowed to introduce evidence regarding good faith belief and intent to defraud even though court excluded evidence contrary to its legal determination that coins should be taxed at fair market value).

## IV. CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court exclude evidence and argument that aluminum extrusions welded into the form of pallets are outside the scope of the 2011 AD/CVD order or qualify as "finished merchandise" based on the clearly appliable decisions from Commerce, the Court of International Trade, and the Federal Circuit. The government further requests this Court provide the jury an instruction consistent with the appliable law which is attached in its current form as Exhibit G.

**DECLARATION OF ROGER A. HSIEH**

I, Roger A. Hsieh, declare as follows:

1. I am an Assistant United States Attorney for the Central District of California and am government counsel in United States v. Zhongtian Liu et al., CR No. 19-282-RGK. I make this declaration in support of the government's motion in limine No. 2 to (1) exclude evidence and argument that that extrusions welded into the form of pallets fell outside the scope of 2011 AD/CVD orders; and (2) request a jury instruction consistent with binding authority regarding pallets.

2. On June 30, 2021, the government provided notice to defense counsel that it intended to file this motion in limine and sought defense counsels' position. On July 6 and 9, 2021, I conferred with defense counsel regarding this motion in limine. Defense counsel indicated that they would oppose this motion.

3. Attached hereto as **Exhibit A**, is what I understand to be a true and correct copy of the May 26, 2011, AD/CVD Orders. Aluminum Extrusions from the People's Republic of China: Antidumping Duty & Countervailing Duty Orders, 76 Fed. Reg. 30650-55 (May 26, 2011).

4. Attached hereto as **Exhibit B**, is what I understand to be a true and correct copy of Commerce's June 13, 2017, Scope Ruling.

5. Attached hereto as **Exhibit C**, is what I understand to be a true and correct copy of the April 25, 2018, Complaint filed by defendant Perfectus in the Court of International Trade challenging the Scope Ruling.

6. Attached hereto as **Exhibit D**, is what I understand to be a true and correct copy of the Court of International Trade's July 1,

11

2019, opinion affirming Commerce's Scope Ruling.  <u>Perfectus Aluminum, Inc. v. United States</u>, 391 F. Supp. 3d 1341 (Ct. Int'l Trade 2019).

7.   Attached hereto as **Exhibit E**, is what I understand to be a true and correct copy of the Federal Circuit's November 6, 2020, opinion affirming the Court of International Trade.  <u>Perfectus Aluminum, Inc. v. United States</u>, 836 Fed. Appx. 883, 890-91 (Fed. Cir. Nov. 6, 2020).

8.   Attached hereto as **Exhibit F**, is what I understand to be a true and correct copy of the Federal Circuit's January 28, 2021, Order denying defendant Perfectus' petition for rehearing en banc.

9.   Attached hereto as **Exhibit G**, is the government's current proposed jury instruction regarding aluminum extrusions welded into the form of pallets and the 2011 AD/CVD orders.

I declare under penalties of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California.

Date: July 12, 2021                    _____
                                        ROGER A. HSIEH
                                        Assistant United States Attorney

12