TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
POONAM G. KUMAR (Cal. Bar No. 270802)
ROGER A. HSIEH (Cal. Bar No. 294195)
GREGORY D. BERNSTEIN (Cal. Bar No. 299204)
Assistant United States Attorneys
Major Fraud/General Crimes Sections
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0719/0600/3183
     Facsimile: (213) 894-6269
     E-mail:    poonam.kumar@usdoj.gov
                roger.hsieh@usdoj.gov
                gregory.bernstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 19-282-RGK |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSED MOTION IN LIMINE NO. 4 TO ADMIT CERTIFIED COPIES OF DEFENDANTS' STATEMENTS; DECLARATION OF POONAM G. KUMAR; EXHIBITS |
| v. | |
| ZHONGTIAN LIU,<br> aka "Liu Zhongtian,"<br> aka "Chairman,"<br> aka "Uncle Liu,"<br> aka "UL,"<br> aka "Big Boss,"<br>CHINA ZHONGWANG HOLDINGS LIMITED,<br> aka "ZW,"<br> aka "Mother Ship,"<br>ZHAOHUA CHEN,<br> aka "Chen Zhaohua,"<br> aka "Uncle Chen,"<br>XIANG CHUN SHAO,<br> aka "Johnson Shao,"<br>PERFECTUS ALUMINIUM INC.,<br> aka "Perfectus Aluminum Inc.,"<br>PERFECTUS ALUMINUM ACQUISITIONS, LLC,<br>SCUDERIA DEVELOPMENT, LLC,<br>1001 DOUBLEDAY, LLC,<br>VON KARMAN – MAIN STREET, LLC,<br>   and | |

10681 PRODUCTION AVENUE, LLC,

      Defendants.

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Poonam G. Kumar, Roger A. Hsieh, and Gregory D. Bernstein, hereby files its opposed motion in limine to admit certified copies of defendants' statements.

This motion is based upon the attached memorandum of points and authorities, the attached declaration of Poonam G. Kumar, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: July 13, 2021        Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

    /s/
POONAM G. KUMAR
ROGER A. HSIEH
GREGORY D. BERNSTEIN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

At trial, the government seeks to admit certified copies of certain records, including records from the Internal Revenue Service ("IRS"), California Department of Employment Development Department ("EDD"), the California Secretary of State ("CA SOS"), the Delaware Division of Corporations ("DE DOC"), a declaration filed by co-conspirator Xiang Chun Shao (the "Shao declaration") in the United States District Court for the Central District of California on behalf of defendant Perfectus Aluminum, Inc., and four declarations filed by Zhijie Wang in the United States District Court for the Central District of California on behalf of the Warehouse defendants (the "Wang declarations").  The government has provided notice to defense counsel of its intent to introduce these records at trial. The Warehouse and Perfectus defendants have advised that, subject to relevance objections based on Federal Rule of Evidence 401, they have no objection to the admission of the IRS, EDD, CA SOS, and DE DOC records.  (Declaration of Poonam G. Kumar ("Kumar Decl."), ¶ 9.) Accordingly, the government intends to introduce these records at the start of trial.  The Warehouse and Perfectus defendants have also advised that they oppose the admission of the certified Shao and Wang declarations based on the Supreme Court's decision in Crawford v. United States, 541 U.S. 36 (2004), and the Federal Rules of Evidence. (Id.)  With this motion and relying on defendants' stated position, the government addresses herein only the admission of the Shao and Wang declarations.

## II. RELEVANT FACTS

For over a decade, between 2008 and 2019, the defendants, including six U.S.-based corporations, executed a wide-ranging conspiracy to defraud investors in a publicly-listed company, evade over $1.8 billion in anti-dumping and countervailing ("AD/CVD") duties owed to the U.S. Treasury and Customs & Border Protection ("CBP"), and move hundreds of millions of dollars through accounts in the U.S. to promote the investor fraud and evasion of AD/CVD duties. Defendant Zhongtian Liu ("defendant Liu"), who was the Chairman of defendant China Zhongwang Holdings, Limited ("defendant CZW"), an aluminum extrusion company publicly listed on the Hong Kong Stock Exchange, was the mastermind of the scheme. However, defendant Liu could not execute the scheme on his own; to execute it, he collaborated with persons and entities in the U.S., namely, the U.S.-based defendants Perfectus Aluminium Inc. ("Perfectus"), Perfectus Aluminum Acquisitions LLC ("Perfectus Acquisitions", collectively with Perfectus the "Perfectus defendants"), Scuderia Development LLC ("Scuderia"), 1001 Doubleday LLC ("Doubleday"), Von Karman-Main Street LLC ("Main Street"), and 10681 Production Avenue LLC ("Production Avenue", collectively with Scuderia, Doubleday, and Main Street the "Warehouse Defendants"), defendant Zhaohua Chen ("defendant Chen"), defendant Xiang Chun Shao ("defendant Shao"), and others.

