Stephen G. Larson (SBN 145225)
slarson@larsonllp.com
Hilary Potashner (SBN 167060)
hpotashner@larsonllp.com
A. Alexander Lowder (SBN 269362)
alowder@larsonllp.com
**LARSON LLP**
555 South Flower Street, Suite 4400
Los Angeles, California 90071
Telephone:  (213) 436-4888
Facsimile:   (213) 623-2000

Attorneys for Defendants
SCUDERIA DEVELOPMENT, LLC,
1001 DOUBLEDAY, LLC,
VON KARMAN - MAIN STREET, LLC,
and 10681 PRODUCTION AVENUE, LLC

ROBERT F. RUYAK *(Pro Hac Vice)*
robertr@ruyakcherian.com
**RUYAKCHERIAN LLP**
1901 L Street NW, Suite 700
Washington, DC  20036
Telephone:  202-838-1560

Attorneys for Defendants
PERFECTUS ALUMINIUM INC.,
aka "Perfectus Aluminum Inc.," and
PERFECTUS ALUMINUM ACQUISITIONS LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>ZHONGTIAN LIU,<br>　　aka "Liu Zhongtian,"<br>　　aka "Chairman,"<br>　　aka "Uncle Liu,"<br>　　aka "UL,"<br>　　aka "Big Boss,"<br>CHINA ZHONGWANG HOLDINGS LIMITED,<br>　　aka "ZW,"<br>　　aka "Mother Ship,"<br>ZHAOHUA CHEN,<br>　　aka "Chen Zhaohua,"<br>　　aka "Uncle Chen,"<br>XIANG CHUN SHAO,<br>　　aka "Johnson Shao," | Case No. 19-cr-00282 RGK<br><br>*Hon. R. Gary Klausner, Ctrm. 850*<br><br>**WAREHOUSE AND PERFECTUS DEFENDANTS' OPPOSITION TO USA'S MOTION *IN LIMINE* NO. 1 TO PRECLUDE IMPROPER JURY NULLIFICATION ARGUMENT RELATED TO HARM THE AD/CVD ORDERS WERE INTENDED TO PREVENT**<br><br>Trial Date:　August 10, 2021 |

LARSON LLP
LOS ANGELES

WAREHOUSE AND PERFECTUS DEFENDANTS' OPPOSITION TO USA'S MOTION *IN LIMINE* NO. 1 TO PRECLUDE IMPROPER JURY NULLIFICATION ARGUMENT RELATED TO HARM THE AD/CVD ORDERS WERE INTENDED TO PREVENT

PERFECTUS ALUMINIUM, INC.,
    aka Perfectus Aluminum Inc.,"
PERFECTUS ALUMINUM
ACQUISITIONS, LLC,
SCUDERIA DEVELOPMENT, LLC,
1001 DOUBLEDAY, LLC,
VON KARMAN - MAIN STREET, LLC, and
10681 PRODUCTION AVENUE, LLC,

    Defendants.

## I. INTRODUCTION

Defendants file this memorandum in support of their opposition to the government's Motion *in Limine* No.1 (ECF No. 192.) In their Motion to Dismiss the Indictment, Defendants argued that counts 11-17, and count 1 insofar as premised on counts 11-17, should be dismissed because, as alleged, the aluminum pallets were not subject to the 2011 AD/CVD Order as a matter of law. (Motion to Dismiss (ECF No 186) at 16-17.) This conclusion follows from the government's allegations that Defendants neither sold nor intended to sell the imported aluminum pallets in the United States market as aluminum pallets ("the No Sales Argument").[1] The Court has yet to rule on the Motion to Dismiss. Now, the government makes the inexplicable assertion that were the Defendants to concede at trial that the government is correct that the Defendants did not sell, nor intend to sell, any pallets that the Defendants would be seeking acquittal on improper grounds. The government is wrong. Acquittal, and indeed dismissal, follow inexorably from the application of 18 U.S.C. § 545 to the government's own case theory. As a matter of law, the

---

[1] Defendants note that one of the government's theories is that the pallets were intended to be imported then melted down bulk aluminum in the form of "billets" for sale and use in manufacturing downstream aluminum products. On this theory, the pallets at issue were scrap aluminum. The duty on imported scrap aluminum at the relevant time was 0%. Therefore, on this theory as well, the aluminum at issue was not subject to the 2011 AD/CVD Orders and subject to no duty whatsoever.

