Stephen G. Larson (SBN 145225)
*slarson@larsonllp.com*
Hilary Potashner (SBN 167060)
*hpotashner@larsonllp.com*
A. Alexander Lowder (SBN 269362)
*alowder@larsonllp.com*
**LARSON LLP**
555 South Flower Street, Suite 4400
Los Angeles, California 90071
Telephone:   (213) 436-4888
Facsimile:    (213) 623-2000

Attorneys for Defendants
SCUDERIA DEVELOPMENT, LLC,
1001 DOUBLEDAY, LLC,
VON KARMAN - MAIN STREET, LLC,
and 10681 PRODUCTION AVENUE, LLC

ROBERT F. RUYAK *(Pro Hac Vice)*
*robertr@ruyakcherian.com*
**RUYAKCHERIAN LLP**
1901 L Street NW, Suite 700
Washington, DC  20036
Telephone:  202-838-1560

Attorneys for Defendants
PERFECTUS ALUMINIUM INC.,
aka "Perfectus Aluminum Inc.," and
PERFECTUS ALUMINUM ACQUISITIONS LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>          vs.<br><br>ZHONGTIAN LIU,<br>          aka "Liu Zhongtian,"<br>          aka "Chairman,"<br>          aka "Uncle Liu,"<br>          aka "UL,"<br>          aka "Big Boss,"<br>CHINA ZHONGWANG HOLDINGS LIMITED,<br>          aka "ZW,"<br>          aka "Mother Ship,"<br>ZHAOHUA CHEN,<br>          aka "Chen Zhaohua,"<br>          aka "Uncle Chen,"<br>XIANG CHUN SHAO,<br>          aka "Johnson Shao," | Case No. 19-cr-00282 RGK<br><br>*Hon. R. Gary Klausner, Ctrm. 850*<br><br>**WAREHOUSE AND PERFECTUS DEFENDANTS' *CROSS-MOTION* TO EXCLUDE EVIDENCE REGARDING THE SUBSEQUENT SCOPE DETERMINATIONS AND *OPPOSITION* TO USA'S MOTION *IN LIMINE* NO. 2 TO (1) EXCLUDE EVIDENCE AND ARGUMENT THAT ALUMINUM EXTRUSIONS WELDED INTO THE FORM OF PALLETS FELL OUTSIDE THE SCOPE OF 2011 AD/CVD ORDERS; AND (2) REQUEST JURY INSTRUCTION CONSISTENT WITH BINDING AUTHORITY REGRADING PALLETS (ECF No. 194)**<br><br>Trial Date:        August 10, 2021 |

1  PERFECTUS ALUMINIUM, INC.,
       aka Perfectus Aluminum Inc.,"
2  PERFECTUS ALUMINUM
   ACQUISITIONS, LLC,
3  SCUDERIA DEVELOPMENT, LLC,
   1001 DOUBLEDAY, LLC,
4  VON KARMAN - MAIN STREET,
   LLC, and
5  10681 PRODUCTION AVENUE,
   LLC,
6
                Defendants.
7

8

9

10  **I.     <u>INTRODUCTION</u>**

11        Through this cross motion *in limine*, the Defendants Scuderia Development,

12  LLC, 1001 Doubleday, LLC, Von Karman – Main Street, LLC, and 10681 Production

13  Avenue, LLC (the "Warehouse Defendants") and Perfectus Aluminum Inc. and

14  Perfectus Aluminum Acquisitions LLC (the "Perfectus Defendants"), object to the

15  government's proposed jury instruction and further seek to preclude the government

16  from introducing any factual or legal determinations made by the Department of

17  Commerce, the Court of International Trade or the Federal Circuit in *Perfectus*

18  *Aluminum, Inc. v. United States* (the "Scope Determinations").   For the reasons

19  discussed below, the Court should deny the government's motion *in limine* no. 2 (ECF

20  No. 194) in its entirety, and issue an order excluding the government from making

21  any reference to the Scope Determinations at trial.

