1 | Stephen G. Larson (SBN 145225)
  | *slarson@larsonllp.com*
2 | Hilary Potashner (SBN 167060)
  | *hpotashner@larsonllp.com*
3 | A. Alexander Lowder (SBN 269362)
  | *alowder@larsonllp.com*
4 | **LARSON LLP**
  | 555 South Flower Street, Suite 4400
5 | Los Angeles, California 90071
  | Telephone:   (213) 436-4888
6 | Facsimile:    (213) 623-2000

7 | Attorneys for Defendants
  | SCUDERIA DEVELOPMENT, LLC,
8 | 1001 DOUBLEDAY, LLC,
  | VON KARMAN - MAIN STREET, LLC,
9 | and 10681 PRODUCTION AVENUE, LLC

10 | ROBERT F. RUYAK *(Pro Hac Vice)*
   | *robertr@ruyakcherian.com*
11 | **RUYAKCHERIAN LLP**
   | 1901 L Street NW, Suite 700
12 | Washington, DC  20036
   | Telephone:   202-838-1560

13 |

14 | Attorneys for Defendants
   | PERFECTUS ALUMINIUM INC.,
   | aka "Perfectus Aluminum Inc.," and
15 | PERFECTUS ALUMINUM ACQUISITIONS LLC

16 | UNITED STATES DISTRICT COURT

17 | CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

18 | UNITED STATES OF AMERICA,

19 |         Plaintiff,

20 |         vs.

21 | ZHONGTIAN LIU,
   |        aka "Liu Zhongtian,"
22 |        aka "Chairman,"
   |        aka "Uncle Liu,"
23 |        aka "UL,"
   |        aka "Big Boss,"
24 | CHINA ZHONGWANG HOLDINGS
   | LIMITED,
25 |        aka "ZW,"
   |        aka "Mother Ship,"
26 | ZHAOHUA CHEN,
   |        aka "Chen Zhaohua,"
27 |        aka "Uncle Chen,"
   | XIANG CHUN SHAO,
28 |        aka "Johnson Shao."

Case No. 19-cr-00282 RGK

*Hon. R. Gary Klausner, Ctrm. 850*

**WAREHOUSE AND PERFECTUS DEFENDANTS' OPPOSITION TO USA'S MOTION *IN LIMINE* NO. 4 TO ADMIT CERTIFIED COPIES OF DEFENDANTS' STATEMENTS (ECF No. 196)**

Trial Date:      August 10, 2021

LARSON ⊔⊔ᵖ
LOS ANGELES

1 PERFECTUS ALUMINIUM, INC.,
         aka Perfectus Aluminum Inc.,"
2 PERFECTUS ALUMINUM
ACQUISITIONS, LLC,
3 SCUDERIA DEVELOPMENT, LLC,
1001 DOUBLEDAY, LLC,
4 VON KARMAN - MAIN STREET,
LLC, and
5 10681 PRODUCTION AVENUE, LLC,

6            Defendants.

7

8

9 **I.      INTRODUCTION**

10        The government fails to justify its request to admit the declaration of Defendant

11 Xiang Chun Shao (the "Shao declaration") or the declarations of third-party Zhijie

12 Wang (the "Wang declarations"), filed in response to efforts by the government to

13 seize aluminum owned by Defendant Perfectus Aluminum, Inc., and warehouses

14 owned by Defendants Scuderia Development LLC, 1001 Doubleday LLC,

15 Von Karman – Main Street, LLC, and 10681 Production Avenue, LLC ("Warehouse

16 Defendants"). The government's Motion *in Limine* No. 4 seeks to admit the Shao

17 declaration and the Wang declarations as evidence in support of the conspiracy

18 charged in the Indictment. However, the government failed to meet its burden

19 showing the declarations are admissible through any hearsay exception, or any other

20 purpose. Furthermore, because the declarations are compelled statements, made to

21 protect property rights, such statements should be deemed inadmissible to prove guilt

22 in the instant criminal trial. Finally, even if the Court admits any of the declarations

23 over defendants' objections, the Court must issue a limiting instructing advising the

24 jury that each declaration is only admissible against the party for which the statement

25 was made.

