TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
POONAM G. KUMAR (Cal. Bar No. 270802)
ROGER A. HSIEH (Cal. Bar No. 294195)
GREGORY D. BERNSTEIN (Cal. Bar No. 299204)
Assistant United States Attorneys
Major Fraud/General Crimes Sections
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0719/0600/3183
     Facsimile: (213) 894-6269
     E-mail:    poonam.kumar@usdoj.gov
                roger.hsieh@usdoj.gov
                gregory.bernstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 19-282-RGK |
| Plaintiff, | GOVERNMENT'S REPLY TO DEFENDANTS' OPPOSITION TO LIMINE NO. 1 REGARDING IMPROPER JURY NULLIFICATION ARGUMENT RELATED TO HARM THE AD/CVD ORDERS WERE INTENDED TO PREVENT |
| v. | |
| ZHONGTIAN LIU,<br> aka "Liu Zhongtian,"<br> aka "Chairman,"<br> aka "Uncle Liu,"<br> aka "UL,"<br> aka "Big Boss,"<br>CHINA ZHONGWANG HOLDINGS<br>   LIMITED,<br> aka "ZW,"<br> aka "Mother Ship,"<br>ZHAOHUA CHEN,<br> aka "Chen Zhaohua,"<br> aka "Uncle Chen,"<br>XIANG CHUN SHAO,<br> aka "Johnson Shao,"<br>PERFECTUS ALUMINIUM Inc.,<br> aka "Perfectus Aluminum Inc.,"<br>PERFECTUS ALUMINUM<br>   ACQUISITIONS, LLC,<br>SCUDERIA DEVELOPMENT, LLC,<br>1001 DOUBLEDAY, LLC,<br>VON KARMAN – MAIN STREET, LLC,<br>   and | |

1  10681 PRODUCTION AVENUE, LLC,
2           Defendants.

   Plaintiff United States of America, through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Poonam G. Kumar, Roger A. Hsieh, and Gregory Bernstein, files its reply to defendants' opposition to the government's motion in limine no. 1 to preclude improper argument that defendants' conduct did not implicate the harm that the relevant Anti-Dumping and Countervailing Duty orders ("AD/CVD orders") were intended to prevent.

   This reply is based on the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

   Dated: July 26, 2021            Respectfully submitted,

                                   TRACY L. WILKISON
                                   Acting United States Attorney

                                   SCOTT M. GARRINGER
                                   Assistant United States Attorney
                                   Chief, Criminal Division

                                   /s/ Gregory D. Bernstein
                                   GREGORY BERNSTEIN
                                   POONAM G. KUMAR
                                   ROGER A. HSIEH
                                   Assistant United States Attorneys

                                   Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA

## MEMORANDUM OF POINTS AND AUTHORITIES

**I. INTRODUCTION**

On June 14, 2021, defendants moved to dismiss the indictment. (Dkt. 186.) Among other things, defendants argued that the Court should dismiss Counts 11 through 17, which allege violations of 18 U.S.C. § 545, because their importation of aluminum extrusions welded into the shape of pallets "did not implicate the AD/CVD duties." (Id. at 16-17.)

The government opposed this motion and moved in limine to preclude defendants from raising this argument before the jury. (Dkt. 189 & 192.) A week later, defendants opposed the government's motion in limine. (Dkt. 207.) The Court thereafter denied defendants' motion to dismiss in its entirety. (Dkt. 212.) Particularly in light of the Court's ruling on the motion to dismiss, the government requests that the Court grant motion in limine number 1 and preclude defendants from arguing for acquittal on the Section 545 counts based on the legally erroneous and irrelevant theory that their conduct did not implicate the AD/CVD orders.

**II. ARGUMENT**

The Section 545 counts are straightforward. In 2011, the Department of Commerce imposed AD/CVD duties on aluminum extrusions being imported into the United States from China Zhongwang ("CZW"). This means the Perfectus companies that imported CZW's aluminum extrusions into the country, disguised as pallet, owed the AD/CVD duties to the United States upon importation of the aluminum.

Defendants violated Section 545 when they knowingly submitted Forms 7501 to Customs and Border Patrol ("CBP") on which they falsely stated that the aluminum pallets they imported from CZW did not fall

within the scope of the AD/CVD orders. As for why defendants lied on the Forms 7501: they wanted to evade the duties owed to the United States upon importation of CZW's aluminum pallets.

As an initial matter, defendants continue to argue that CZW's aluminum pallets were not within the scope of the AD/CVD orders. Defendants have formulated this argument in various ways. In their motion to dismiss, defendants wrote that the aluminum pallets "were not subject" to the AD/CVD duties. (Dkt. 186 at 16.) In their opposition to this motion in limine, defendants argued that the Forms 7501 were not actually false and that defendants accurately described the aluminum pallets on those forms as being outside the scope of the AD/CVD orders. (Dkt. 207 at 5 ("none of the following can be proved . . . that any Form 7501 was false.").)

