TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
POONAM G. KUMAR (Cal. Bar No. 270802)
ROGER A. HSIEH (Cal. Bar No. 294195)
GREGORY D. BERNSTEIN (Cal. Bar No. 299204)
Assistant United States Attorneys
Major Fraud/General Crimes Sections
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0719/0600/3183
     Facsimile: (213) 894-6269
     E-mail:    poonam.kumar@usdoj.gov
                roger.hsieh@usdoj.gov
                gregory.bernstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>         v.<br><br>ZHONGTIAN LIU,<br> aka "Liu Zhongtian,"<br> aka "Chairman,"<br> aka "Uncle Liu,"<br> aka "UL,"<br> aka "Big Boss,"<br>CHINA ZHONGWANG HOLDINGS<br>    LIMITED,<br> aka "ZW,"<br> aka "Mother Ship,"<br>ZHAOHUA CHEN,<br> aka "Chen Zhaohua,"<br> aka "Uncle Chen,"<br>XIANG CHUN SHAO,<br> aka "Johnson Shao,"<br>PERFECTUS ALUMINIUM INC.,<br> aka "Perfectus Aluminum Inc.,"<br>PERFECTUS ALUMINUM<br>   ACQUISITIONS, LLC,<br>SCUDERIA DEVELOPMENT, LLC,<br>1001 DOUBLEDAY, LLC,<br>VON KARMAN – MAIN STREET, LLC,<br>   and | No. CR 19-282-RGK<br><br>GOVERNMENT'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE NO. 4 TO ADMIT CERTIFIED COPIES OF DEFENDANTS' STATEMENTS; DECLARATION OF POONAM G. KUMAR; EXHIBITS |
|---|---|

10681 PRODUCTION AVENUE, LLC,

     Defendants.

    Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Poonam G. Kumar, Roger A. Hsieh, and Gregory D. Bernstein, hereby files its reply motion in limine to admit certified copies of defendants' statements.

    This motion is based upon the attached memorandum of points and authorities, the attached declaration of Poonam G. Kumar and the exhibits thereto, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: July 26, 2021        Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

    /s/
POONAM G. KUMAR
ROGER A. HSIEH
GREGORY D. BERNSTEIN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

The government seeks to admit a declaration filed by charged co-conspirator Xiang Chun Shao (the "Shao declaration") on behalf of defendant Perfectus Aluminum, Inc., and four declarations filed by Zhijie Wang on behalf of the Warehouse defendants (the "Wang declarations") at trial.  The government respectfully requests that the Court overrule defendants' objections and grant the motion.

**II.   THE SHAO DECLARATION IS ADMISSIBLE**

**A.    THE SHAO AND WANG DECLARATIONS ARE ADMISSIBLE AS CO-CONSPIRATOR STATEMENTS**

The Shao and Wang five declarations were made in furtherance of the conspiracy.  Defendants claim that the government failed to make any argument about how the declarations were in furtherance.  Not so.  In its motion, the government set forth how the declarations furthered the conspiracy.  (Mtn. at 5.)  Specifically, the Shao stated that the pallets (which were never sold) intended to be sold at the time of import.  This statement furthers the objectives of the conspiracy by creating the impression that the products sold by defendant CZW were actually marketable and by making it appear as though the Perfectus defendants genuinely believed that the pallets were "finished merchandise."  Similarly, the Wang declarations claimed ultimate beneficial ownership over the Warehouse Defendants advanced the conspiracy by further insulating defendant Liu from his connection to the Warehouse defendants which Liu used to hide the aluminum he was purportedly "selling" and the aluminum he smuggled into the United States without payment of the AD/CVD duties.

Defendants next argue that the conspiracy was complete when these declarations were filed and thus, the declarations were not in furtherance. The conspiracy charged here involves, among other things, evading $1.8 billion in duties and misrepresenting and concealing material facts to investors in CZW. Accordingly, "the successful accomplishment of the crime[s] necessitate[] concealment." Grunewald v. United States, 353 U.S. 391, 405 (1957) (finding that "repainting a stolen car would be in furtherance of a conspiracy to steal"); see also United States v. Sears, 663 F.2d 896, 905 (9th Cir. 1981)("Thus, [defendant's] statements did serve to further the objectives of the conspiracy-to rob the Savings and Loan and to escape successfully." (emphasis added)); see also United States v. Tille, 729 F.2d 615, 620 (9th Cir. 1984)("When a purpose of the conspiracy is to formulate future strategies of concealment, narrations of past events may be in furtherance of the continuing conspiracy."); Carlucci v. United States, 2018 WL 1638911, at *5 (D. Ariz. 2018)("Because the crime 'that [wa]s the object of the conspiracy ha[d] the intent to conceal as an element,' any act of concealment furthered the conspiracy and extended the statute of limitations." (alterations in original).); United States v. Terry, 2016 WL 11647249, at *6 (D. Ariz. 2016)("Statements which serve as a necessary part of a conspiracy by concealing it or impeding an investigation are admissible as statements made during an in furtherance of the conspiracy." (citations omitted).) At the time these declarations were filed, defendants' evasion and concealment of material facts was very much ongoing. Indeed, the indictment alleges the indictment continued until at least the time of the indictment in May 2019. Indeed, around the same time these declarations were

2

filed, defendant CZW continued to issue statements disclaiming any connection to Perfectus (OA 95, September 2017) and denying financing the purchase of its own products (OA 96, May 2017).  Furthermore, the Shao declaration was filed with the intent to continue the explicit and joint conspiratorial objective engaged in by the Perfectus and Warehouse defendants of exporting the aluminum pallets before the conspiracy could be revealed.  Defendants together conspired to export the pallets after allegations of their misconduct became public and the Shao declaration was in furtherance of that conspiratorial goal.  The Shao and Wang declarations were in furtherance of the ongoing conspiracy and, thus, are admissible.

