TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
POONAM G. KUMAR (Cal. Bar No. 270802)
ROGER A. HSIEH (Cal. Bar No. 294195)
GREGORY D. BERNSTEIN (Cal. Bar No. 299204)
Assistant United States Attorneys
Major Frauds/General Crimes Sections
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0719/0600/3183
    Facsimile: (213) 894-6269
    E-mail:    poonam.kumar@usdoj.gov
            roger.hsieh@usdoj.gov
            gregory.bernstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>          v.<br><br>ZHONGTIAN LIU,<br>   aka "Liu Zhongtian,"<br>   aka "Chairman,"<br>   aka "Uncle Liu,"<br>   aka "UL,"<br>   aka "Big Boss,"<br>CHINA ZHONGWANG HOLDINGS<br>   LIMITED,<br>   aka "ZW,"<br>   aka "Mother Ship,"<br>ZHAOHUA CHEN,<br>   aka "Chen Zhaohua,"<br>   aka "Uncle Chen,"<br>XIANG CHUN SHAO,<br>   aka "Johnson Shao,"<br>PERFECTUS ALUMINIUM INC.,<br>   aka "Perfectus Aluminum<br>   Inc.,"<br>PERFECTUS ALUMINUM<br>   ACQUISITIONS, LLC,<br>SCUDERIA DEVELOPMENT, LLC,<br>1001 DOUBLEDAY, LLC, | No. CR 19-282-RGK<br><br>GOVERNMENT'S REPLY IN SUPPORT OF MOTION *IN LIMINE* NO. 2 TO (1) EXCLUDE EVIDENCE AND ARGUMENT THAT ALUMINUM EXTRUSIONS WELDED INTO THE FORM OF PALLETS FELL OUTSIDE THE SCOPE OF 2011 AD/CVD ORDERS; AND (2) REQUEST JURY INSTRUCTION CONSISTENT WITH BINDING AUTHORITY; OPPOSITION TO DEFENDANTS' CROSS MOTION TO EXCLUDE EVIDENCE REGARDING SCOPE DETERMINATIONS |

1   VON KARMAN – MAIN STREET, LLC,
        and
2   10681 PRODUCTION AVENUE, LLC,

3           Defendants.

4

5        Plaintiff United States of America, by and through its counsel

6   of record, the Acting United States Attorney for the Central District

7   of California and Assistant United States Attorneys Roger A. Hsieh,

8   Poonam G. Kumar, and Gregory D. Bernstein, hereby files its reply in

9   support of its motion in limine No. 2 to (1) exclude evidence and

10  argument that aluminum extrusions welded into the form of pallets

11  fell outside the scope of the 2011 AD/CVD orders; and (2) request a

12  jury instruction consistent with the binding authority regarding the

13  pallets; and its opposition to defendants' cross motion to exclude

14  evidence regarding the Scope Rulings.

15       This motion is based upon the attached memorandum of points and

16  authorities, the files and records in this case, and such further

17  evidence and argument as the Court may permit.

18  Dated: July 26, 2021          Respectfully submitted,

19                                TRACY L. WILKISON
                                  Acting United States Attorney
20
                                  SCOTT M. GARRINGER
21                                Assistant United States Attorney
                                  Chief, Criminal Division
22

23           _____/s/_____
                                  ROGER A. HSIEH
24                                POONAM G. KUMAR
                                  GREGORY D. BERNSTEIN
25                                Assistant United States Attorneys

26                                Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA
27

28

                                    2

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

The pallets at issue in this case have been subject to enhanced duties since the AD/CVD orders were issued in 2011, and the Scope Ruling did not clarify "unsettled" law.  Instead, the Scope Ruling stated what was evident from the face of the unambiguous text of the orders: pallets made <u>entirely</u> of aluminum extrusions are within the scope of the <u>plain language</u> of the AD/CVD orders.

The Court should instruct the jury on this matter of law and bar defendants from relitigating this settled legal issue.  Defendants do not dispute that whether the pallets are within the scope of the 2011 AD/CVD orders is a matter of law or that the Court instructs the jury on matters of law.  Nor could they.  Instead, defendants argue that the instruction will confuse the jury.  Not so.  The proposed instruction accurately reflects the law by informing the jury that the pallets were subject to the AD/CVD duties, which in turn informs whether the Forms 7501 stating that the pallets were not subject to the AD/CVD duties were false.  The government must still prove that defendants knowingly submitted false Forms 7501, and in doing so, acted willfully with the intent to defraud.

