TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
POONAM G. KUMAR (Cal. Bar No. 270802)
ROGER A. HSIEH (Cal. Bar No. 294195)
GREGORY D. BERNSTEIN (Cal. Bar No. 299204)
Assistant United States Attorneys
Major Fraud/General Crimes Sections
        1100 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-0719/0600/3183
        Facsimile: (213) 894-6269
        E-mail:     poonam.kumar@usdoj.gov
                    roger.hsieh@usdoj.gov
                    gregory.bernstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 19-282-RGK |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION IN LIMINE TO ADMIT PRE-TRIAL SELF-AUTHENTICATING BUSINESS RECORDS; DECLARATION OF POONAM G. KUMAR; EXHIBITS |
| v. | |
| ZHONGTIAN LIU, aka "Liu Zhongtian," aka "Chairman," aka "Uncle Liu," aka "UL," aka "Big Boss," CHINA ZHONGWANG HOLDINGS LIMITED, aka "ZW," aka "Mother Ship," ZHAOHUA CHEN, aka "Chen Zhaohua," aka "Uncle Chen," XIANG CHUN SHAO, aka "Johnson Shao," PERFECTUS ALUMINIUM Inc., aka "Perfectus Aluminum Inc.," PERFECTUS ALUMINUM ACQUISITIONS, LLC, SCUDERIA DEVELOPMENT, LLC, 1001 DOUBLEDAY, LLC, VON KARMAN - MAIN STREET, LLC, and | |

1   10681 PRODUCTION AVENUE, LLC,

2          Defendants.

3

4       Plaintiff United States of America, by and through its counsel

5   of record, the Acting United States Attorney for the Central District

6   of California and Assistant United States Attorneys Poonam G. Kumar,

7   Roger A. Hsieh, and Gregory Bernstein, hereby files its motion _in_

8   _limine_ to admit pre-trial self-authenticating business records.

9       This Motion is based upon the attached memorandum of points and

10  authorities, the Declaration of Poonam G. Kumar and the accompanying

11  exhibits, the files and records in this case, and such further

12  evidence and argument as the Court may permit.

13

14   Dated: July 29, 2021              Respectfully submitted,

15                                     TRACY L. WILKISON
                                       Acting United States Attorney
16
                                       SCOTT M. GARRINGER
17                                     Assistant United States Attorney
                                       Chief, Criminal Division
18

19                                     _____/s/_____
                                       POONAM G. KUMAR
20                                     ROGER A. HSIEH
                                       GREGORY D. BERNSTEIN
21                                     Assistant United States Attorneys

22                                     Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA
23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

For over a decade, between 2008 and 2019, the defendants executed a wide-ranging conspiracy to defraud investors in a publicly-listed company, evade over $1.8 billion in anti-dumping and countervailing ("AD/CVD") duties owed to the U.S. Treasury and Customs & Border Protection ("CBP"), and move hundreds of millions of dollars through accounts in the U.S. to promote the investor fraud and evasion of AD/CVD duties.

A significant portion of the government's anticipated trial evidence is composed of business records that the government obtained during the course of its investigation.  The government has provided defendant with detailed notices of intent to introduce business records in this manner at trial.  In addition, the government has provided defendants with detailed information about the declarations and the documents to which those declarations correspond, as well as the specific documents the government seeks to admit in this manner (all of which have been produced to defendant).  (Declaration of Poonam G. Kumar ("Kumar Decl.") ¶¶ 4-5.)  Specifically, the government intends to introduce bank accounts records, customs records, subscriber records, and title and escrow records in this manner.  (Id. at ¶ 5.)  Over the course of several conversations, the government has requested defendants' position on the admissibility of these documents (with the exception of objections under Rules 401 and 403).  (Id.)  While defendants have repeatedly stated that they, in principle, have no objection to admission of the domestic records in this manner, they have declined to provide their position of the government's motion.  (Id.)

To streamline what will already be a lengthy trial and obviate the need to call numerous different custodians of record[1], the government seeks a pretrial order from the Court that these documents are authentic records of a regularly conducted activity under Rule 902(11) and may, if also admissible under Rules 401 and 403, be admitted at trial without the government needing to call custodians of records to authenticate the exhibits.

