Stephen G. Larson (SBN 145225)
*slarson@larsonllp.com*
Hilary Potashner (SBN 167060)
*hpotashner@larsonllp.com*
A. Alexander Lowder (SBN 269362)
*alowder@larsonllp.com*
**LARSON LLP**
555 South Flower Street, Suite 4400
Los Angeles, California 90071
Telephone:   (213) 436-4888
Facsimile:   (213) 623-2000

Attorneys for Defendants
SCUDERIA DEVELOPMENT, LLC,
1001 DOUBLEDAY, LLC,
VON KARMAN - MAIN STREET, LLC,
and 10681 PRODUCTION AVENUE, LLC

ROBERT F. RUYAK *(Pro Hac Vice)*
*robertr@ruyakcherian.com*
**RUYAKCHERIAN LLP**
1901 L Street NW, Suite 700
Washington, DC  20036
Telephone:  202-838-1560

Attorneys for Defendants
PERFECTUS ALUMINIUM INC.,
aka "Perfectus Aluminum Inc.," and
PERFECTUS ALUMINUM ACQUISITIONS LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 19-cr-00282 RGK |
| Plaintiff, | *Hon. R. Gary Klausner, Ctrm. 850* |
| vs. | **WAREHOUSE AND PERFECTUS DEFENDANTS' MOTION *IN LIMINE* NO. 1 TO EXCLUDE HEARSAY, IRRELEVANT AND UNDULY PREJUDICIAL MATERIALS** |
| ZHONGTIAN LIU,<br>      aka "Liu Zhongtian,"<br>      aka "Chairman,"<br>      aka "Uncle Liu,"<br>      aka "UL,"<br>      aka "Big Boss,"<br>CHINA ZHONGWANG HOLDINGS LIMITED,<br>      aka "ZW,"<br>      aka "Mother Ship,"<br>ZHAOHUA CHEN,<br>      aka "Chen Zhaohua,"<br>      aka "Uncle Chen,"<br>XIANG CHUN SHAO,<br>      aka "Johnson Shao," | Trial Date:  August 10, 2021 |

1

1
2
3
4
5
6

PERFECTUS ALUMINIUM, INC.,
    aka Perfectus Aluminum Inc.,"
PERFECTUS ALUMINUM
ACQUISITIONS, LLC,
SCUDERIA DEVELOPMENT, LLC,
1001 DOUBLEDAY, LLC,
VON KARMAN - MAIN STREET,
LLC, and
10681 PRODUCTION AVENUE, LLC,

    Defendants.

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WAREHOUSE AND PERFECTUS DEFENDANTS' MOTION *IN LIMINE* NO. 1 TO EXCLUDE HEARSAY, IRRELEVANT AND UNDULY PREJUDICIAL MATERIALS

## MOTION

Defendants Scuderia Development, LLC, 1001 Doubleday, LLC, Von Karman-Main Street, LLC, and 10681 Production Avenue, LLC, Perfectus Aluminum Inc., and Perfectus Aluminum Acquisitions, LLC, by and through their attorneys of record, hereby move in *limine* for a ruling to exclude all inadmissible hearsay, irrelevant, and unsubstantiated speculation.

This Motion is based on the attached Memorandum of Points and Authorities, all pleadings and filings on record and such further evidence and argument as the Court may permit.

Dated:  July 30, 2021                        LARSON LLP


                                             By:  _____
                                                       */s/ Hilary Potashner[1]*
                                                  Stephen G. Larson
                                                  Hilary Potashner
                                                  A. Alexander Lowder
                                                  Attorneys for Defendants
                                                  SCUDERIA DEVELOPMENT, LLC,
                                                  1001 DOUBLEDAY, LLC,
                                                  VON KARMAN - MAIN STREET, LLC, and
                                                  10681 PRODUCTION AVENUE, LLC

Dated:  July 30, 2021                        RUYAKCHERIAN LLP


                                             By:  _____
                                                       *Robert F. Ruyak*
                                                  Robert F. Ruyak
                                                  Attorneys for Defendants
                                                  PERFECTUS ALUMINIUM INC., aka
                                                  "Perfectus Aluminum Inc.," and PERFECTUS
                                                  ALUMINUM ACQUISITIONS LLC

---

[1]  Pursuant to Local Rule 5-4.3.4, I attest that Counsel for Defendants Perfectus Aluminium Inc., aka "Perfectus Aluminum Inc.," and Perfectus Aluminum Acquisitions LLC concurs in this filing's content and has authorized its filing.

