Stephen G. Larson (SBN 145225)
*slarson@larsonllp.com*
Hilary Potashner (SBN 167060)
*hpotashner@larsonllp.com*
A. Alexander Lowder (SBN 269362)
*alowder@larsonllp.com*
**LARSON LLP**
555 South Flower Street, Suite 4400
Los Angeles, California 90071
Telephone:   (213) 436-4888
Facsimile:    (213) 623-2000

Attorneys for Defendants
SCUDERIA DEVELOPMENT, LLC,
1001 DOUBLEDAY, LLC,
VON KARMAN - MAIN STREET, LLC,
and 10681 PRODUCTION AVENUE, LLC

ROBERT F. RUYAK *(Pro Hac Vice)*
*robertr@ruyakcherian.com*
**RUYAKCHERIAN LLP**
1901 L Street NW, Suite 700
Washington, DC  20036
Telephone:  202-838-1560

Attorneys for Defendants
PERFECTUS ALUMINIUM INC.,
aka "Perfectus Aluminum Inc.," and
PERFECTUS ALUMINUM ACQUISITIONS LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 19-cr-00282 RGK |
| Plaintiff, | *Hon. R. Gary Klausner, Ctrm. 850* |
| vs. | **WAREHOUSE AND PERFECTUS DEFENDANTS' MOTION *IN LIMINE* NO. 2 TO EXCLUDE THE GOVERNMENT'S PROFFERED RULE 404(b) EVIDENCE** |
| ZHONGTIAN LIU,<br>　　aka "Liu Zhongtian,"<br>　　aka "Chairman,"<br>　　aka "Uncle Liu,"<br>　　aka "UL,"<br>　　aka "Big Boss,"<br>CHINA ZHONGWANG HOLDINGS LIMITED,<br>　　aka "ZW,"<br>　　aka "Mother Ship,"<br>ZHAOHUA CHEN,<br>　　aka "Chen Zhaohua,"<br>　　aka "Uncle Chen,"<br>XIANG CHUN SHAO,<br>　　aka "Johnson Shao," | Trial Date:       August 10, 2021 |

1
2
3
4
5
6

PERFECTUS ALUMINIUM, INC.,
      aka Perfectus Aluminum Inc.,"
PERFECTUS ALUMINUM
ACQUISITIONS, LLC,
SCUDERIA DEVELOPMENT, LLC,
1001 DOUBLEDAY, LLC,
VON KARMAN - MAIN STREET,
LLC, and
10681 PRODUCTION AVENUE, LLC,

              Defendants.

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WAREHOUSE AND PERFECTUS DEFENDANTS' MOTION *IN LIMINE* NO. 2 TO EXCLUDE THE
GOVERNMENT'S PROFFERED RULE 404(b) EVIDENCE

1

## **MOTION**

Defendants Scuderia Development, LLC, 1001 Doubleday, LLC, Von Karman-Main Street, LLC, and 10681 Production Avenue, LLC, Perfectus Aluminum Inc., and Perfectus Aluminum Acquisitions, LLC, by and through their attorneys of record, hereby move in *limine* for a ruling to exclude evidence the government seeks to introduce into evidence at trial pursuant to Federal Rule of Evidence 404(b).

This Motion is based on the below Memorandum of Points and Authorities, all pleadings and filings on record and such further evidence and argument as the Court may permit.