The indictment alleges that, in 2011, the AD/CVD Orders were issued imposing nearly 400% AD/CVD duties on aluminum extrusions from China, including those from defendant CZW. Thereafter, between 2011 and 2014, the Perfectus defendants imported over 2 million extrusions welded into the form of pallets ("pallets") in order to evade $1.8

billion in AD/CVD duties.  These pallets were then concealed in warehouses that the Warehouse defendants owned.  In 2015 and 2016, defendants Liu and CZW were publicly accused of, among other things, selling defendant CZW's aluminum to entities defendant Liu controlled, including the Perfectus defendants, to fraudulently inflate defendant CZW's revenue.  In response to these allegations and in order to conceal their scheme and evade detection, the Perfectus defendants began exporting shipment containers of the pallets.  In September 2016, CBP detained a number of containers during the export process.  Thereafter, in December 2016, Perfectus Aluminum, Inc. filed a petition for equitable and injunctive relief and the return of property.  (CV 16-2640-DMG, Dkt. No. 1.)  In connection with that proceeding, defendant Shao, a charged co-conspirator, filed the Shao declaration in support of the return of property.  (CV 16-2640-DMG, Dkt. No. 10-1; Kumar Decl. Ex. A.[1])  Among other things, defendant Shao stated that Perfectus had exported 569 containers of aluminum pallets.  (Id.)  Defendant Shao stated that the pallets had been "imported into the United States between 2012 and 2014 by Perfectus predecessor entities." (Id.)  Defendant Shao further stated that "[t]he predecessor entities and Perfectus originally intended to sell or lease the pallets in the United States" and that "[d]ue to changes in market conditions and an unsuccessful marketing strategy, however, none of the pallets were sold or leased here." (Id.)  Defendant Shao characterized the export as a "business decision." (Id.)  The filing of this declaration is

---

[1] The government intends to admit redacted versions of the Shao and Wang declarations but has filed complete copies with the Court for purposes of this motion.

3

alleged as Overt Act 94 of the indictment.  (Indictment, Overt Act 94.)

In 2017, the United States commenced civil forfeiture actions against aluminum pallets owned by the Perfectus defendants and the four warehouses owned by the Warehouse defendants.  (CV 17-1592-DMG; CV 17-1872-DMG; CV 17-1873-DMG; CV 17-1875-DMG.)  Each of the Warehouse defendants filed a claim to the properties and in support of that claim, Zhijie Wang filed a declaration in each civil forfeiture action claiming to be the "ultimate beneficial owner of the Property" and that the member of the Warehouse Defendants was Scuderia Capital, Inc. of which she was the "CEO and sole shareholder."  (CV 17-1592-DMG Dkt. No. 13; CV 17-1872-DMG Dkt. No. 13; CV 17-1873-DMG Dkt. No. 13; CV 17-1875-DMG Dkt. No. 13; Kumar Decl. Exs. B-E.)  The filing of these declarations is alleged as Overt Act 97 of the indictment.  (Indictment, Overt Act 97.)  The government anticipates the evidence at trial will prove that Zhijie Wang is the wife of defendant Liu.  (Kumar Decl. ¶ 7.)

**III. THE SHAO DECLARATION IS ADMISSIBLE**

    **A.  RULE 902(4) GOVERNS THE AUTHENTIATION OF THE SHAO DECLARATION**

Federal Rule of Evidence 902(4) sets forth that no extrinsic evidence of authenticity is necessary for a certified "copy of an official record – or a copy of a document that was recorded or filed in a public office as authorized by law."  Fed. R. Evid. 902(4). Certified copies of documents like the Shao and Wang declarations filed with the United States District Court for the Central District

of California qualify for self-authentication under Rule 902(4).[2] See United States v. Weiland, 420 F.3d 1062, 1073-74 (9th Cir. 2005) (holding that certified copies of penitentiary packet were self-authenticating under Rule 902(4)).