LARSON LLP
LOS ANGELES

2

WAREHOUSE AND PERFECTUS DEFENDANTS' OPPOSITION TO USA'S MOTION IN *LIMINE* NO. 1 TO PRECLUDE IMPROPER JURY NULLIFICATION ARGUMENT RELATED TO HARM THE AD/CVD ORDERS WERE INTENDED TO PREVENT

government's own allegations preclude conviction. Even if the Court does not dismiss the indictment, Defendants must be allowed to present the No Sales Argument at trial. The government's Motion *in Limine* should therefore be denied.

## II.    RELEVANT ALLEGATIONS

The government's allegations are set out fully in the Indictment, the Opposition to the Motion to Dismiss (ECF No. 189), and the Motion *in Limine* No. 1 (ECF No. 192.) A summary of the government's allegations regarding the relationships among Defendants are set out in Defendants' Motion to Dismiss (ECF No. 186) at 8-10. This opposition sets out only those allegations which are relevant to this Opposition.

The 2011 AD/CVD Orders imposed substantial duties on certain aluminum extrusions imported from the People's Republic of China. (Indictment, at ¶ 33(y).) CZW was named in the 2011 AD/CVD Orders. (*Id.*) Perfectus was an importer of aluminum at the relevant time. (*Id.*) Following the 2011 AD/CVD Order, CZW stated in its Annual Report that it intended to shift from exporting aluminum extrusions to exporting deep-processed finished materials. (*See e.g id.*, Overt Act No. 40.) According to the Indictment, "[t]he 2011 AD/CVD Orders exempted from AD/CVD duties any finished merchandise…" (*Id.* ¶ 28.) Counts 11-17 of the Indictment list several 7501 Forms from 2014 in which Perfectus, as the importer of CZW-manufactured pallets, described the pallet imports as not subject to duties of the 2011 AD/CVD Orders. (*Id.* ¶ 40.)

The indictment alleges that there were, in fact, no US customers for the pallets (*Id.* ¶ 33(z)(cc)); that they were simply "tack-welded" together (*Id.* ¶ 33(y)); and, consequently, that they were not true finished merchandise (*Id.* ¶ 33(z)(aa).) At the direction of Defendant Liu, the supposed mastermind of the scheme, "none of these pallets were ever sold." (*Id.* ¶ 33(h).) Instead, again at the direction of Liu, they were "stockpile[d] and cause[d] to be stockpiled…" in the warehouses belonging to the Warehouse Defendants. (*Id.* ¶ 33(j).)

LARSON LLP
LOS ANGELES

3

WAREHOUSE AND PERFECTUS DEFENDANTS' OPPOSITION TO USA'S MOTION IN *LIMINE* NO. 1 TO PRECLUDE IMPROPER JURY NULLIFICATION ARGUMENT RELATED TO HARM THE AD/CVD ORDERS WERE INTENDED TO PREVENT

This alleged plan to keep the pallets out of US commerce is, itself, stated to be essential to the wire fraud scheme the government alleges. (*Id.*) ("By stockpiling and causing to be stockpiled the aluminum extrusions in the form of pallets, [Defendants] maintained the pretense that the sales of aluminum pallets to the Perfectus predecessor entities were actual sales to customers in the United States.")  In the end, Defendants "never sold the aluminum pallets to end-users, and instead simply hid them in warehouses in CDCA owned by the Warehouse Defendants."  Opposition to Motion to Dismiss (ECF No. 189) at 5.  Subsequently, at Liu's direction, the aluminum pallets in the CDCA warehouses were exported to Vietnam. (*Id.*)

## III.   LEGAL STANDARD

A motion *in limine* is a procedural device to obtain an early and preliminary ruling on the admissibility of evidence.  *Mitchell v. Rosario*, 2015 U.S. Dist. LEXIS 148381 (E.D. Cal Nov. 2, 2015).  Therefore, "a ruling on a motion in limine is essentially a preliminary opinion that falls entirely within the discretion of the district court."  *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017) (internal citations omitted).  However, "[t]o exclude evidence on a motion in limine, the evidence must be inadmissible on all potential grounds.  Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context."  *United States v. Hitesman*, 2016 U.S. Dist. LEXIS 84775, (N.D. Cal June, 28, 2016) (internal citations and quotation marks omitted).