22  **II.    <u>STATEMENT OF FACTS</u>**

23        In or around April 2010, the Aluminum Extrusions Fair Trade Committee

24  ("AEFTC"), among others, filed a petition with the Department of Commerce

25  ("DOC") to investigate certain imports of aluminum extrusions from the People's

26  Republic of China ("PRC").   (Indictment, ¶ 27; Declaration of Roger A. Hsieh

27  ("Hsieh Decl."), Ex. C, at 2.)   Following its investigation, the DOC issued

28  antidumping and countervailing duty orders, effective May 26, 2011, covering certain

1xxx, 3xxx, and 6xxx aluminum extrusions from China (the "2011 AD/CVD Orders"). (Hsieh Decl., Ex. A.) The 2011 AD/CVD Orders, however, also expressly excluded "finished merchandise containing aluminum extrusions as parts that are fully and permanently assembled and completed at the time of entry, such as finished windows with glass, doors with glass or vinyl, picture frames with glass pane and backing material, and solar panels." (*Id*. at Ex. A, at 002.) When defendants imported the aluminum pallets charged in the Indictment, the aluminum pallets were not excluded from the definition of "finished merchandise," or otherwise identified as products subject to the antidumping and countervailing duties. (*Id*. at Ex. A; *id*. at Ex. B, at 011.)

Nonetheless, the Indictment, filed on May 7, 2019, alleges that the Warehouse Defendants and Perfectus Defendants "knowingly, willfully, and with the intent to defraud the United States" violated 18 U.S.C. § 545 when defendant Shao caused Pengcheng Aluminum Enterprise, Inc.'s ("PCA") customs broker to declare on Form 7501 that the aluminum pallets were not subject to the 2011 AD/CVD Orders. (Indictment, ¶ 40.) The Indictment charges defendants with seven counts of customs fraud based on documents submitted to the DOC on May, 19, 2014, May 22, 2014, May 23, 2014, May 28, 2014, May 30, 2014, June 6, 2014 and June 27, 2014. (*Id*.) Further, all of the overt acts alleged in support of Count One (18 U.S.C. § 371) relating to defendants' importation of aluminum pallets occurred in 2011, 2012, 2013 and 2014. (*Id*., Overt Act Nos. 24-29, 31-32, 34, 37-38, 42-44, 46-53, 55, 57.)

On March 3, 2017, the AEFTC submitted a scope ruling request asking the DOC to determine whether 6xxx series extruded aluminum profiles which were cut-to-length and welded together in the form of pallets are within the scope of the 2011 AD/CVD Orders. (Hsieh Decl., Ex. B, at 001.) Three years after the last importation charged in the Indictment—Overt Act No. 57, June 14, 2014—the DOC issued its final scope ruling on June 13, 2017 wherein it determined that aluminum extrusions made of 6xxx series alloy which are cut-to-length and welded together in the form of

3

pallets, regardless of producer or exporter, are within the scope of the orders and did not fall within the "finished merchandise" exception. (*Id*.) Several months thereafter, the DOC sent the Perfectus Defendants notice of its final scope ruling on March 27, 2018. (*Id*. at Ex. D, at 7.)

On April 13, 2018, the Perfectus Defendants filed a complaint in the Court of International Trade ("CIT"), seeking judicial review of the DOC's final scope ruling, arguing that the DOC erred in its determination that the aluminum pallets did not qualify as "finished merchandise" under the 2011 AD/CVD Orders. The CIT affirmed the DOC's scope ruling on July 1, 2019. *See Perfectus Aluminum, Inc. v. United States*, 391 F. Supp. 3d 1341 (Ct. Int'l Trade 2019). The Perfectus Defendants timely appealed the CIT's decision, but ultimately did not prevail when the Federal Circuit affirmed the CIT's decision on November 6, 2020. *See Perfectus Aluminum, Inc. v. United States*, 836 F. App'x 883 (Fed. Cir. 2020).

## III.   ARGUMENT

### A.   Evidence Regarding the Scope Determinations Are Irrelevant and Inadmissible

Evidence regarding the Scope Determinations is irrelevant and inadmissible under Federal Rule of Evidence 402. Evidence is relevant if it has a "tendency to make the existence of any fact more or less probable than it would be without the evidence; and [] the fact is of consequence in determining the action." Fed. R. Evid. 401. Here, evidence of the subsequent Scope Determinations is not relevant because the determinations made by the DOC, CIT and Federal Circuit all ***post-date*** the importations charged in the Indictment. *See, e.g., United States v. Hung Van Tieu*, 2014 WL 814053, at *4 (C.D. Cal. Feb. 27, 2014) ("The Government's reliance on evidence of an agreement that post-dates the end of the conspiracy charged in the Indictment to prove that an agreement existed earlier is misplaced. That evidence is insufficient to sustain a conviction on the conspiracy count charged in the Indictment."); *see also Gulbranson v. Duluth, Missabe and Iron Range Ry. Co.*,

1    921 F.2d 139, 142 (9th Cir. 1990) (excluding meeting minutes as irrelevant under

2    Rule 401 because they tended to reflect knowledge from eight months after the event

3    in question).