26        Accordingly, Defendants Perfectus Aluminum Inc. and Perfectus Aluminum

27 Acquisitions LLC (the "Perfectus Defendants") and the Warehouse Defendants

28 request that the Court deny the government's Motion *in Limine* No. 4 outright. And,

LARSON<sub>LLP</sub>
LOS ANGELES

1  in the event that the Court deems any declaration admissible as a statement by a party-

2  opponent, the Court must issue a limiting instruction as required by the Sixth

3  Amendment.

4  **II.    ARGUMENT**

5        **A.    The Government Fails to Demonstrate the Declarations Are**

6             **Admissible**

7             1.    The Shao Declaration and the Wang Declarations Are Not

8                 Admissible as Co-Conspirator Statements

9        The government has not—and cannot—meet its burden to establish that the

10  Shao declaration or the Wang declarations are admissible under Rule 801(d)(2)(E).

11  As a threshold matter, before these statements can be admitted, the government must

12  establish by a preponderance of the evidence, and the district court must find, "that

13  there was a conspiracy involving the declarant and the nonoffering party, and the

14  statement was made during the course and in furtherance of the conspiracy."

15  *Bourjaily v. United States*, 483 U.S. 171, 175 (1987) (quotation omitted).

16        In its motion, however, the government fails to set forth a *prima facie* case of

17  conspiracy showing the Shao declaration and Wang declarations are admissible under

18  the hearsay exception set forth in Rule 801(d)(2)(E).  Rather, the government claims

19  there was a conspiracy *because* the declarations are alleged in the Indictment to have

20  been overt acts.  (ECF No. 196, 5:10-12.)  The flaw in the government's reasoning is

21  obvious.  Crediting the government's argument would eviscerate the rule that the

22  government must present evidence of a conspiracy before seeking to admit co-

23  conspirator statements.  *See United States v. Silverman*, 861 F.2d 571, 577 (9th Cir.

24  1988) ("[A] co-conspirator's out-of-court statement, standing alone, is insufficient to

25  establish that the defendant had knowledge of and participated in a particular

26  conspiracy.")  Because the government has not made a *prima facie* showing of a

27  conspiracy, the government's request to admit the aforementioned statements pre-trial

28  is improper.

LARSON LLP
LOS ANGELES

3

WAREHOUSE AND PERFECTUS DEFENDANTS' OPPOSITION TO USA'S MOTION *IN LIMINE* NO. 4
TO ADMIT CERTIFIED COPIES OF DEFENDANTS' STATEMENTS (ECF No. 196)

1  Furthermore, according to the allegations in the indictment, the Shao
2  declaration and the Wang declarations do not qualify as co-conspirator statements—
3  the proffered statements were not offered in furtherance of the alleged conspiracy, or
4  any other.  As alleged in the Indictment, the objects of the charged conspiracy—
5  Count 1—were (1) to defraud the CBP, (2) to commit wire fraud, passing false papers
6  through customhouse, and international promotional money laundering.  (ECF No. 1,
7  ¶ 32.)  The government claims that the defendants achieved the charged objectives by
8  fraudulently inducing investors to purchase and hold shares of CZW, concealing from
9  CBP that imported aluminum was subject to the 2011 AD/CVD Orders, and engaging
10  in monetary transactions that allowed CZW to secretly fund aluminum purchases.
11  (*Id.*, ¶ 33.)

12  First, as the government concedes in its motion, each of the statements was
13  compelled by government action—efforts to seize and forfeit aluminum and
14  warehouses—and required to protect defendants' property rights.  (ECF No. 196 at
15  7:15-22) ("The primary purpose of the Shao declaration was to support Perfectus's
16  affirmative motion for return of property. . . . The primary purpose of the Wang
17  declarations was to support the Warehouse defendants' claim to property subject to
18  forfeiture.")  In its motion the government fails to point to any anticipated evidence,
19  or to make any argument to demonstrate how any of the subject declarations—
20  compelled statements, made to protect property rights—furthered the objectives of
21  the conspiracy.  Simply put, the government cannot close this evidentiary gap.