Either way, defendants argue that CZW's aluminum pallets did not fall within the scope of the AD/CVD orders and that they did not owe duties on the aluminum pallets they imported from CZW. To reiterate, both the Department of Commerce and the Federal Circuit have conclusively rejected this argument, ruling that CZW's aluminum pallets fell within the scope of the AD/CVD orders. <u>Perfectus Aluminum, Inc. v. United States</u>, 391 F. Supp. 3d 1341 (Ct. Int'l Trade 2019); <u>Perfectus Aluminum Inc. v. U.S. Aluminum Extrusions Fair Trade Comm.</u>, 836 F. App'x 883, 887-88 (Fed. Cir. Nov. 6, 2020). So when defendants filed Forms 7501 with CBP stating that the pallets did not fall within the AD/CVD orders, those forms were false.

Next, defendants argue that because they never sold the aluminum pallets, they could not have defrauded the United States. This argument is wrong for two obvious reasons. First, defendants did not need to sell aluminum extrusions in the United States to defraud the

government. Rather, they defrauded the United States when they deprived the government of $1.8 billion in duties they should have paid but evaded through their submission of false Forms 7501. <u>United States v. Bennett</u>, 2007 WL 2790744, at *4 (D. Haw. Sept. 21, 2007) ("A conspiracy to cheat the Government out of money or property is a conspiracy to defraud.").

Second, defendants argue that "intent to defraud" requires the government to prove that defendants "acted with an intention to avoid and defeat the customs laws of the United States." (Dkt. 207 at 7 (citing <u>United States v. Robinson</u>, 147 F.3d 851, 854 (9th Cir. 1998)). Even accepting this narrow construction, defendants certainly acted with the intent to defeat customs laws when they submitted false forms to CBP to evade payment on duties.[1]

Finally, defendants argue that they should be allowed to argue that they did not know the Forms 7501 were false (even if they were false) because they did not intend to engage in conduct that the AD/CVD orders were intended to prevent, i.e., selling off the aluminum at low prices. (Dkt. 207 at 5 ("Equally egregiously, it seeks to exclude evidence and argument about . . . Defendants' state of mind as it pertains to that issue. As argued below, evidence as to both issues is directly relevant to the elements of Section 545.")) From the government's perspective, defendants can make this argument,

---

[1] The reason this construction is overly narrow is that the phrase "intent to defraud the United States" encompasses *both* intent to cheat the government out of money *and* obstruct one of its lawful functions. <u>Hammerschmidt v. United States</u>, 265 U.S. 182, 188 (1924) ("To conspire to defraud the United States means primarily to cheat the government out of property or money, but it also means to interfere with or obstruct one of its lawful governmental functions by deceit, craft or trickery, or at least by means that are dishonest."); <u>Robinson</u>, 147 at 853 (holding that the meaning of "defraud the United States" extends to both defrauding the government of revenue and obstructing a lawful government function).

3

even if the argument is overwhelming inconsistent with the evidence the government will introduce at trial.[2] The Court reached a similar conclusion in its denial of the motion to dismiss. (Dkt. 212 at 7 ("The Perfectus and Warehouse Defendants also argue that they could not knowingly have passed the Form 7501 . . . because they were not aware they were subject to the 2011 AD/CVD duties until 2014 . . . this contention goes toward whether the government will be able to prove their case at trial.") (internal quotation marks and citations omitted).)

With that said, there is a distinction between (1) improperly arguing that defendants should be acquitted because their conduct did not undermine the ultimate purpose of the AD/CVD orders, and (2) properly arguing that they did not know the Forms 7501 were false when filed for one reason or another. The Court should preclude the former argument as an impermissible call for jury nullification that bears no relevance to any element of Section 545. (Dkt. 212 at 7 ("As the Government - correctly - points out, § 545 does not contain any element that requires the Perfectus and Warehouse Defendants to have entered the aluminum pallets into commerce.").)

**III. CONCLUSION**

The government respectfully requests that the Court preclude argument that, because defendants never sold the smuggled aluminum pallets in the United States and the harm the 2011 AD/CVD orders covers did not come to fruition, they did not violate Section 545.

---

[2] Defendants falsely stated on the Forms 7501 that the aluminum pallets were "finished merchandise" and therefore not subject to the AD/CVD orders. The evidence at trial will show that defendants knew the pallets were not real finished merchandise. CZW's pallets were commercially useless, defendants imported millions of the pallets into the country and sold *none of them*, and once in the United States defendants intended to melt down the pallets and again turn them into usable aluminum products, e.g., extrusions.

4