      **B.**    **The Shao and Wang Declarations are Party Opponent Admissions**

Defendants asks this Court to "judicial[ly] estop" the government from arguing that these are party opponent admissions.  In support of this meritless argument, defendants claim that the government's allegations that Shao and Wang were not the true "owners" of the Perfectus and Warehouse defendants are inconsistent with the position that the Shao and Wang declarations are admissible under Rule 801(d)(2)(C) and (D).  However, the definitions of a party opponent statement do not require the person making the statement be the "owner."  To the contrary, the rules require only that it be "made by a person whom the party authorized to make a statement on the subject" or "was made by the party's agent or employee on a matter within the scope of that relationship and while it existed." Fed. R. Evid. 801(d)(2)(C) and (D).  The text of the declarations make clear that Shao and Wang were authorized to make the statements and acted as agents/employees at the time they completed the

3

declarations.  It is entirely consistent for the government to argue that Shao and Wang were not the true owners, but also argue that Shao and Wang were authorized representatives/agents/employees of the Perfectus and Warehouse defendants.  Thus, defendants' objections should be overruled.

### C. The Fifth Amendment Right Against Self-Incrimination Is Not Violated By Admission of the Shao and Wang Declarations

Defendants claim that the Shao and Wang Declarations cannot be admitted as proof of guilt.  In so arguing, they rely on cases that prohibit the government from using declarations or affidavits filed by individuals in support of their Fourth Amendment rights, Simmons v. United States, 390 U.S. 377, 394 (1968), or claims filed by individuals in connection with forfeiture proceedings, United States v. Cretacci, 62 F.3d 307, 311 (9th Cir. 1995).  As an initial matter, the Shao declaration was not filed in connection with either a motion to suppress or a forfeiture proceeding, so this line of cases has no relevance to the Shao declaration.  And while it is true that the Ninth Circuit in Cretacci held that defendants should not be required to choose between their Fifth Amendment right against self-incrimination and their claim to property subject to forfeiture, id., defendants fail to mention that "it is well established that [corporations] are not protected by the Fifth Amendment," Braswell v. United States, 487 U.S. 99, 102-03, 108-09 (1988) (citing Bellis v. United States, 417 U.S. 85 (1974)); Hale v. Henkel, 201 U.S. 43 (1906); see also United States v. Lu, 248 Fed. Appx. 806, 808 (9th Cir. 2007) (holding that the production of business records of a single-member LLC is not protected by the Fifth Amendment).  Since the Perfectus and Warehouse defendants have no Fifth Amendment right

4

against self-incrimination, there is no constitutional conflict in admitting the Shao and Wang declarations at trial.

### III. THE DECLARATIONS ARE NOT TESTIMONIAL

As the government set forth in its original motion, the Shao and Wang declarations are not testimonial in nature.  The government set forth in detail the primary purpose test set forth by the Supreme Court.  Defendants do not address that test other than to argue that Crawford clearly held affidavits to be testimonial.  It is clear that the primary purpose of the declarations was not to create evidence for an eventual prosecution.  Moreover, co-conspirator statements are not testimonial for purposes of the Confrontation Clause.  United States v. Allen, 425 F.3d 1231, 1235 (9th Cir. 2005) ("[C]o-conspirator statements are not testimonial and therefore beyond the compass of Crawford's holding.").  Accordingly, the declarations are not testimonial and are admissible.

### IV.   DEFENDANTS' REQUEST FOR A LIMITING INSTRUCTION

Defendants request the Court to give a limiting instruction that the declarations can be used only against the defendants on whose behalf the declaration was filed.  The government agrees that if the Shao and Wang declarations are admitted as party opponent admissions than such a limiting instruction is appropriate.  However, if admitted as co-conspirator statements, no such instruction is appropriate because co-conspirator statements are admissible for all purposes against all defendants.

//
//

5

**V.   CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court grant the government's motion to admit the Shao and Wang declarations.[1]

---

[1] Defendants take issue with the governments' intention to redact the Shao and Wang declarations and its failure to provide the redacted copies to the Court in its filing. Defendants' complaints are misplaced.  The government filed the declarations so the Court could view them in their entirety in determining their admissibility. The government now files with its reply the proposed redacted versions for admission.  (Declaration of Poonam Kumar, Exs. A, B.) The proposed redactions do not bear on the question of admissibility. Rather, this issue is more appropriately litigated pursuant to Rule 106.