The Court should also deny defendants' cross motion to exclude introduction of the Scope Rulings at trial.[1]  Defendants argue

---

[1] Based on a petition filed December 30, 2015, Commerce also issued a separate Scope Ruling on December 7, 2016, regarding defendants' pallets made of series 1xxx aluminum alloy.  Commerce found that the pallets made of 1-series aluminum alloy were within the <u>plain language</u> of the AD/CVD orders.  <u>See</u> U.S. Dept. of Commerce, Scope Ruling: Aluminum Pallets (Dec. 7, 2016), <u>available at</u> <u>https://legacy.trade.gov/enforcement/operations/scope/country/china/products/98-aluminum-pallets-7dec16.pdf</u>.  The government presumes defendants wish to exclude the 2016 Scope Ruling as well (collectively with the 2017 Scope Ruling, the "Scope Rulings").

1   against _both_ a jury instruction that accurately reflects the law and

2   the introduction of the Scope Rulings.  To the extent the Court

3   denies the government's request for a jury instruction, the Scope

4   Rulings are admissible as evidence that the pallets fall within the

5   scope of the AD/CVD orders.

6       Even if the Court instructs the jury on this issue as a matter

7   of law, the Scope Rulings are still admissible.  Defendants have made

8   plain their intent to argue that the 2011 AD/CVD orders were

9   confusing, and thus, that they could not have the intent to defraud.

10  The Scope Rulings make clear that defendants' aluminum extrusions

11  welded into the shape of pallets have always been subject to the

12  AD/CVD orders based on the plain language of the orders.  Indeed, in

13  support of their argument that the AD/CVD orders were confusing, the

14  government understands defendants intend to argue that a 2015 CBP

15  audit that determined, after defendants misrepresented pertinent

16  facts to the auditors, the pallets were outside scope of the AD/CVD

17  orders.  At this time, the government does not seek to exclude that

18  evidence.  The Scope Rulings are no different.  The timing of the

19  Scope Rulings also does not alter their admissibility.  The Scope

20  Ruling process was initiated in late 2015 and continued through 2017.

21  In that interim period, defendants' exported thousands of containers

22  of aluminum pallets.  The facts in this timeline are necessary for

23  the jury to understand defendants' actions.  Defendants are certainly

24  entitled -- as the government expects they will -- to argue that the

25  Scope Rulings came after the imports of pallets at issue ceased.  The

26  Scope Rulings do not alter defendants' ability to so argue.

27      Therefore, the government respectfully requests that the Court

28  grant the government's motion _in limine_ No. 2 for a jury instruction

                                    2

consistent with the applicable law, exclude argument to the contrary, and deny defendants' cross motion to exclude evidence of the Scope Rulings.

**II.  ARGUMENT**

**A.  The Court Should Instruct the Jury Based on a Conclusively Determined Legal Issue and Defendants Cannot Argue Contrary to Settled Law**

Defendants do not dispute that the government's proposed jury instruction addresses a matter of law or that the Court instructs the jury on matters of law.  As such, it is clear that "the judge must be permitted to instruct the jury on the law and to insist that the jury follow his instructions." United States v. Amparo, 68 F.3d 1222, 1224 (9th Cir. 1995) (quotations and citations omitted).  Defendants' argument that the proposed instruction will lead to jury confusion with respect to the elements of the charged offenses because the scope of the AD/CVD orders "was anything but clear during the relevant time period" is misplaced. (Opp'n at 8.)

As the Court noted in its Order denying defendants' motion to dismiss (Dkt. 212 at 7), under 18 U.S.C. § 545 the government must prove (1) defendants passed or attempted to pass a writing through a customs house of the U.S.; (2) defendants knew the writing was false, forged, or fraudulent; (3) defendants acted willfully with intent to defraud the U.S.; and (4) that the writing had a natural tendency to influence, or was capable of influencing action of the U.S.  The proposed instruction does not establish or suggest that defendants (1) passed or attempted to pass a Form 7501; (2) knowingly submitted a false Form 7501; (3) acted willfully with intent to defraud the U.S; or (4) that the writing had a natural tendency to influence, or

1   was capable of influencing action of the U.S.  The proposed

2   instruction simply reflects clearly established law regarding the

3   pallets and AD/CVD duties.