## II.  ARGUMENT

### A.  Self-Authenticating Business Records

Rule 902(11) permits the admission of self-authenticating business records.  Specifically, the Rule dictates that certified domestic records of a regularly conducted activity "are self-authenticating" and therefore "require no extrinsic evidence of authenticity in order to be admitted."  Fed. R. Evid. 902(11).  The Advisory Committee has explained that Rule 902(11) "sets forth a procedure by which parties can authenticate certain records of regularly conducted activity, other than through the testimony of a foundation witness," and "provides that the foundation requirements of Rule 803(6) can be satisfied under certain circumstances without the expense and inconvenience of producing time-consuming foundation witnesses." Fed. R. Evid. 803(6), Advisory Committee's Note.  Thus, a certification that affirms the authenticity of records and satisfies the elements of Rule 803(6) obviates the need for live testimony from

---

[1] In the absence of a Court order admitting the documents subject to defendants' relevance objections, the government will be forced to call custodians of record from at least the following institutions:  Chase Bank, Cathay Bank, East West Bank, Wells Fargo, Bank of America, Comerica, HSBC, American Continental Bank, Chicago Title Company, First American Title Insurance, and several different customs brokers.

a custodian. United States v. Kahre, 610 F. Supp. 2d 1261, 1263 (D. Nev. 2009) (902(11) certification serves as a substitute for live testimony); United States v. Way, 2018 WL 2470944, at *2 (E.D. Cal. 2018) ("Declarations filed under FRE 902(11) are the functional equivalent to live testimony") (citing United States v. Siders, 712 F. App'x. 601, 602 (9th Cir. 2017)).

To qualify under this provision, the records in question must be "[t]he original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person." Id.   The Rule also requires that the proponent of such evidence provide an adverse party, prior to trial, with "reasonable written notice of the intent to offer the record -- and . . . make the record and certification available for inspection -- so that the party has a fair opportunity to challenge them."   Id.

Under Rule 803(6)(A)-(C), a business record is admissible if: (A) "the record was made at or near the time by -- or from information transmitted by -- someone with knowledge"; (B) "the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit"; and (C) "making the record was a regular practice of the activity."   Fed. R. Evid. 806(A)-(C).   Third-party records are admissible under Rule 803(6) when kept in the regular course of business, relied upon by the business, and where the business has a substantial interest in the accuracy of the records.   MRT Const. Inc. v. Hardrives Inc., 158 F.3d 478, 483 (9th Cir. 1998) ("This circuit has held that records a business receives from others are admissible under Federal Rule of Evidence 803(6) when those records are kept in

the regular course of that business, relied upon by that business, and where that business has a substantial interest in the accuracy of the records." (citing United States v. Childs, 5 F.3d 1328, 1333-34, 1334 n. 3 (9th Cir. 1993)); United States v. Jawara, 474 F.3d 565, 585 (9th Cir. 2007) ("[W]e would have no trouble concluding that a college in the United States was a proper custodian of its students' SAT results, even though the SAT results were actually prepared by another entity.")  Further, there is no requirement that the government or custodian say when the records were prepared or who prepared them.  Curley v. Wells Fargo & Co., 120 F. Supp. 3d 992, 998 (N.D. Cal. 2015), aff'd, 692 F. App'x 900 (9th Cir. 2017), 120 F. Supp. 3d at 999 ("There is no requirement that [the custodian] establish when and by whom the documents were prepared."); United States v. Huber, 772 F.2d 585, 591 (9th Cir. 1985) ("there is no requirement that the government show precisely when the [record] was compiled"); United States v. Petroff-Kline, 557 F.3d 285, 291-92 (6th Cir. 2009) (personal knowledge of contents of the records not required under Rule 902(11)).

Admitting business records under Rule 902(11) without testimony from a custodian of records does not violate a defendant's rights to confront witnesses because business records are not testimonial in nature.  See Bullcoming v. New Mexico, 564 U.S. 647, 659 n.6 (2011) ("Elaborating on the purpose for which a 'testimonial report' is created, we observed in [Melendez-Diaz v. Massachusetts, 557 U.S. 305 (2009)] that business and public records 'are generally admissible absent confrontation . . . because -- having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial -- they are not

4

1  testimonial.'" (quoting <u>Melendez-Diaz</u>, 557 U.S. at 324)).[2]

2      Here, the government has produced business records and

3  corresponding declarations from the custodians of records (or other

4  qualified persons) of various businesses.  With this motion, the

5  government seeks to admit records from Google, Cathay Bank, East West

6  Bank, Wells Fargo, Bank of America, Comerica, Chase, and HSBC,

7  Chicago Title Company, First American Title Insurance, George Hua

8  Wang (customs broker), Cargoway Services (customs broker), Perfectus

9  Aluminium, Inc., Aluminum Shapes, Success Systems (customs broker).

10  The declarations from each of these custodians of record lay the

11  required foundation under Rule 803(6)(A)-(C).  (<u>See</u> Kumar Decl. Ex.