3

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION

3    Defendants Scuderia Development, LLC, 1001 Doubleday, LLC, Von

4 Karman-Main Street, LLC, and 10681 Production Avenue, LLC, Perfectus

5 Aluminum Inc., and Perfectus Aluminum Acquisitions, LLC's (collectively,

6 "Defendants") motion *in limine* seeks to exclude the government from introducing

7 into evidence (i) inadmissible hearsay, including the Duprè Report and all

8 subsequent media reports related to the Duprè Report, civil deposition testimony,

9 and grand jury testimony; and (ii) speculative statements regarding the ownership of

10 the Warehouse Defendants and Perfectus Defendants.  Defendants make this motion

11 pursuant to Federal Rule of Evidence Rules 401, 403, 602, 801, 802, 803, and 805

12 on the grounds that the government's noticed and the anticipated evidence are

13 inadmissible as hearsay, irrelevant, unduly prejudicial, and speculative.

14

## II.    BACKGROUND

15

### A.    The Duprè Report

16    Defendants anticipate that the government will seek to admit and elicit

17 testimony regarding report authored by Duprè Analytics (the "Duprè Report")

18 published in or around July 2015.  After the report was published, Duprè Analytics

19 was outed a *nom de guerre* of Muddy Waters Capital, an investment fund with the

20 business model of taking short positions in public companies and hurling public

21 accusations of malfeasance and other coordinated media attacks to drive down share

22 prices and profit from the declining share price, published a report containing

23 unflattering allegations relating to some of the parties in this case.  The Duprè

24 Report—a contrived piece designed to attack entities and individuals involved in

25 this case--spawned further media coverage, including Wall Street Journal articles

26 and articles in other media outlets, and was referenced by various potential

27 witnesses in this case.

28

### B.   Civil Deposition Testimony and Grand Jury Testimony

The government has also indicated it may attempt to introduce civil deposition transcripts, and the testimony from the grand jury in this case.  The civil deposition testimony at issue involves Defendant Chen, who is not before this Court, in connection with a civil lawsuit in Texas.  The proffered grand jury testimony involves third parties Peter Douglas Thompson, Stanley Wu, and Suk Gen Luo.

### C.   Anticipated Speculation and Hearsay Regarding Ownership

As demonstrated by numerous witness interviews and various other discovery produced to date, it appears that the government will attempt to establish the Warehouse Defendants and Perfectus were owned or controlled by defendant Liu, or others, based on the speculative testimony and hearsay elicited by the government from witnesses who lack foundation or any personal knowledge, to assert that defendant Liu, or others, "looked" like they were in charge and "acted" like they were in charge.

## III.   ARGUMENT

### A.   Legal Standard

Motions in *limine* are an often utilized and well-recognized tool to assist trial courts in managing and streamlining trials.  *See Ohler v. United States*, 529 U.S. 753, 758 (2000); *Luce v. United States*, 469 U.S. 38, 41 (1984).  As such, motions in *limine* may be used to exclude evidence inadmissible under the rules of evidence. *See e.g. Engquist v. Or. Dep't of Agric.*, 478 F.3d 985, 1010 (9th Cir. 2007) (affirming grant of a motion *in limine* excluding evidence of a verdict in another proceeding against the defendant).  Further, the Court has the discretion to evidence any evidence that would result in "unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403; *see also McEwen v. City of Norman*, 926 F.2d 1539, 1548 (10th Cir. 1991) (recognizing the use of motions in

limine are helpful to avoid an obviously futile attempt at trial to "unring the bell" when highly prejudicial evidence is presented to the jury).

## B.    The Court Should Preclude the Government from Introducing Inadmissible Hearsay Evidence at Trial

An out-of-court statement made by a declarant that is offered to "prove the truth of the matter asserted" is hearsay and is inadmissible unless an exception applies.  Fed. Rule Evid. 801, 802; *Anderson v. United States*, 417 U.S. 211, 219-220 (1974) (reasoning that inadmissible hearsay must be excluded because the non-moving party does not have the opportunity to cross-examine an out-of-court witness.  It is also well-established that the government cannot introduce testimonial evidence against a criminal defendant where the declarant is unavailable at trial and there was no opportunity for cross-examination at the time the prior testimony was given.  *See Crawford v. Washington*, 541 U.S. 36, 68 (2004).  The government has the burden of showing that a particular exception is applicable.  *See United States v. Bellucci*, 995 F.2d 157, 160 (9th Cir. 1993).