Dated:  July 30, 2021                    LARSON LLP


By: _____ */s/ Hilary Potashner[1]*
                        Stephen G. Larson
                        Hilary Potashner
                        A. Alexander Lowder
                        Attorneys for Defendants
                        SCUDERIA DEVELOPMENT, LLC,
                        1001 DOUBLEDAY, LLC,
                        VON KARMAN - MAIN STREET, LLC, and
                        10681 PRODUCTION AVENUE, LLC

Dated:  July 30, 2021                    **RUYAKCHERIAN LLP**


By: _____ */s/ Robert F. Ruyak*
                        Robert F. Ruyak
                        Attorneys for Defendants
                        PERFECTUS ALUMINIUM INC., aka
                        "Perfectus Aluminum Inc.," and PERFECTUS
                        ALUMINUM ACQUISITIONS LLC

_____

[1]   Pursuant to Local Rule 5-4.3.4, I attest that Counsel for Defendants Perfectus Aluminium Inc., aka "Perfectus Aluminum Inc.," and Perfectus Aluminum Acquisitions LLC concurs in this filing's content and has authorized its filing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Defendants Scuderia Development, LLC, 1001 Doubleday, LLC, Von Karman-Main Street, LLC, and 10681 Production Avenue, LLC, Perfectus Aluminum Inc., and Perfectus Aluminum Acquisitions, LLC's (collectively, "Defendants") motion *in limine* seeks to exclude the government from introducing inadmissible character evidence under Federal Rule of Evidence 404(b) that is irrelevant and otherwise unduly prejudicial.

## II. BACKGROUND

The government provided the following notices of "other act" evidence that it will seek to introduce at trial as "inextricably intertwined" or under Rule 404(b) as follows:

- On June 30, 2021, the government provided notice that it intends to illicit evidence of the following at trial: (i) Defendants' failure to appear on the Court-issued summonses between August 2019 and April 2020; (ii) Zhijie Wang's statements to Alston employee(s) not to say too much to federal investigators; (iii) Zhijie Wang's shredding of documents after the execution of the search warrants; (iv) instructions by Zhongsuo Liu and Johnson Shao to a witness to tell government investigators that Johnson Shao was in charge and not to mention the Liu family's connection to the business.

- On July 14, 2021, the government provided notice that the government intends to elicit evidence at trial related to the shipment of mass quantities of aluminum from China Zhongwang to Aluminicaste in Mexico, the payment of this aluminum by Scuderia and others to various entities throughout the world and evidence that Scuderia paid for aluminum shipped to Vietnam.

1    • On July 16, 2021, the government provided notice that it intends to
2       elicit evidence at trial related to the incorporation of Pacific Aluminum
3       Industrial, LLC through Hong Li and Jin Qi Zhou in or around June
4       2010 at the direction of Zhongtian Liu.

5  ## III.  **ARGUMENT**

6       Federal Rule of Evidence 404(b) provides that "[e]vidence of other crimes,
7  wrongs, or acts is not admissible to prove the character of a person in order to show
8  action in conformity therewith."  Fed. R. Evid. 404(b).  The Ninth Circuit generally
9  disfavors admitting other act evidence.  *See United States v. Vizcarra-Martinez*,
10 66 F.3d 1006, 1013 (9th Cir. 1995) ("[E]xtrinsic acts evidence is not looked upon
11 with favor") (quoting *United States v. Bradley*, 5 F.3d 1317, 1320 (9th Cir. 1993));
12 *United States v. Mayans*, 17 F.3d 1174, 1181 (9th Cir. 1994) (same).  The
13 limitations of Rule 404(b) are "designed to avoid a danger that the jury will punish
14 the defendant for offenses other than those charged, or at least that it will convict
15 when unsure of guilt, because it is convinced the defendant is a bad man deserving
16 of punishment."  *United States v. Hill*, 953 F.2d 452, 457 (9th Cir. 1991); *United*
17 *States v. Curtin*, 489 F.3d 935, 957 (9th Cir. 2007) ("Because evidence of other
18 crimes, wrongs, or acts carries with it the inherent potential to see the defendant
19 simply as a bad person and convict because of who he is rather than what he did, a
20 trial court must take appropriate care to see that this does not happen); *Mayans*,
21 17 F.3d at 1181 (noting "'our reluctance to sanction the use of other acts evidence
22 stems from the underlying premise of our criminal justice system, that the defendant
23 must be tried for what he did, not for who he is."').