### B.   THE SHAO AND WANG DECLARATIONS ARE ADMISSIBLE

The Shao and Wang declarations are admissible as non hearsay under Rule 801.  Further, their admission does not violate the Confrontation Clause.

The Shao and Wang declarations are admissible as co-conspirator statements pursuant to Rule 801(d)(2)(E).  The indictment alleges that the filing of these declaration were acts in furtherance of the conspiracy.  (Indictment, Overt Acts 94, 97.)  Specifically, the Shao declaration was in furtherance of defendants' wire fraud scheme and evasion of the AD/CVD duties in that it furthered the lie that these pallets were intended to be sold and that they qualified under the finished merchandise exception of the AD/CVD Orders.  The Wang declarations were likewise made in furtherance of the conspiracy because they falsely stated that she, rather than defendant Liu, was the ultimate beneficial owner of the Warehouse defendants.  Thus, each is a co-conspirator statement and admissible as non hearsay. See United States v. Moore, 818 Fed. Appx. 774, 775-76 (9th Cir. 2020) ("Statements are made in furtherance of the conspiracy when the statements 'further the common objectives of the conspiracy or set in motion transactions that are an integral part of the conspiracy." (citations omitted).)

---

[2] The government is in the process of obtaining certified copies of the Shao and Wang declarations from the United States District Court for the Central District of California.

1       Alternatively, the Shao and Wang declarations are admissible as
2  statement of the Perfectus and Warehouse defendants, respectively.
3  Fed. R. Evid. 801(d)(2)(C) (statements "made by a person whom the
4  party authorized to make a statement on the subject" admissible as
5  non hearsay) and 801(d)(2)(D) (statements "made by the party's agent
6  or employee on a matter within the scope of that relationship while
7  it existed" admissible as non hearsay).  In the Shao declaration,
8  defendant Shao states that he makes the statement as the "authorized
9  representative of Perfectus" and was employed at the time as the
10 "manager of Perfectus".  (Kumar Decl. Ex. A.)  Each Wang declaration
11 sets forth that she has "the authority and [is] duly authorized to
12 act on behalf of" the Warehouse defendant.  (Kumar Decl. Exs. B-E.)
13 As such, the Shao and Wang declarations are squarely admissible as a
14 statement of a party opponent.
15      Admission of the Shao and Wang declarations also does not run
16 afoul of <u>Crawford v. Washington</u>, 541 U.S. 36 (2004).  As an initial
17 matter, there is no Confrontation Clause violation where the
18 statements being admitted are those of the defendants themselves.
19 <u>See</u> <u>United States v. Eller</u>, No. 16-8207-PCT, 2019 WL 6909567, at *3
20 (D. Ariz. Dec. 19, 2019) (holding admission of defendant's own
21 statements does not present a Confrontation Clause violation).  It
22 was the defendants who procured and filed the Shao and Wang
23 declarations.  They do not have a right to confront their own
24 statements.  <u>See</u> U.S. Const., Am. VI (providing for the right "to be
25 confronted with the witnesses <u>against</u> him" (emphasis added)).[3]

---

27  [3] Since neither declaration implicates the other defendant, there is also no constitutional concern under <u>Bruton v. United
28 States</u>, 391 U.S. 123 (1968).  <u>See</u> <u>Richardson v. March</u>, 481 U.S. 200, 211 (1987).

6

Further, the Shao and Wang declarations are not testimonial within the meaning of the Confrontation Clause. In Crawford, the Supreme Court held that "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify and the defendant had had a prior opportunity for cross-examination" is prohibited under the Sixth Amendment's Confrontation Clause. 541 U.S. at 52-53 (emphasis added). Statements are testimonial for purposes of the Confrontation Clause where the objective circumstances indicate "that there is no [] ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution." Davis v. Washington, 547 U.S. 813, 822 (2006). "When no such primary purpose exists, the admissibility of a statement is a concern of state and federal rules of evidence, not the Confrontation Clause." Michigan v. Bryant, 562 U.S. 344, 359 (2011). Here, the primary purpose of the Shao declaration was to support Perfectus's affirmative motion for return of property. (Kumar Decl. Ex. A ("I submit this declaration in support of the petition filed by Perfectus in this action . . . and in support of Perfectus' Rule 41(g) motion.").) The primary purpose of the Wang declarations was to support the Warehouse defendants' claim to property subject to forfeiture. (Kumar Decl. Exs. B-E ("I, Zhijie Wang, submit this claim on behalf of" Warehouse defendant.) Clearly, the submission of the Shao and Wang declarations to the United States District Court was not designed to aid in "creating evidence for [the defendants'] prosecution" – a prosecution that included charges against defendant Shao. Ohio v. Clark, 576 U.S. 237, 247 (2015) ("Statements made to someone who is not principally charged with uncovering and