## IV.   ARGUMENT

In these proceedings, the government seeks to recover as restitution $1.8 billion in duties which Defendants allegedly evaded by declaring that the pallets were not subject to the 2011 AD/CVD Orders.  In contrast to the government's inappropriate, prejudicial, and legally conclusory use of the word "smuggling," the pallets were imported in plain view.  They were declared, made available for inspection, and liquidated in accordance with normal procedure.  The government had every

LARSON LLP
LOS ANGELES

4
WAREHOUSE AND PERFECTUS DEFENDANTS' OPPOSITION TO USA'S MOTION IN *LIMINE* NO. 1 TO PRECLUDE IMPROPER JURY NULLIFICATION ARGUMENT RELATED TO HARM THE AD/CVD ORDERS WERE INTENDED TO PREVENT

opportunity to inspect each of the 2.2 million pallets it alleges entered the US in the relevant period. If there was any concern that the 2011 AD/CVD Orders applied, Customs would have either (1) raised objections at the time; (2) sought to reliquidate the entries; or (3) suspended the liquidation period as expressly permitted by statute *See* 19 USCS § 1501; 19 USCS § 1504(b). Instead, Customs <u>voluntarily</u> liquidated the entries in accordance with its ordinary practice. *Perfectus Aluminum, Inc. v. United States*, 391 F. Supp. 3d 1341, 1358 n. 19 (Ct. Int'l Trade 2019). During civil litigation, the government admitted it was time-barred from reliquidating the entries to retrospectively claim any AD/CVD duties. *Id.* at p. 1358 n. 18. Now it makes improper use of criminal law by attempting to recover duties which it was never entitled to and which it is time-barred from claiming in any case. Equally egregiously, it seeks to exclude evidence and argument about (1) whether the duties could have applied and (2) Defendants' state of mind as it pertains to that issue. As argued below, evidence as to both issues is directly relevant to the elements of Section 545.

The starting point is the elements of the offense in Section 545. As noted in its brief, the government must prove that (1) defendants knowingly passed a Form 7501 through a customshouse of the United States; (2) defendants knew that the Form 7501 was false, forged, or fraudulent; (3) defendants acted willfully with intent to defraud the United States; and (4) the Form 7501 had a natural tendency to influence, or was capable of influencing, action by the United States. Ninth Circuit Model Jury Instr. No. 8.36 (2010 ed.).

On the government's own express factual theory and allegations, it is impossible to satisfy element 2 or 3 of Section 545. Specifically, none of the following can be proved: (1) that any Defendant acted with intent to defraud the United States; (2) that any Form 7501 was false; and (3) that any Defendant *knew* that Form 7501 was false. This is because the government alleges that the aluminum pallets were intentionally "stockpiled," or "intended to be melted down," or "exported" outside the United States. None of these commercial strategies implicates

LARSON LLP
LOS ANGELES

5

WAREHOUSE AND PERFECTUS DEFENDANTS' OPPOSITION TO USA'S MOTION IN *LIMINE* NO. 1 TO PRECLUDE IMPROPER JURY NULLIFICATION ARGUMENT RELATED TO HARM THE AD/CVD ORDERS WERE INTENDED TO PREVENT

the application of customs duties under the law, and, therefore, any entity engaging in these strategies could not have the fraudulent intent necessary to violate Section 545.