4          To illustrate, the DOC issued its scope ruling on June 13, 2017, the CIT upheld

5    the DOC's scope ruling on July 1, 2019, and the Federal Circuit affirmed the CIT's

6    decision on November 1, 2020.  (Hsieh Decl., Exs. B, D, E.)  The Indictment,

7    however, alleges that the Warehouse Defendants and Perfectus Defendants violated

8    18 U.S.C. § 545 based on importations occurring in May 2014 and June 2014.

9    (Indictment, ¶ 40.)  Further, all of the overt acts alleged in support of Count One

10   (18 U.S.C. § 371) relating to defendants' importation of aluminum pallets occurred in

11   2011, 2012, 2013 and 2014.  (*Id.*, Overt Act Nos. 24-29, 31-32, 34, 37-38, 42-44, 46-

12   53, 55, 57.)  Therefore, at the time of the charged importations, the law was unsettled

13   as the DOC had yet to determine whether the aluminum pallets fell within the scope

14   of the 2011 AD/CVD Orders.[1]  Notably, the AEFTC did not file its scope ruling

15   request until March 3, 2017—*three years* after the last importation charged in the

16   Indictment occurred on June 27, 2014.[2]  (Hsieh Decl., Ex. B; *see also United States*

17   *v. Zapata*, 497 F.2d 95, 97–98 (5th Cir. 1974) (noting the government must prove

18   beyond a reasonable doubt that *at the time it was imported*, the defendant importing

19

20   [1]  Notably, the proper interpretation of the 2011 AD/CVD Orders and whether
21   certain products fell within the scope of the "finished merchandise" exception has
     prompted significant litigation by other importers of aluminum extrusions from
22   the PRC.   *See, e.g., Columbia Aluminum Prod., LLC v. United States*,
     470 F. Supp. 3d 1353, 1357 (Ct. Int'l Trade 2020); *Shenyang Yuanda Aluminum*
     *Indus. Eng'g Co. v. United States*, 918 F.3d 1355 (Fed. Cir. 2019); *Meridian Prod.*
23   *LLC v. United States*, 357 F. Supp. 3d 1351 (Ct. Int'l Trade 2019); *Adams Thermal*
     *Sys., Inc. v. United States*, 279 F. Supp. 3d 1195 (Ct. Int'l Trade 2017).
24   [2]  The government's reliance on *United States v. Kahre*, 737 F.3d 554, 568–73
     (9th Cir. 2013) is misplaced.  (ECF No. 194, at 8-9.)  In *Kahre*, the "appellate court
25   precedent, Tax Court rulings, the tax code, and Treasury regulations" referenced
     by the government were all in effect or decided before or at the time of the charged
26   conduct.   *See Kahre*, 737 F.3d at 570 (affirming district court's ruling that
     defendants had ample notice that their payroll scheme required the payment of
27   payroll taxes based on "*longstanding and consistent precedent*") (emphasis
     added).  This is not the case here where the Scope Determinations were issued
28   after the charged importation conduct alleged in the Indictment.

1  a controlled substance had the guilty mind such that the defendant was aware of the

2  fact that he was committing some sort of crime) (emphasis added).