22  Second, it is clear that the objects of the alleged conspiracy were complete
23  when the compelled statements were made.  "There can be no furtherance of a
24  conspiracy that has ended.  Therefore, the declarations of a conspirator do not bind
25  the co-conspirator if made after the conspiracy has ended." *Lutwak v. United States*,
26  344 U.S. 604, 617-618 (1953).  Moreover, the Court can readily disregard any
27  argument by the government that declarations concealed the charged conspiracy. (See
28  ECF No. 196 at 3:6-9; p. 8 n. 4.)  The Supreme Court dictates that "a vital distinction

LARSON LLP
LOS ANGELES

4

WAREHOUSE AND PERFECTUS DEFENDANTS' OPPOSITION TO USA'S MOTION *IN LIMINE* NO. 4
TO ADMIT CERTIFIED COPIES OF DEFENDANTS' STATEMENTS (ECF No. 196)

1  must be made between acts of concealment done in furtherance of the main criminal

2  objectives of the conspiracy, and acts of concealment done after these central

3  objectives have been attained, for the purpose only of covering up after the crime."[1]

4  *Grunewald v. United States*, 353 U.S. 391, 405 (1957).

5       As it pertains to the Shao declaration and the Wang declarations, it is clear that

6  the objects of the alleged conspiracy—defrauding CBP, wire fraud, customs fraud,

7  and international promotional money laundering were allegedly complete when each

8  of the aforementioned declarations were made.  The last importation of aluminum

9  charged in the Indictment occurred in June 27, 2014.  (Doc. 1, Overt Act No. 57.)  The

10 last charged presentation to CBP was made "[i]n or about early 2015."  (*Id.*, Overt

11 Act No. 83.)  The last charged monetary transfer occurred on April 6, 2015.  (*Id.*,

12 Overt Act No. 87.)  And, the last charged annual report was released "[i]n or about

13 April 2016."  (*Id.*, Overt Act No. 93.)  The Shao declaration, by contrast, was made

14 on December 27, 2016.  (Doc. 196, Ex. A.)  Similarly, the Wang declarations were

15 made on October 2, 2017.  (*Id.*, Exs. B-E.)  Thus, the indictment fails to allege a single

16 objective of the conspiracy that was not complete by the time the Shao declaration

17 and the Wang declarations were made.

18      Accordingly, the Shao declaration and the Wang declarations cannot be

19 admitted as co-conspirator statements.

20                    2.      The Doctrine of Judicial Estoppel Precludes the Government

21                            from Relying on the Party-Opponent Hearsay Exception

22      The government also argues that the Shao declaration and the Wang

23 declarations are admissible as party-opponent statements because Shao and Wang

24 represented the Warehouse Defendants.  However, in the Indictment, and in its

25

26 [1]  The Supreme Court refused to "accede to the proposition that the duration of a
   conspiracy can be indefinitely lengthened merely because the conspiracy is kept a
27 secret, and merely because the conspirators take steps to bury their traces, in order
   to avoid detection and punishment after the central criminal purpose has been
28 accomplished." *Grunewald*, 353 U.S. at 405.

LARSON LLP
LOS ANGELES

5
WAREHOUSE AND PERFECTUS DEFENDANTS' OPPOSITION TO USA'S MOTION *IN LIMINE* NO. 4
TO ADMIT CERTIFIED COPIES OF DEFENDANTS' STATEMENTS (ECF No. 196)

1    Motion *in Limine* No. 4, the government alleges that Shao was not actually the owner

2    of the Perfectus Defendants, and alleges that Wang is not actually a representative of

3    the Warehouse Defendants.  (*See* ECF No. 1, ¶ 33. e. [alleging Liu and CZW lied

4    about transferring ownership and control of the Perfectus Defendants to Shao]; ECF

5    No. 196, 5:16-19 ("The Wang declarations . . . falsely stated that she, rather than

6    defendant Liu, was the ultimate beneficial owner of the Warehouse defendants.")

7    Thus, the argument that Shao and Wang are actually party representatives requires the

8    government to take inconsistent and contradictory positions from its Indictment and

9    its motion, and the government should be estopped from doing so.

10    "Judicial estoppel focuses exclusively on preventing the use of inconsistent

11    assertions that would result in an 'affront to judicial dignity' and 'a means of obtaining

12    unfair advantage.'"  *Rockwell Intern. Corp. v. Hanford Atomic Metal Trades Council*

13    (9th Cir. 1988) 851 F.2d 1208, 1210 (quoting *State of Ariz. v. Shamrock Foods Co.*

14    (9th Cir. 1984) 729 F.2d 1208, 1214).  Here, the government seeks to abandon its

15    position that Shao and Wang were not actually representatives of the Perfectus

16    Defendants and the Warehouse Defendants, respectively, for the discrete purpose of

17    admitting their declarations as statements of party-opponents.  (ECF No. 196 at 6:7-

18    14.)  These inconsistent positions are contradictory because the government requests

19    the Court to take the declarations at their word for the purposes of admission into

20    evidence—while at the same time seeks to disprove the declarations at trial.  Thus,

21    the government should be judicially estopped from arguing that the Shao declaration

22    and the Wang declaration at statements by a party-opponent.