4         The government must still prove that defendants knowingly stated

5   on the Forms 7501 that the imports were not subject to the AD/CVD

6   orders and did so willfully with the intent to defraud.  This is

7   analogous to a drug distribution case in which the Court instructs

8   that cocaine is a controlled substance.  It that case, the government

9   must still prove that the substance possessed by the defendant was

10  cocaine and that the defendant possessed the cocaine with the intent

11  to distribute it.  The jury instruction does not alter in any way the

12  government's burden to prove beyond a reasonable doubt that the Forms

13  7501 were false in that they said the imports were not subject to the

14  AD/CVD orders and that defendants had the requisite intent.

15        That the Scope Rulings came after the imports does not affect

16  the legal question of whether the pallets fall within the scope of

17  the AD/CVD orders.  The Scope Rulings determined, conclusively, that

18  the AD/CVD orders always covered aluminum extrusions welded into the

19  form of a pallet.  The Scope Rulings did not change the law.  "[A]

20  lack of prior appellate rulings on the topic does not render the law

21  vague, nor does a lack of previously litigated fact patterns[.]"

22  United States v. George, 420 F.3d 991, 995-96 (9th Cir. 2005).  The

23  plain language of the AD/CVD orders as written in 2011 made clear

24  that defendants' pallets fell within its scope in 2011.  See Scope

25  Ruling (Dkt. 194-2, Exhibit B) at 1, 6, 13, 15 (pallets fell within

26  scope of the plain language of unambiguous AD/CVD orders; pallets

27  made entirely of aluminum extrusions did not qualify for "finished

28  merchandise" exception because finished merchandise required products

4

1    be made with aluminum just <u>as parts</u>); <u>Perfectus Aluminum Inc. v.</u>

2    <u>United States</u>, 391 F. Supp. 3d 1341, 1345 (Ct. Int'l Trade 2019)

3    (pallets within scope of the plain language of the AD/CVD orders);

4    <u>Perfectus Aluminum Inc. v. United States</u>, 836 Fed. Appx. 883, 889

5    (Fed. Cir. Nov. 6, 2020) (affirming Court of International Trade's

6    holding that pallets fell within plain language of AD/CVD orders).

7    Defendants' opposition to the jury instruction is nothing more

8    than an attempt to rehash the same losing arguments they presented

9    over the course of more than three years of litigation.  Defendants'

10   arguments do not change the fact that the pallets have always been

11   subject to the AD/CVD orders.

12   Despite having lost decisively four times on this legal issue --

13   an issue conclusively addressed by the plain language of the

14   unambiguous AD/CVD orders -- defendants ask the Court to allow them

15   to argue contrary to settled law that the pallets were subject to the

16   AD/CVD orders.  <u>See</u> Opp'n at 6 (asking the Court to "deny the

17   government's request to preclude defendants from arguing that the

18   aluminum pallets fell outside the scope of the 2011 AD/CVD Orders").

19   Although defendants can argue they were <u>not aware</u> that the pallets

20   were subject to the AD/CVD duties, defendants cannot argue that the

21   pallets were <u>not subject</u> to the AD/CVD duties.  The Court should

22   grant the government's motion <u>in limine</u> No. 2 in its entirety based

23   on a legal versus factual distinction and Rule 403.  <u>See</u> <u>Merck Sharp</u>

24   <u>& Dohme Corp. v. Albrecht</u>, 139 S. Ct. 1668, 1679 (2019) (legal issues

25   "for the judge, not a jury"); <u>United States v. Kahre</u>, 737 F.3d 554,

26   576 (9th Cir. 2013) (trial court properly excluded evidence,

27   including a defense expert, that conflicted with its ruling on a

28   matter of law); <u>Ohio Six Ltd. v. Motel 6 Operating L.P.</u>, 2013 WL

1    12125747, at *10 (C.D. Cal. Aug. 7, 2013) (excluding evidence

2    regarding alternative interpretation of agreements under Rule 403

3    because introduction "would lead to a mini-trial on a collateral

4    issue that has already decided by the court, and waste time").

5    **B.   The Scope Rulings are Admissible**

6          Regardless of the Court's decision on the proposed jury

7    instruction, the Scope Rulings are admissible.

8          To the extent the Court denies the government's request for a

9    jury instruction regarding the scope of the AD/CVD orders and

10   determines that this is a question of fact for the jury to decide,

11   the Scope Rulings are relevant to that question.  The agency

12   responsible for determining this very question determined that the

13   pallets fell within the scope of the AD/CVD orders.  As such, it is

14   relevant under Federal Rule of Evidence 401.  By arguing against a

15   jury instruction and against admission of the Scope Rulings,

16   defendants effectively seek to tie the government's hands and prevent

17   the government from proving that the Forms 7501 submitted by

18   defendants were false.