12  A.)

13      In addition, on repeated dates in May, June, and July, the

14  government gave written notice to defendant of its intent to

15  authenticate and admit those business records under Federal Rule of

16  Evidence 902(11).  (Kumar Decl. ¶ 3.)  The government recently

17  provided a list of the specific bates ranges of documents from each

18  of these businesses the government seeks to admit.  (Kumar Decl.

19  ¶ 4.)  To date, defendants' have not raised a specific objection to

20  the admission of any of the documents sought to be admitted by the

21  government.  (Kumar Decl. ¶ 5.)

22      Certification under Rule 902(11) obviates the need for the

23  government to authenticate business records at trial and permits the

24  records to be admitted under Federal Rule of Evidence 803(6).  <u>See</u>

25

26  _____

27      [2] The government does not intend to introduce the 902(11)
    certifications themselves. Instead, the government intends to use the
    certifications only for the purpose of establishing that the
28  underlying documents are authentic records of a regularly conducted
    activity.

Fed. R. Evid. 902(11).  Accordingly, in order to admit the business records referenced in Exhibit A as exhibits at trial, the government should not need to call the custodians of records for these businesses to testify.  Rather, these business records should be admissible based on the certifications above -- provided they are relevant and admissible under Rules 401 and 403 -- which the Court can determine at the time of trial.[3]

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court issue an order that the documents subject to this motion are self-authenticating records of a regularly-conducted activity, meaning that "they require no extrinsic evidence of authenticity in order to be admitted."  Fed. R. Evid. 902.  The government seeks an order that it has satisfied the authenticity and foundational requirements for admission of these documents without calling document custodians and that the documents will be admitted at trial subject only to objections under Federal Rules of Evidence 401 (relevance) and 403 (undue prejudice).

---

[3] The government reserves the right to provide further notice of other entities from which it intends to introduce business records under Federal Rule of Evidence 902(11).

<u>DECLARATION OF POONAM G. KUMAR</u>

I, Poonam G. Kumar, declare as follows:

1.   I am an Assistant United States Attorney ("AUSA") with the Central District of California.  I am assigned to the matter of <u>United States v. Liu</u>, et al., CR 19-282-RGK.

2.   On various dates in May, June, and July 2021, including May 5, June 6, June 30, July 16, July 20, July 26, the government provided written notice to defendants of its intent to introduce self-authenticating business records at trial.  On May 5 and June 6, 2021, the government asked for objections to the notices by a date certain.

3.   Having received no such objections by the requested dates, the government began meeting and conferring with defense counsel about the government's proposed motion in limine.  On July 9, 2021, on a telephone call, the government specifically asked counsel for their position on the motion.  Counsel stated that there was no objection in principle to the admission of domestic business records in this manner, but that counsel needed additional time to review the relevant records.  During that call, counsel asked for assistance in matching the declarations to the underlying business records to which they corresponded.  Within one week, the government provided two charts to defendants delineating, as per their request, the producing party, the bates number of the declaration, and the bates number of the records to which that declaration corresponded.  On another call on July 22, 2021, we again asked for counsel's position.  Counsel stated that they needed additional time to examine the issue, but repeated that, in principle, counsel had no objection to the admission of domestic records in this manner.  On July 26, 2021, for

the first time, counsel asked for specific identification of the records the government seeks to admit so that counsel could ensure that there were no concerns regarding admissibility.

4.    Later that same evening, on July 27, 2021, the government provided defendants two charts setting forth the specific records that the government intended to introduce in this manner.  These lists included documents falling into the following categories:  bank records, customs records, Google subscriber records, and title and escrow records.  In that same communication, the government requested defendants' position on the motion by close of business on July 29, 2021.  To date, the government has not heard back from defendants about their position on the government's motion.

5.    To date, defendants have not identified a deficiency in a custodian of records declaration or any specific concerns regarding the specific documents the government seeks to admit.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on July 29, 2021.

/s/ Poonam G. Kumar
_____
POONAM G. KUMAR