The Ninth Circuit has consistently upheld a district court's order granting a party's motion *in limine* on hearsay grounds.  *See, e.g., Cummings v. Amtrak National R.R. Passenger Corp.,* 199 F.3d 1331 (9th Cir. 1999) (district court acted within its discretion in granting defendants' motion to exclude the hearsay statements of non-testifying passengers, because the statements were hearsay pursuant to Federal Rule of Evidence 801); *see also Palmer v. VECO Inc.,* 68 F.3d 481 (9th Cir. 1995) (district court did not err in granting appellee's motion in *limine* excluding the transcribed statement of decedent because it was hearsay not within any exception).  Pursuant to Federal Rules of Evidence 801, 802 and 403, the Court should issue an order precluding the government from introducing any evidence or argument at trial regarding: (i) the Duprè Report; (ii) any deposition transcripts from unrelated civil cases; (iii) transcripts of the grand jury testimony; and

6

1  (iv) speculative and unsubstantiated statements concerning the ownership of the

2  Perfectus Defendants and the Warehouse Defendants.

3         1.      The Duprè Report and Subsequent Media Reports or Testimony

4                 Are Inadmissible Hearsay

5         The Duprè Report itself, the subsequent news articles and media reports

6  discussing the Duprè Report, and all testimony based on the Duprè Report constitute

7  inadmissible hearsay and should be excluded at trial.  First, the Duprè Report is a

8  document written and published by declarant Muddy Waters Capital for the purpose

9  of manipulating and driving down the value of defendant China Zhongwang's

10  shares traded on the Hong Kong Stock Exchange.  Given that the Indictment's

11  charged scheme to defraud investors in defendant China Zhongwang essentially

12  mirrors all of the allegations made in the Duprè Report, Defendants anticipate that

13  the government will offer the Duprè Report to prove that defendant China

14  Zhongwang made materially false statements in its annual reports and specific

15  disclosures.  Therefore, because the government seeks to introduce the Duprè

16  Report to prove the truth of the matter asserted therein, all evidence, argument and

17  references to Duprè Report should be excluded as inadmissible hearsay at trial.

18         The same is true for the news articles and media reports discussing the Duprè

19  Report, regardless of whether such articles and reports have been properly

20  authenticated.  *See Green v. Baca*, 226 F.R.D. 624, 637–38 (C.D. Cal. 2005) ("Even

21  when the actual statements quoted in a newspaper article constitute nonhearsay, or

22  fall within a hearsay exception, their repetition in the newspaper creates a hearsay

23  problem.").  Courts rarely allow newspaper articles and stories into evidence to

24  prove the truth of the statements contained therein, and it is not uncommon for a

25  trial court to summarily reject newspaper articles as obvious hearsay and double

26  hearsay.  *See, e.g., Larez v. Los Angeles*, 946 F.2d 630, 642-43 (9th Cir. 1991) ("As

27  the reporters never testified nor were subjected to cross-examination, their

28

1   transcriptions of Gates's statements involve a serious hearsay problem"); *United*

2   *States v. Resnick*, 594 F.3d 562, 570 n. 4 (7th Cir. 2010) (holding that book excerpts

3   were certainly hearsay); *United States v. Baker*, 432 F.3d 1189, 1212 n. 23 (11th

4   Cir. 2007) (holding Miami Herald newspaper article regarding the identity of

5   gunmen inadmissible as double hearsay of reporter's account of what eyewitnesses

6   stated); *Horta v. Sullivan*, 4 F.3d 2, 8 (1st Cir. 1993) (newspaper article contained

7   double hearsay and was inadmissible).  Therefore, the news articles and media

8   reports, especially the articles published by the Wall Street Journal, discussing the

9   Duprè Report constitute double hearsay and should be excluded as inadmissible

10   evidence at trial.

11                  2.      Civil Deposition Transcripts Are Inadmissible Hearsay

12          Defendants anticipate that the government will seek to admit the deposition

13   transcript, dated April 1, 2019, of defendant Zhaohua Chen ("Chen") taken in the

14   Texas state court case *REDDs, LLC v. Roter Stein Anlagen AG, LTD, and Eric Po-*

15   *Chi Shen*.  However, Chen's deposition transcript in this civil case constitutes

16   inadmissible hearsay and should not be admitted for a number of reasons.