24      Rule 404(b) allows admission of such evidence only if the government can
25 establish that it goes to other purposes, "such as proof of motive, opportunity, intent,
26 preparation, plan, knowledge, identity or absence of mistake or accident."  Fed. R.
27 Evid. 404(b).  In addition, the Ninth Circuit exempts certain categories of "other

28

act" evidence from the requirements of Rule 404 when such evidence is "inextricably intertwined" with the crime with which the defendant is charged. *See Vizcarra-Martinez*, 66 F.3d at 1012. The Ninth Circuit has articulated a four-part test for admissibility under Rule 404(b). *See Mayans*, 17 F.3d at 1181. Evidence of prior acts and crimes may be admitted if: (i) the evidence tends to prove a material point; (ii) the prior act is not too remote in time; (iii) there is sufficient evidence to support the assertion that the defendant committed the act in question; and (iv) in cases where knowledge or intent are at issue, the act must be similar to the one charged. *Id*. The burden of proving that the evidence meets these requirements rests on the government as the proffering party. *Id.* at 1183. Even if the Court finds that the evidence meets this test, it must still assess the probative value of the evidence against the preclusive factors of Rule 403. *See Old Chief v. United States*, 519 U.S. 172, 182 (1997) (other act evidence is subject to Rule 403 balancing test "for relative probative value and for prejudicial risk of misuse as propensity evidence"). The government bears the burden of showing that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice to the defendant. *See United States v Conners*, 825 F.2d 1384, 1390 (9th Cir. 1987).

A. **Evidence Regarding the Defendants' Failure to Appear Should Be Excluded**

On June 30, 2021, the government provided notice that it intends to introduce into evidence that the Perfectus Defendants and Warehouse Defendants failed to respond to the Court's summonses and appear for arraignment between August 2019 through April 2020. The government asserts that such evidence is admissible as this evidence is "inextricably intertwined" because defendants' failure to appear was "within the time period set forth in the indictment and [is] direct evidence to show the circumstances surrounding the commission of the crimes alleged." In addition, the government argues that such evidence is admissible under Rule 404(b) to show

3

"intent" and "consciousness of guilt on the part of co-conspirators and a corporate representative of the defendants." Not so.

On its face, the Indictment expressly limits the time frame of the charged conspiracy in Count One as July 2008 through to the date the Indictment was filed on May 7, 2019, even though the last alleged overt act occurred approximately one-and-a-half years before on December 12, 2017. (Indictment, ¶¶ 32, 36, Overt Act No. 98); *see United States v. Forrester*, 616 F.3d 929, 940 (9th Cir. 2010) (recognizing that an indictment charging conspiracy cannot be completely open-ended and must adequately limit the time frame based on its overt acts). The Indictment further limits the relevant time period for Counts Two through Ten (wire fraud) as occurring between May 2014 and April 2015, and Counts Eleven through Seventeen (customs fraud) and Counts Eighteen through Twenty-Four (international promotional money laundering) are all based on conduct that occurred in 2014. (Indictment, ¶¶ 38, 40, 42.) The Indictment facially contradicts the government's position that Defendants' delayed appearance from August 26, 2019 to March 18, 2020 falls "within the time period set forth in the indictment." As a result, the government's contention that Defendants' delayed appearance constitutes "direct evidence" of the circumstances "surrounding the commission of the crimes alleged" is flawed. Logically speaking, a defendant's subsequent conduct cannot be "direct evidence" of the circumstances "surrounding" the commission of a crime that occurred years prior. Therefore, the government has not and cannot meet its burden of establishing that evidence related to Defendants' delayed appearance is admissible as "inextricably intertwined" with the charged offenses.