7

prosecuting criminal behavior are significantly less likely to be testimonial than statements given to law enforcement officers."). Indeed, the purpose of the declarations was to further the conspiracy by allowing defendants to export the pallets in order to evade detection of their schemes and obscure defendant Liu's true ownership of the Warehouse defendants. See United States v. Allen, 425 F.3d 1231, 1235 (9th Cir. 2005) ("[C]o-conspirator statements are not testimonial and therefore beyond the compass of Crawford's holding.").[4] As such, the Shao and Wang declarations are not testimonial within the meaning of the Confrontation Clause.

Accordingly, the Shao and Wang declarations are admissible.

## IV. CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court grant the government's motion to admit the Shao and Wang declarations.

---

[4] Alternatively, the Shao and Wang declarations are also admissible as non-hearsay because the bulk of the statements are not being admitted for the truth of the matter asserted, see Fed. R. Evid. 801(c)(2), and the remaining statements are being admitted for context. Rather, the government is introducing the statements primarily because their falsity demonstrates consciousness of guilt and a coordinated attempt to conceal defendants' illegal acts. The Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." Williams v. Illinois, 567 U.S. 50, 70 (2012); Crawford, 541 U.S. at 59 n.9; United States v. Audette, 923 F.3d 1227, 1238 (9th Cir. 2019) (admission of testimonial statements did not violate the Confrontation Clause because they were not offered to prove the truth of the matter asserted); United States v. Barragan, 871 F.3d 689, 705 (9th Cir. 2017) (same); United States v. Wahchumwah, 710 F.3d 862, 871 (9th Cir. 2013) (same).

<u>DECLARATION OF POONAM G. KUMAR</u>

I, Poonam G. Kumar, declare as follows:

1. I am an Assistant United States Attorney ("AUSA") with the Central District of California. I am assigned to the matter of <u>United States v. Liu</u>, et al., CR 19-282-RGK.

2. Attached hereto as Exhibit A is a true and correct copy of the declaration filed by Xiang Chun Shao in CV 16-2640-DMG at docket number 10.

3. Attached hereto as Exhibit B is a true and correct copy of the declaration filed by Zhijie Wang in CV 17-1592-DMG at docket number 13.

4. Attached hereto as Exhibit C is a true and correct copy of the declaration filed by Zhijie Wang in CV 17-1872-DMG at docket number 13.

5. Attached hereto as Exhibit D is a true and correct copy of the declaration filed by Zhijie Wang in CV 17-1873-DMG at docket number 13.

6. Attached hereto as Exhibit E is a true and correct copy of the declaration filed by Zhijie Wang in CV 17-1875-DMG at docket number 13.

7. The government anticipates that the evidence at trial will prove that Zhijie Wang is the wife of Zhongtian Liu.

8. On June 30, 2021, I sent a letter to counsel to the Warehouse and Perfectus defendants advising them of the government's intent to file a motion in limine to admit certain public and certified records under Rules 902(4), 801, and 803(8). Among others, the letter specifically set forth the government's intent to introduce the following records: the Shao declaration, the Wang

declarations, corporate documents filed with the California Secretary of State ("CA SOS"), the Delaware Division of Corporations ("DE DOC"), Internal Revenue Service ("IRS") records, and Employment Development Department ("EDD") records.

9. On July 6 and 9, 2021, I, along with my co-counsel Roger Hsieh and Gregory Bernstein, held telephonic meet and confer sessions with counsel to the Warehouse and Perfectus defendants. During the July 9, 2021 session, counsel to the Warehouse and Perfectus defendants that, reserving all of their rights to object under Federal Rule of Evidence 401, they did not object to the admission of the IRS, EDD, DE DOC, and CA SOS records. Counsel stated they objected to the admission of Shao and Wang declarations based on the Supreme Court's decision in <u>Crawford v. Washington</u>, 541 U.S. 36 (2004), and the Federal Rules of Evidence.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on July 13, 2021.

/s/ Poonam G. Kumar
_____
POONAM G. KUMAR