AD/CVD orders are made under the aegis of the Tariff Act 1930. 19 U.S.C. § 1673 gives a competent authority power to impose an anti-dumping order if it determines, among other requirements, "that a class or kind of foreign merchandise *is being, or is likely to be, sold in the United States* at *less than its fair value…*" (Emphasis added). 19 U.S.C § 1671 provides for countervailing duties to be applied with respect to "a class or kind of merchandise imported, or sold (or likely to be sold) for importation, into the United States."  The government's own motion recognizes the purpose of these laws: ("Dumping occurs when a foreign company sells a product in the United States for less than fair value—that is, for a lower price than in its home market.  Similarly, a foreign country may provide a countervailable subsidy to a product and thus artificially lower its price."  (ECF No 192 at p. 2 n.3) (internal citations omitted).  It follows that aluminum products which are neither sold nor likely to be sold in the United States must fall outside the scope of an AD/CVD order.

Defendants adopt the case law and statutes cited in their Motion to Dismiss pertaining to this interpretation of AD/CVD orders. (Motion to Dismiss (ECF No. 186) at 16-17.)  The following propositions are relevant to this Opposition: Antidumping orders target "imported products being sold, or likely to be sold, at less than their fair value to the harm of a domestic industry." *Zenith Electronics Corp. v. United States*, 99 F.3d 1576, 1577 (Fed. Cir. 1996).  Countervailing duties target subsidized products "imported, or sold (or likely to be sold) for importation into the United States" that cause or threaten injury to an industry in the United States. 19 U.S.C. § 1671(a).  When determining the amount of a duty, products that are not sold are not to be included in the calculation. *See NSK Ltd. v. United States*, 115 F.3d 965, 973 (Fed. Cir. 1997); *see SKF USA Inc. v. United States*, 118 F.Supp.2d 1315,

LARSON LLP
LOS ANGELES

6
WAREHOUSE AND PERFECTUS DEFENDANTS' OPPOSITION TO USA'S MOTION IN *LIMINE* NO. 1 TO PRECLUDE IMPROPER JURY NULLIFICATION ARGUMENT RELATED TO HARM THE AD/CVD ORDERS WERE INTENDED TO PREVENT

1319 (Ct. Int'l Trade 2000) ("the distribution of [products] for no consideration falls outside the purview of 19 U.S.C. § 1673."). In this context, an exporter's sale price is the "price at which merchandise is sold or agreed to be sold in the United States." *NSK*, 115 F.3d at 969 (quoting 19 U.S.C. § 1677a) (emphasis added); *see also ArcelorMittal USA LLC v. United States*, 302 F. Supp. 3d 1366, 1370 (Ct. Int'l Trade 2018) (holding the date of sale defines the universe of sales that are subject to Commerce's determination of anti-dumping duties).

It is therefore clear that none of Defendants' commercial strategies, as alleged by the government, implicate US customs laws. The Tariff Act 1930 precludes the application of AD/CVD orders to the alleged conduct. The government contends, however, that Section 545 operates in a vacuum without consideration of the relevant customs laws. It argues, citing an inapposite case about bank fraud (*Shaw v. United States*, 137 S. Ct. 462, 467 (2016)), that its burden under Section 545 does not include proof that Defendants harmed or intended to harm the United States. Bank fraud is not analogous, however, because AD/CVD orders are made under authority of primary legislation. Therefore, if the Tariff Act of 1930 exempts the alleged conduct from the purview of AD/CVD orders, a court must consider that Act in assessing the *mens rea* element of Section 545.

Section 545 requires that the Defendants acted with intent to defraud the United States. For the offense of passing false or fraudulent documents through a customshouse, this requires that the Defendants acted with an intention to **avoid and defeat** the customs laws of the United States. *United States v. Robinson*, 147 F.3d 851, 854 (9th Cir. 1998) ("Thus, the intent to defraud element of that statute should be construed as meaning intent to *avoid and defeat* the United States customs laws") (emphasis added).[2] This clearly requires an inquiry into the customs laws alleged to

---

[2] Note that the government's Motion *in Limine* describes the *mens rea* requirement in *Robinson* as an intent to "avoid or defeat the United States customs laws." While this formulation appears at page 854 of the *Robinson* judgment, the Court

LARSON LLP
LOS ANGELES

7

WAREHOUSE AND PERFECTUS DEFENDANTS' OPPOSITION TO USA'S MOTION IN *LIMINE* NO. 1 TO PRECLUDE IMPROPER JURY NULLIFICATION ARGUMENT RELATED TO HARM THE AD/CVD ORDERS WERE INTENDED TO PREVENT

have been violated. In this case, the Tariff Act 1930 precludes the application of customs duties to the aluminum pallets if they were not destined for sale in US markets. It is simply impossible for the Defendants to have intended to avoid and defeat customs laws which, on the government's own case theory, could never have been levied.