3       Thus, any subsequent rulings made by the DOC, CIT and Federal Circuit in

4  2017, 2019 and 2020 do not make it more or less probable that Warehouse Defendants

5  and Perfectus Defendants had the requisite knowledge in 2011, 2012, 2013 or 2014

6  that the aluminum pallets did not meet the "finished merchandise" exception set forth

7  in the 2011 AD/CVD Orders.  "It is settled that when the law ... is highly debatable,

8  defendant—actually or imputedly—lacks the requisite intent to violate it."  *See United*

9  *States v. Dahlstrom,* 713 F.2d 1423, 1428 (9th Cir.1983) (citations omitted) (holding

10  that prosecution under 26 U.S.C. § 7206(2) for willful filing of false tax returns is

11  inappropriate for a taxpayer's advocating a tax shelter, the legality of which was

12  "completely unsettled by any clearly relevant precedent"); *see also United States v.*

13  *Kail*, 804 F.2d 441, 446 (8th Cir. 1986) (holding an administrative decision was not

14  relevant where defendant was not aware of decision during time of the charged

15  conduct); *United States v. Lixiong Chen*, 2019 WL 2503654, at *2 (N.D. Cal. June 17,

16  2019) (refusing to admit proffer notice letters and related materials from the CBP

17  where the materials themselves did not prove that defendants had engaged in a

18  criminal act in violation of 18 U.S.C. § 545).  For this reason, evidence regarding the

19  Scope Determinations is not relevant and inadmissible to demonstrate at the time of

20  the charged importation that defendants "falsely" declared on Form 7501 that the

21  aluminum pallets were not subject to the 2011 AD/CVD Orders.  Accordingly, the

22  Court should reject the government's proposed jury instruction and further deny the

23  government's request to preclude defendants from arguing that the aluminum pallets

24  fell outside the scope of the 2011 AD/CVD Orders.

25      **B.**    **Admitting Evidence Regarding the Scope Determinations Would**

26            **Be Unduly Prejudicial**

27       Even if the Scope Determinations were relevant (which they are not), any

28  probative value pales in comparison to the danger of unfair prejudice.  Fed. R.

Evid. 403. The Ninth Circuit has directed district courts to "proceed cautiously" when deciding whether to admit agency determinations and judicial rulings into evidence. *See United States v. Wiggan*, 700 F.3d 1204, 1211 (9th Cir. 2012). The Ninth Circuit's admonition is premised on the well-recognized fact that jurors are likely to defer to findings and determinations made by an authoritative, professional factfinder rather than determine those issues for themselves. *See United States v. Sine*, 493 F.3d 1021, 1034 (9th Cir. 2007); *Chein v. Shumsky*, 373 F.3d 978, 989, n. 6 (9th Cir. 2004) (reversing denial of habeas relief on all convictions and noting that admitting evidence of a judge's rulings to support an essential element of a crime could lead to a jury returning a guilty verdict based on sparse and constitutionally insufficient evidence); *Gilchrist v. Jim Slemons Imports, Inc.*, 803 F.2d 1488, 1500 (9th Cir. 1986) (reasoning a jury may find it difficult to independently evaluate evidence after being informed that a government agency has already examined the evidence and found a violation); *Richardson v. Mendez*, 2013 WL 4441599, at *2 (E.D. Cal. Aug. 19, 2013) (granting motion *in limine* to exclude administrative agency's guilty finding under Rule 403).

Indeed, the danger of unfair prejudice is particularly prevalent in the criminal context where, as here, the "evidence, burden of proof, and ultimate penalty in the [administrative] action [are] not the same." *United States v. Vasquez*, 540 F. App'x 623, 626 (9th Cir. 2013) (affirming district court's decision to exclude administrative reports under Rule 403 where the report specified the ultimate conclusions made by the Bureau of Prisons).[3] Furthermore, that the government can present alternative

---

[3] At trial, the government must prove beyond a reasonable doubt that the Warehouse Defendants and Perfectus Defendants "knowingly, willfully, and with the intent to defraud the United States" passed "false" documents through a customhouse in 2014 by declaring at the time of importation that the aluminum pallets were "not subject to the 2011 AD/CVD Orders. (Indictment, ¶ 40.) Conversely, the issue before the DOC was whether aluminum pallets imported into the United States were covered by the language in the 2011 AD/CVD Orders for purposes of suspending liquidation. (Hsieh Decl., Ex. B, at 005.) The CIT and Federal Circuit then analyzed whether the DOC's scope ruling was supported by substantial evidence in the record and issued in accordance with the law. (*Id*. at Exs. D, E.) Because the issues before the DOC, CIT and Federal Circuit involved entirely

evidence to prove the same facts supports excluding evidence of the Scope Determinations under Federal Rule of Evidence 403. *See Sine*, 493 F.3d at 1035. In short, the government cannot use the Scope Determinations as a "suggestive short cut" to prove its case. *Id.* at 1031. Therefore, because any reference to the subsequent Scope Determinations would create a serious danger of unfair prejudice to defendants by unduly influencing, misleading, and confusing the jury, such evidence and argument should be excluded from trial. *See* Fed. R. Evid. 403.