23                    3.      The Government Fails to Justify Its Non-Hearsay Argument

24          The government argues, in a footnote, that portions of the Shao declaration and

25    the Wang declarations are admissible as non-hearsay.  (ECF No. 196, p. 8 n. 4.)  The

26    government, however, refused to identify the portions of the declarations it intends to

27    offer for such a purpose.  Indeed, in another footnote, the government asserts that it

28    intends to admit redacted versions of Shao declaration and of the Wang declarations.

LARSON LLP
LOS ANGELES

6

WAREHOUSE AND PERFECTUS DEFENDANTS' OPPOSITION TO USA'S MOTION *IN LIMINE* NO. 4
TO ADMIT CERTIFIED COPIES OF DEFENDANTS' STATEMENTS (ECF No. 196)

1  (ECF No. 196 at p. 3 n 1.)  The government, however, did not identify the portions of

2  the declarations it intends to redact, or for what purpose they intend to offer the yet

3  unidentified unredacted statements.  Without information speaking to the statements

4  the government actually intends to offer, there is no way to evaluate the government's

5  claim that the declarations can be used for a valid non-hearsay purpose.  Accordingly,

6  defendants request that the Court reject the government's gamesmanship and refuse

7  to admit the declarations.  If, however, the Court concludes that it will admit these

8  declarations over the defendants' objection, it should require that the complete

9  unredacted versions be admitted at trial.

10  **B.**      **Compelled Statements Should Not Be Used to Prove Warehouse**

11  **Defendants' Guilt**

12  The government acknowledges the Shao declaration and the Wang declarations

13  were submitted in connection to civil actions relating to property owned by the

14  Perfectus Defendants and by the Warehouse Defendants. (ECF No. 196 at 3:14-4:12.)

15  Given that the declarations were compelled because of the government's efforts to

16  seize property, such statements should not be used in the instant criminal proceeding

17  to prove the Perfectus Defendants' or the Warehouse Defendants' guilt.

18  A party's claim of ownership of property cannot be used to prove guilt in a

19  subsequent criminal proceeding: "A defendant's claim of ownership at a pre-trial

20  suppression hearing of property that he contends was unlawfully seized *may not be*

21  *used to prove the defendant's guilt.  For the same reason, a defendant's claim of*

22  *ownership of property that was subject to forfeiture may not be used for that purpose.*"

23  *U.S. v. Cretacci,*  62 F.3d 307, 311 (9th Cir. 1995) (emphasis added); s*ee also U.S. v.*

24  *Kordel,* 397 U.S. 1, 13 (1970)  ("The Court of Appeals was correct in stating that the

25  Government may not use evidence against a defendant in a criminal case which has

26  been coerced from him under penalty of either giving the evidence or suffering a

27  forfeiture of his property.")  In *Cretacci*, the court determined that statements in a

28  declaration to assert ownership of property in a forfeiture proceeding are not permitted

1  to be used against the defendant to prove guilt in a criminal proceeding. *Cretacci*,

2  62 F.3d at 311. The Court should reach the same conclusion here.

3    Indeed, several courts have adopted and applied the same reasoning to preclude

4  the use of statements compelled in response to forfeiture proceedings. In *United*

5  *States v. U.S. Currency*, 626 F.2d 11, 15 (6th Cir.1980), the Sixth Circuit held that

6  defendants "should not be compelled to choose between exercise of their Fifth

7  Amendment privilege and the substantial sums of money which are the subject of this

8  forfeiture proceeding." *See also United States v. All Funds and Other Property*

9  *Contained in Accounts of the United States Nat'l Bank of Or., Citizens Branch*,

10  727 F.Supp. 1372, 1373 (D.Or.1990) ("A claimant should not be forced to waive his

11  right against self-incrimination in a criminal prosecution in order to satisfy his burden

12  of proof in a civil forfeiture case.").