19         The Scope Rulings are also admissible separate from the Court's

20   decision on the requested jury instruction.  As a threshold matter,

21   the timing of the request for and issuance of the Scope Rulings is

22   instructive.  The Scope Ruling process was initiated in late 2015 and

23   concluded in 2017.  The Scope Ruling addressing the 1-series pallets

24   was based on a December 30, 2015, petition and issued on December 7,

25   2016.  See U.S. Dept. of Commerce, Scope Ruling: Aluminum Pallets at

26   1-2 (Dec. 7, 2016).  The Scope Ruling addressing the 6-series pallets

27   was based on a March 3, 2017, petition and issued on June 13, 2017.

28   See U.S. Dept. of Commerce, Scope Ruling: AEFTC 6xxx Series Pallets

(June 13, 2017).  That entire process is within the scope of the conspiracy as charged.  (<u>See</u> Indictment ¶ 32.)  Further, in between 2015 and 2017, defendants undertook a massive project to export all of their aluminum out of the United States.  (<u>See, e.g.</u>, Indictment, OA 92.)  These are acts in furtherance of the conspiracy.

Second, as noted above, defendants intend to argue that there was confusion regarding the scope of the 2011 AD/CVD Orders.[2]  The Scope Rulings make clear that the language was not confusing.  The Scope Rulings simply put in writing a second time what was already clear based on the plain language of the unambiguous language of the 2011 AD/CVD orders.  To support their argument that they did not have the requisite intent, the government understands that defendants intend to point to a 2015 CBP audit (during which defendants lied) to show that confusion.  The 2015 audit also post-dates all the imports in this case.  The audit is on no different footing than the Scope Rulings.  Defendants cannot on one hand argue that evidence post-dating the imports is inadmissible as to intent while on the other hand introduce the 2015 audit because they believe it supports their defense.  Of course, the parties are welcome to argue that the timing of the audit as well as the Scope Rulings is probative in determining defendants' intent.  Admission of this information does not alter the ability of the parties to make those arguments at trial.

---

[2] Defendants' citation to litigation regarding the AD/CVD orders is misplaced.  These orders -- which include cases involving products with aluminum extrusions plus other materials and the separate "finished goods kit" exception -- do not show that the AD/CVD orders were unclear as to defendants' pallets comprised entirely of welded 6-series aluminum extrusions.

1  Further, defendants fail to establish that the probative value

2  of the Scope Rulings is substantially outweighed by a danger of

3  unfair prejudice under Rule 403.  The Scope Rulings are directly

4  relevant as to whether defendants were willing participants in a

5  conspiracy and whether the Forms 7501 submitted were false.  Here,

6  the Scope Rulings establish that the pallets were subject to the

7  AD/CVD orders.  The Scope Rulings do not introduce the same risks as

8  a judicial finding of fact, testimony from a judge, or an agency

9  finding that defendant discriminated in a discrimination lawsuit.

10 The cases cited by defendants are inapposite,[3] and the Court should

11 deny defendants' cross motion to exclude the Scope Rulings.

12 **III.  CONCLUSION**

13 For the foregoing reasons, the government respectfully requests

14 that this Court (1) exclude evidence and argument that aluminum

15 extrusions welded into the form of pallets are outside the scope of

16 the 2011 AD/CVD order or qualify as "finished merchandise" based on

17 the clearly appliable decisions from Commerce, the Court of

18 International Trade, and the Federal Circuit; (2) provide the jury an

19 instruction consistent with the appliable law; and (3) deny

20 defendants' cross motion to exclude evidence of the Scope Rulings.

21

22 [3] See Opp'n at 7 (citing United States v. Wiggan, 700 F.3d 1204,
122 (9th Cir. 2012) ("judicial finding of fact . . . where, by virtue

23 of their having been made by a judge, they would likely be given
undue weight by the jury"); Chein v. Shumsky, 373 F.3d 978, 989 n.6

24 (9th Cir. 2004) ("That Judge Altman, a sitting state court judge,
testified not only as a percipient witness to the events that

25 transpired before him but also as the state's expert witness on the
element of materiality is the basis of a separate due process

26 challenge raised by Chein"); Gilchrist v. Jim Slemons Imports, Inc.,
803 F.2d 1488, 1499-1502 (9th Cir. 1986) (no abuse of discretion in

27 admitting letter by Equal Employment Opportunity Commission finding
that defendant discriminated against plaintiff under age

28 discrimination act in a lawsuit alleging age discrimination).