17   Deposition transcripts are text-book hearsay when offered as substantive evidence to

18   prove the truth of the matter asserted.  *See Coleman v. Wilson,* 912 F.Supp. 1282,

19   1295 (E.D. Cal. 1995)  ("As a general matter, admissibility of deposition testimony

20   is resolved under the hearsay rule.")  Further, the government's use of defendant

21   Chen's prior deposition testimony would violate *Crawford v. Washington*, as a

22   defendant Chen's Confrontation Clause rights preclude the government from

23   offering an unavailable declarant's deposition testimony.  *See Crawford v.*

24   *Washington*, 541 U.S. 36, 68 (2004); *United States v. Wilmore*, 381 F.3d 868, 872

25   (9th Cir. 2004).  Accordingly, the Court should exclude Chen's prior deposition

26   testimony as inadmissible hearsay.

27

28

8

3.      <u>Grand Jury Transcripts Are Inadmissible Hearsay and Violate</u>
       <u>*Crawford*</u>

Defendants further anticipate that the government will introduce the grand jury testimony of Peter Douglas Thompson, Stanley Wu, and Suk Gen Luo at trial. To the extent the government seeks to introduce the grand jury testimony in their case chief, it should be precluded from doing so because it is inadmissible hearsay. An unavailable declarant's grand jury testimony generally may not be admitted at trial for the truth of the matter asserted. *See U.S. v. Jefferson* 594 F.Supp.2d 655 (E.D. Va. 2009). Moreover, use of such transcripts would violate *Crawford v. Washington*, as the defendants' Confrontation Clause rights preclude the government from offering an unavailable declarant's grand jury testimony. "It is undisputed that [the witnesses'] grand jury testimony was 'testimonial…'" *Wilmore,* 381 F.3d at 872 (holding violation of *Crawford* when grand jury testimony substantively admitted without opportunity to cross-examine."). As there is no basis for the government to substantively introduce the grand jury transcripts into evidence, the Court should exclude this testimony at trial on the grounds that it constitutes inadmissible hearsay.

4.      <u>Speculative Statements Regarding Ownership of Warehouse</u>
       <u>Defendants</u>

Defendants also anticipate the government will attempt to introduce speculative statements and rumors pertaining to the ownership of the Warehouse Defendants and the Perfectus Defendants. Statements subject to the hearsay rule may be in the form of rumors. *See Gordon v. FedEx Freight, Inc*., 674 F3d 769, 774-775 (7th Cir. 2012) (alleged "rumor" that employee heard from supervisor before employee's injury about a plan to eliminate certain positions was inadmissible hearsay). Moreover, office rumors are not admissible even if they are from someone whose statements may not be subject to the hearsay objection. *See*

9

*Morisseau v. DLA Piper*, 532 F. Supp. 2d 595 (S.D. N.Y. 2008), *aff'd*, 355 Fed. Appx. 487 (2d Cir. 2009). Here, numerous interview notes produced by the government asked whether the witnesses "believed" defendant Liu owned the Perfectus Defendants and Warehouse Defendants because he seemed like he was "in charge" and "the boss." Such statements are speculative, lack personal knowledge, and to the extent they are based on rumors, constitute inadmissible hearsay. Moreover, such statements are unduly prejudicial and lack any probative value because an individual's mere "belief" as to who owns the Warehouse Defendants and Perfectus Defendants has no tendency to prove an entity's legal ownership. Thus, this evidence will likely mislead and cause juror confusion. Accordingly, the government should be precluded from inquiring based on a witness's speculation as to the legal ownership of the Warehouse Defendants and Perfectus Defendants.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion *in Limine* No 1 should be granted.

Dated: July 30, 2021                         LARSON LLP


                                             By:        */s/ Hilary Potashner*
                                                   Stephen G. Larson
                                                   Hilary Potashner
                                                   A. Alexander Lowder
                                             Attorneys for Defendants
                                             SCUDERIA DEVELOPMENT, LLC,
                                             1001 DOUBLEDAY, LLC,
                                             VON KARMAN - MAIN STREET, LLC, and
                                             10681 PRODUCTION AVENUE, LLC

10

1   Dated:  July 30, 2021                    RUYAKCHERIAN LLP

2

3
                                            By:   _____
4                                                     *Robert F. Ruyak*
                                                  Robert F. Ruyak
5                                           Attorneys for Defendants
                                            PERFECTUS ALUMINIUM INC., aka
6                                           "Perfectus Aluminum Inc.," and PERFECTUS
                                            ALUMINUM ACQUISITIONS LLC
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28