Furthermore, this evidence should be excluded under Rule 404(b). The government may attempt to mischaracterize the Warehouse Defendants' and the Perfectus Defendants' delayed appearances as "flight." However, such an argument is readily disposed of. Although evidence of "flight" is admissible to prove

4

consciousness of guilt, *United States v. Harris*, 792 F.2d 866, 869 (9th Cir. 1986), the evidence must be "relevant and material."  *United States v. Tinker*, 185 F.3d 871 (9th Cir. 1999).  Here, evidence regarding Defendants' delayed appearance is not relevant this evidence has no tendency to prove the substantive counts charged in the Indictment.  Moreover, the Warehouse Defendants and Perfectus Defendants did not "flee" once the Indictment was filed, nor could they.  The Warehouse Defendants and the Perfectus Defendants are corporate entities, not natural persons. Moreover, in this case, it is Defendants' alleged co-conspirators—and not Defendants—who have yet to appear.  Even if the government could demonstrate that the alleged co-conspirators were present in the U.S. and then fled, because a co-defendant's flight is not relevant and inadmissible to "show the guilt of anyone other than the fleeing defendant," *United States v. Ortland*, 109 F.3d 539, 545 (9th Cir. 1997), this evidence is irrelevant and inadmissible.  Finally, there is an obvious risk of unfair prejudice if this evidence is presented to the jury as the jury would be misled into believing that the co-defendant's flight is sufficient to establish Defendants' guilt.  Therefore, the Court should exclude this evidence under Rule 403.

### B.    Incorporation of Third-Party Pacific Aluminum Industrial, LLC

On July 16, 2021, the government provided notice that it intends to elicit evidence at trial related to the incorporation of Pacific Aluminum Industrial, LLC ("Pacific Aluminum") through Hong Li ("Li") and Jin Qi Zhou ("Zhao") in or around June 2010 at the direction of defendant Liu, again asserting that this evidence is admissible as "inextricably intertwined" because it proves that defendant Liu and defendant CZ would conceal their connection to United States-based companies by having other third parties purport to take control of these companies when, in fact, defendant Liu effectively owned and controlled these companies.  The government further asserts that this evidence is admissible as "inextricably intertwined" to the

WAREHOUSE AND PERFECTUS DEFENDANTS' MOTION *IN LIMINE* NO. 2 TO EXCLUDE THE GOVERNMENT'S PROFFERED RULE 404(b) EVIDENCE

charged scheme because Pacific Aluminum was incorporated after Commerce initiated its investigation in April 2010 as to whether AD/CVD duties should be imposed on imports of aluminum extrusions to the United States, and constitutes admissible "other act" evidence to show intent, knowledge, modus operandi, and the existence of a scheme/plan under Rule 404(b)(2).

Contrary to the government's notice, the facts surrounding the incorporation and subsequent dissolution of Pacific Aluminum—which is notably not referenced anywhere in the Indictment—is not "inextricably intertwined" to the scheme charged and is furthermore inadmissible under Rule 404(b)(1).

Put simply, that Zhao and Li incorporated Pacific Aluminum in 2010 bears no similarity and is also too remote to the conduct charged in the Indictment to fall within the "inextricably intertwined" exemption to Rule 404(b). While the government relies on the fact that Pacific Aluminum was incorporated two months after Commerce initiated its investigation in April 2010 to argue that the "prior act was not too remote in time," *Mayans*, 17 F.3d at 1181, the government ignores that the prior act occurred before Commerce issued the 2011 AD/CVD Orders on May 26, 2011.  (Indictment, ¶ 29.)  Here, there is no allegation that Pacific Aluminum, in its two-year existence, had any involvement with the importation of the aluminum pallets charged in the Indictment.  Indeed, the substantive customs fraud counts are limited to imports that took place in 2014 – two years after Pacific Aluminum was dissolved.  The allegations related to Count One for conspiracy also do not show Pacific Aluminum's involvement.  The Indictment alleges defendant CZ's 2010 and 2011 annual reports reflected a decline in revenue, and it is common knowledge that the dissolution of a subsidiary would not be material to investors. Therefore, this evidence is not "inextricably intertwined" with the schemes charged in the Indictment.