A similar analysis applies for the second element of Section 545. The "falsity" the government relies on is the representation in Form 7501 that the AD/CVD orders did not apply. (ECF No. 192 at 4.) To prove a Section 545 offense, therefore, the government must prove that (1) the AD/CVD orders *did* apply and (2) that Defendants *knew* this fact at the time they submitted the 7501 forms. The No Sales Argument renders it impossible for the government to prove either proposition. Defendants' position is that this warrants dismissal. If the court disagrees, however, this issue must be left within the proper province of the jury. Evidence supporting the argument would entitle a jury to find that (1) there was no "falsity" and (2) even if the government proves the AD/CVD orders did apply, the language of the Tariff Act of 1930 is such that Defendants could not have *known* that this was the case. Far from the government's outlandish claims of jury nullification, the No Sales Argument requests a straightforward application of the elements of Section 545 to the facts as alleged by the government. This is the very essence of a criminal jury's task. (*United States v. Kleinman*, 880 F.3d 1020, 1031, (9th Circuit 2018) ("[It] is the duty of juries

---

consistently uses the "*avoid and defeat*" formulation throughout. Furthermore, *Robinson* intended to confirm the 9th Circuit's previous decision in *United States v. Boggus,* 411 F.2d 110 (9th Cir. 1969). (*Robinson* at 853) ("The intent to defraud element of [Section 545] should be construed as meaning intent to avoid and defeat the United States customs laws, as construed in *Boggus,* rather than the narrower construction intent to deprive the United States of revenue.") (Internal citations omitted). The *Boggus* Court used only to the "*avoid and defeat*" formulation. *Boggus* at 113 ("Intent to defraud the United States means intent to *avoid and defeat* the United States customs laws.") (Emphasis added). The *Robinson* Court's single use of the "*avoid or defeat*" formulation therefore should not override the Court's otherwise repeated use of the "*avoid and defeat*" formulation. *See also United States v. Ahmad*, 213 F.3d 805, 811, (4th Circuit 2000) (Interpreting *Robinson* as authority for the "avoid and defeat" formulation).

LARSON LLP
LOS ANGELES

8
WAREHOUSE AND PERFECTUS DEFENDANTS' OPPOSITION TO USA'S MOTION IN *LIMINE* NO. 1 TO PRECLUDE IMPROPER JURY NULLIFICATION ARGUMENT RELATED TO HARM THE AD/CVD ORDERS WERE INTENDED TO PREVENT

in criminal cases to take the law from the court, and apply that law to the facts as they find them to be from the evidence.") (Internal citations omitted).)

## V. CONCLUSION

Because the No Sales Argument is relevant to whether the government can meet its burden to prove each and every element of a Section 545 violation, the government's Motion *in Limine* No. 1 should be denied.

Dated: July 19, 2021          LARSON LLP

By: _____/s/ Hilary Potashner[3]_____
      Stephen G. Larson
      Hilary Potashner
      A. Alexander Lowder
Attorneys for Defendants
SCUDERIA DEVELOPMENT, LLC,
1001 DOUBLEDAY, LLC,
VON KARMAN -MAIN STREET, LLC, and
10681 PRODUCTION AVENUE, LLC

Dated: July 19, 2021          RUYAKCHERIAN LLP

By: _____/s/ Robert F. Ruvak_____
      Robert F. Ruvak
Attorneys for Defendant
PERFECTUS ALUMINIUM INC., aka
"Perfectus Aluminum Inc.," and PERFECTUS
ALUMINUM ACOUISITIONS LLC

---

[3] Pursuant to Local Rule 5-4.3.4, I attest that Counsel for Defendants Perfectus Aluminium Inc., aka "Perfectus Aluminum Inc.," and Perfectus Aluminum Acquisitions LLC concurs in this filing's content and has authorized its filing.