## C.   The Court Should Reject the Government's Proposed Jury Instruction

Pursuant to Federal Rule of Criminal Procedure 30, the Warehouse Defendants and Perfectus Defendants object to the government's proposed jury instruction. Citing the Scope Determinations in the footnotes, the government's proposed jury instruction improperly relies on agency determinations and judicial rulings not in effect at the time of the charged importations. Thus, the government's proposed instruction is both misleading and prejudicial as it creates "a risk that the jury would convict … solely on the basis of conduct that was not criminal when the defendant engaged in that conduct." *United States v. Marcus*, 560 U.S. 258, 263 (2010). Further, the proposed instruction does not reflect the state of the law at the time the charged conduct occurred, and incorrectly suggests that application of 2011 AD/CVD Orders was simple, straightforward, and settled. As discussed above, the scope of the 2011 AD/CVD was anything but clear during the relevant time period. Accordingly, the government's requested instruction is—by design—certain to lead to jury confusion with respect to the essential elements of the charged offenses. At trial, it is the jury's responsibility to determine—based on the information known at the time of importation—whether the Warehouse Defendants and Perfectus Defendants

---

distinct legal determinations under civil and administrative law, the danger of admitting evidence regarding the Scope Determinations in this criminal matter is even greater.

WAREHOUSE AND PERFECTUS DEFENDANTS' CROSS-MOTION AND OPPOSITION TO USA'S MOTION *IN LIMINE* NO. 2 (ECF No. 194)

committed customs fraud in violation of 18 U.S.C. § 545. *See United States v. Chong Lam*, 677 F.3d 190, 194 (4th Cir. 2012) (holding that CBP's initial conclusions regarding counterfeit items is not determinative as the jury bore the ultimate responsibility for determining whether a mark used by defendants met the definition of "counterfeit" included in Section 2320(e)(1)).  The government's requested instruction improperly seeks to settle that critical question based on administrative and judicial determinations—the Scope Determinations—that were made *years* after the conduct at issue.  Therefore, the Court should reject the government's proposed jury instruction in its entirety.[4]

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[4] Without waiving their objections to proposed instruction, to the extent the Court is inclined to issue the government's proposed instruction, the Warehouse Defendants and Perfectus Defendants maintain that a limiting jury instruction is necessary to make clear that the final scope determination regarding the pallets was made ***after*** the conduct at issue, and is irrelevant to defendants' state of mind.

1    IV.   **CONCLUSION**

2           For the foregoing reasons, the Court should deny the government's motion *in*

3    *limine* No. 2 in its entirety, and issue an order excluding the government from making

4    any reference to the Scope Determinations at trial.

5

6    Dated:  July 19, 2021              LARSON LLP

7

8                                       By: _____ */s/ Hilary Potashner*[5]

9                                          Stephen G. Larson
                                           Hilary Potashner
10                                         A. Alexander Lowder
                                        Attorneys for Defendants
11                                      SCUDERIA DEVELOPMENT, LLC,
                                        1001 DOUBLEDAY, LLC,
12                                      VON KARMAN - MAIN STREET, LLC, and
                                        10681 PRODUCTION AVENUE. LLC

13   Dated:  July 19, 2021              **RUYAKCHERIAN LLP**

14

15

16                                      By: _____ */s/ Robert F. Ruyak*

17                                         Robert F. Ruyak

18                                      Attorneys for Defendants
                                        PERFECTUS ALUMINIUM INC., aka
19                                      "Perfectus Aluminum Inc.," and PERFECTUS
                                        ALUMINUM ACOUISITIONS LLC

20

21

22

23

24

25

26

27   ───────────────────
     [5]  Pursuant to Local Rule 5-4.3.4, I attest that Counsel for Defendants Perfectus
28   Aluminium Inc., aka "Perfectus Aluminum Inc.," and Perfectus Aluminum
     Acquisitions LLC concurs in this filing's content and has authorized its filing.

LARSON LLP
LOS ANGELES