13    There is no question the declarations were compelled. The key test is "whether

14  the accused was deprived of his 'free choice to admit, to deny, or to refuse to answer.'"

15  *Garrity v. New Jersey*, 385 U.S. 493, 496 (1967) (quoting *Lisenba v. People of State*

16  *of California*, 314 U.S. 219, 241 (1941)). Here, the Defendants were compelled to

17  respond to the government's seizure of aluminum and the government's civil asset

18  forfeiture actions against the warehouses. It is undisputed that failing to respond

19  would be "costly"—the aluminum and the warehouses are valuable assets. The

20  government's efforts to seize and forfeit valuable property clearly show the Perfectus

21  Defendants and the Warehouse Defendants were compelled to respond, and the

22  government should not be permitted to use those responses—Shao and Wang's

23  declarations—to prove criminal culpability, as set forth under *Cretacci* and other

24  precedent.

25    C.    **If Admitted, the Declarations Cannot Be Admitted Without a**

26       **Limiting Instruction**

27    In its motion, the government concedes that it intends to offer the Shao

28  declaration and the Wang declaration against all defendants. (ECF No. 196 at 3:25-

LARSON LLP
LOS ANGELES

8

1  42; 4:14-15 [characterizing the declarations as overt acts in furtherance of the charged

2  conspiracy].)   However, as demonstrated above, the subject declarations do not

3  qualify as co-conspirator statements.   Thus, the Warehouse Defendants' Sixth

4  Amendment rights prevent the government from offering the Shao declaration against

5  the Warehouse defendants.   Similarly, the government cannot offer any of the Wang

6  declarations against the Perfectus defendants.   Accordingly, even if the Shao

7  declaration and the Wang declarations were to be admitted as statements of a party-

8  opponent, limiting instructions must be given.  *See U.S. v. Sauza-Martinez*, 217 F.3d

9  754, 760 (9th Cir. 2000) ("both the Supreme Court and this court have made very

10 clear that limiting instructions are necessary to reduce the prejudicial effect of

11 joinder.") (citing cases).

12       The government attempts to avoid the Confrontation Clause, claiming that the

13 Shao declaration and the Wang declarations are not testimonial.  (ECF No. 196 at

14 p. 7-8.)  The government's argument is readily disposed of, as the Supreme Court has

15 made clear that sworn affidavits are "testimonial" within the meaning of *Crawford v.*

16 *Washington*, 541 U.S. 36 (2004).  *See Melendez-Diaz v. Massachusetts*, 557 U.S. 305,

17 310 (2009) ("Our description of [the core class of testimonial statements] mentions

18 affidavits twice.")  Accordingly, if the Court admits the declarations—which it should

19 not—these testimonial statements must be accompanied by a limiting instruction.

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

WAREHOUSE AND PERFECTUS DEFENDANTS' OPPOSITION TO USA'S MOTION *IN LIMINE* NO. 4
TO ADMIT CERTIFIED COPIES OF DEFENDANTS' STATEMENTS (ECF No. 196)

## III.   CONCLUSION

In conclusion, the government's Motion *in Limine* No. 4 should be denied.  In the alternative, the Perfectus Defendants and the Warehouse Defendants request a limiting instruction if the declarations are admitted as statements of a party-opponent.

Dated:  July 20, 2021                    LARSON LLP

By:      _____*/s/ Hilary Potashner*[2]_____
      Stephen G. Larson
      Hilary Potashner
      A. Alexander Lowder
Attorneys for Defendants
SCUDERIA DEVELOPMENT, LLC,
1001 DOUBLEDAY, LLC,
VON KARMAN -MAIN STREET, LLC, and
10681 PRODUCTION AVENUE, LLC

Dated:  July 20, 2021                    RUYAKCHERIAN LLP

By:      _____*/s/ Robert F. Ruyak*_____
      Robert F. Ruyak
Attorneys for Defendants
PERFECTUS ALUMINIUM INC., aka
"Perfectus Aluminum Inc.," and PERFECTUS
ALUMINUM ACQUISITIONS LLC

---

[2]   Pursuant to Local Rule 5-4.3.4, I attest that Counsel for Defendants Perfectus Aluminium Inc., aka "Perfectus Aluminum Inc.," and Perfectus Aluminum Acquisitions LLC concurs in this filing's content and has authorized its filing.