Nor is this evidence admissible under Rule 404(b) to prove intent, knowledge, modus operandi, and the existence of a scheme/plan.  Here, the government's notice falls to "articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from" by Zhao and Li's incorporation of Pacific Aluminum on June 18, 2010.  *See United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982).  This alone warrants excluded this evidence at trial.  Moreover, whether Zhao and Li incorporated Pacific Aluminum in 2010 for the (lawful) purpose of building an aluminum plant in Southern California is not relevant to whether Defendants, in 2011 through 2014, imported the aluminum pallets referenced in the Indictment with knowledge that the pallets fell within the scope of the 2011 AD/CVD Orders and with the intent to defraud the United States.  Under Rule 404(b), it is well-established that evidence of other crimes or wrongs is inadmissible where "its only relevance is to show criminal disposition."  *United States v. Miller*, 874 F.2d 1255, 1268 (9th Cir. 1989).  In asserting that Zhao and Li's incorporation of Pacific Aluminum in 2010 "proves that defendant Liu and defendant [CZ] would conceal their connection to U.S.-based companies by having other third parties purport to take control of these companies when, in fact, defendant Liu effectively owned and controlled these companies," the government essentially concedes that such evidence is only relevant to show defendant Liu's purported criminal disposition.  *See, e.g., United States v. Shayota*, 2016 WL 6093237, at *4 (N.D. Cal. Oct. 19, 2016), *aff'd*, 784 F. App'x 986 (9th Cir. 2019) (granting motion in *limine* to exclude "other act" evidence under Rule 404(b) where the prior acts were not probative of any aspect of the charged conspiracy).

Should the Court disagree, the Court should nonetheless exclude this evidence as any probative value it may have is substantially outweighed by the danger of unfair prejudice and confusion.  Fed. R. Evid. 403.  There is a substantial danger that referencing Pacific Aluminum—thereby unnecessarily adding another company

7

to the already long list of entities that will be discussed at trial—and its incorporation in June 2010 will only serve to confuse and mislead the jury regarding the relevant timeframe and issues at trial.  *See Schagene v. Mabus*, 704 F. App'x 671, 673 (9th Cir. 2017) (holding the district court erred in admitting evidence of prior act where it would mislead the jury as to the timeframe of the events alleged). Further, because the Indictment does not mention Pacific Aluminum, it is likely that a jury will mistakenly believe that Defendants can be found liable based on a third-party's conduct.  *See United States v. Lawrence*, 189 F.3d 838, 843 (9th Cir. 1999) (affirming district court's order excluding unnecessary evidence that would only have served to confuse the jury and mislead them from their primary inquiry as to whether defendant violated the federal statutes in question).  Accordingly, the Court should exclude all evidence and argument related to Pacific Aluminum.

### C.   Evidence Relating to the Shipment of Aluminum to Mexico and Vietnam

On July 16, the government noticed its intent to elicit evidence at trial related to the shipment of mass quantities of aluminum from defendant China Zhongwang to Aluminicaste Fundicion de Mexico ("Aluminicaste") in Mexico, and the payments made by "Scuderia and others to various entities throughout the world." The government contends that this evidence is admissible because: (i) it is "inextricably intertwined" with the scheme to defraud investors in defendant CZ as these sales were purportedly used to inflate the revenue of defendant CZ and shows the falsity of defendant CZ's statements that it had no connection to Aluminicaste and Global Vietnam Aluminum ("GVA"); and (ii) it is admissible for the purpose of establishing "intent, knowledge and the existence of a scheme/plan" under Rule 404(b)(2).

However, the proffered evidence bears no connection to the offenses charged in the Indictment.  Moreover, the shipment of aluminum to Mexico and the

exportation of aluminum to Vietnam were not unlawful. Thus, the use of this evidence should be excluded as inadmissible under Rule 404(b)(2) on the basis that the government only seeks to admit this evidence to prove Defendants' propensities. In this regard, the Court should also exclude this evidence under Rule 403 as both misleading and confusing for the jury because the jury could convict the Defendants by improperly inferring guilt based on third-parties' entirely lawful business activities that are not charged in the Indictment.

### D.   The Remaining Categories of "Other Act" Evidence Noticed by the Government

On June 30, 2021, the government notified Defendants that it intends to introduce at trial evidence prior acts and statements made by third-parties Zhijie Wang ("Wang") and Zhongsuo Liu and defendant Johnson Shao ("Shao") under Rule 404(b).  As to Wang—who is *not* a defendant— the government seeks to introduce evidence that Wang purportedly told Alston's (an entity that is also not mentioned in the Indictment) employees not to "say too much to federal investigators," and ordered them to shred documents after the government executed its search warrants.  In a similar vein, the government intends to elicit evidence at trial that Zhongsuo Liu, who is not a named in the Indictment, and defendant Shao purportedly told a witness to tell the government that Shao was "in charge" and to not mention defendant Liu's family.

All of this evidence, however, should be excluding on the grounds that it is irrelevant, inadmissible hearsay, inadmissible character evidence and is unduly prejudicial.  That third-parties actions and statements made considerably after the conduct charged in the Indictment is not relevant to proving the guilt as to Defendants.  *See United States v. Lloyd*, 807 F.3d 1128, 1157-1158 (9th Cir. 2015) (holding evidence of defendant's subsequent acts not admissible under Rule 404(b).) In essence, the government seeks to elicit this evidence in order to mislead and

9

confuse the jury such that it improperly implies "guilt-by-association" as to Defendants. This is improper, and courts have repeatedly excluded this type of evidence on similar grounds. *See, e.g., Sanchez v. Jiles*, 2012 WL 13005996, at \*15 (C.D. Cal. June 14, 2012) (granting motion in *limine* to exclude evidence regarding the existence of a cover up on the grounds that it is irrelevant, unduly prejudicial, confusing and misleading); *Bernard v. Johnson*, 2016 WL 3965161, at \*6 (N.D. Cal. July 25, 2016) (noting that the trial court granted motion in *limine* to exclude evidence related to third-parties as more prejudicial than probative). Furthermore, it is indisputable that the jury would likely infer guilt on Defendants upon hearing that Wang ordered Alston's employees to shred documents, which will taint the jury's perception of Defendants. As such, the Court should exclude any evidence or argument concerning these prior acts of Wang, Shao and Zhongsuo Liu.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion *in Limine* should be granted.

Dated:  July 30, 2021                    LARSON LLP


By:              */s/ Hilary Potashner*
                 Stephen G. Larson
                 Hilary Potashner
                 A. Alexander Lowder
          Attorneys for Defendants
          SCUDERIA DEVELOPMENT, LLC,
          1001 DOUBLEDAY, LLC,
          VON KARMAN - MAIN STREET, LLC, and
          10681 PRODUCTION AVENUE, LLC

WAREHOUSE AND PERFECTUS DEFENDANTS' MOTION *IN LIMINE* NO. 2 TO EXCLUDE THE
GOVERNMENT'S PROFFERED RULE 404(b) EVIDENCE

Dated:  July 30, 2021

**RUYAKCHERIAN LLP**

By:  _____*/s/ Robert F. Ruyak*_____
        Robert F. Ruyak
Attorneys for Defendants
PERFECTUS ALUMINIUM INC., aka
"Perfectus Aluminum Inc.," and PERFECTUS
ALUMINUM ACQUISITIONS LLC

WAREHOUSE AND PERFECTUS DEFENDANTS' MOTION *IN LIMINE* NO. 2 TO EXCLUDE THE
GOVERNMENT'S PROFFERED RULE 404(b) EVIDENCE