TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
POONAM G. KUMAR (Cal. Bar No. 270802)
ROGER A. HSIEH (Cal. Bar No. 294195)
GREGORY D. BERNSTEIN (Cal. Bar No. 299204)
Assistant United States Attorneys
Major Fraud/General Crimes Sections
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0719/0600/3183
     Facsimile: (213) 894-6269
     E-mail:    poonam.kumar@usdoj.gov
                roger.hsieh@usdoj.gov
                gregory.bernstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 19-282-RGK |
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION TO CONTINUE TRIAL |
| v. | |
| ZHONGTIAN LIU,<br> aka "Liu Zhongtian,"<br> aka "Chairman,"<br> aka "Uncle Liu,"<br> aka "UL,"<br> aka "Big Boss,"<br>CHINA ZHONGWANG HOLDINGS LIMITED,<br> aka "ZW,"<br> aka "Mother Ship,"<br>ZHAOHUA CHEN,<br> aka "Chen Zhaohua,"<br> aka "Uncle Chen,"<br>XIANG CHUN SHAO,<br> aka "Johnson Shao,"<br>PERFECTUS ALUMINIUM Inc.,<br> aka "Perfectus Aluminum Inc.,"<br>PERFECTUS ALUMINUM ACQUISITIONS, LLC,<br>SCUDERIA DEVELOPMENT, LLC,<br>1001 DOUBLEDAY, LLC,<br>VON KARMAN – MAIN STREET, LLC,<br>   and | |

1  | 10681 PRODUCTION AVENUE, LLC,
2  |        Defendants.
3  |

4      Plaintiff United States of America, by and through its counsel
5  of record, the Acting United States Attorney for the Central District
6  of California and Assistant United States Attorneys Poonam G. Kumar,
7  Roger A. Hsieh, and Gregory D. Bernstein, hereby files its Opposition
8  to Defendants' <u>Ex Parte</u> Application to Continue Trial.
9      This Opposition is based upon the attached memorandum of points
10 and authorities, the declaration of Poonam G. Kumar, the files and
11 records in this case, and such further evidence and argument as the
12 Court may permit.
13
14  Dated: August 4, 2021           Respectfully submitted,
15                                  TRACY L. WILKISON
                                    Acting United States Attorney
16
                                    SCOTT M. GARRINGER
17                                  Assistant United States Attorney
                                    Chief, Criminal Division
18
19                                       /s/
                                    _____
                                    POONAM G. KUMAR
20                                  ROGER A. HSIEH
                                    GREGORY D. BERNSTEIN
21                                  Assistant United States Attorneys

22                                  Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA
23
24
25
26
27
28

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

After willfully disobeying the Court's summonses to appear for almost eight months, the imposition of $5.8 million in contempt sanctions that remain unpaid, the sound rejection of their motion to dismiss, and less than two days after the government sent defendants its witness and exhibit lists at defendants' request, defendants now ask this Court to continue the trial nearly four months. Defendants' request for a continuance is gamesmanship, and defendants identify no credible basis to continue the trial; a complex trial for which the government estimates will take 15 court days to present its case-in-chief. Defendants' last-minute request to continue the trial should be denied.

**II. STATEMENT OF FACTS**

In May 2019, a grand jury returned a 24-count indictment against ten defendants, including the Perfectus and Warehouse defendants. The same day the indictment was returned, the government filed a complex-case notice and provided an estimate of 15-court days for its case-in-chief. Court-issued summonses required the Perfectus and Warehouse defendants to appear on August 29, 2019. Rather than face the consequences of their actions, defendants willfully disregarded the Court order for nearly eight months. Finally, when confronted with the prospect of losing the civil forfeiture actions, which they were actively litigating while in fugitive status in the criminal case, defendants appeared in the criminal case in April 2020.

Between April 2020 and the date of defendants' <u>ex parte</u> application, the government has produced approximately 2.83 million pages of paper discovery to defendants. (Kumar Decl. ¶ 2.) By June

24, 2021 – six weeks before trial in this matter – the government had produced 2.78 million of those pages. (Id.) In the last six weeks, the government's discovery productions have consisted largely of Reports of Investigation based on new interviews conducted by the government, early production of Jencks material, translations of documents in the Mandarin language (following the defendants' failure to sign draft translation agreements which would have allowed earlier production thereof), re-production of documents already in the possession of defendants, and bank records some of which had already been summarized in charts produced to defendants. Each production was accompanied by a detailed index describing the contents of the production.[1]

At no time prior to defendants' email of yesterday morning have defendants stated their intent to request a continuance. Below is a summary of the parties' relevant discussions to date:

- Following the Court's denial of the parties' stipulation to continue on April 30, 2021 the government specifically asked on a telephonic conference on May 5, 2021, whether defendants intended to ask for a continuance. Defendants stated they did not. (Kumar Decl. ¶ 3);
- On July 15, 2021, defense counsel reached out to the Acting United States Attorney regarding this case, in which counsel

---

[1] Aside from the discovery referenced in defendants' ex parte application and herein, defendants have been provided access to various digital devices, cell phone data extracted from cell phones that will not be introduced at trial, potentially privileged material identified by former employees of one of the defendants to which the prosecution team has had no access and will not be used at trial. (Kumar Decl. ¶ 2.)

2

specifically represented that defendants "will be ready for trial on [August 10, 2021]." (Kumar Decl. ¶ 4);

- Beginning on July 20, 2021, the government provided defense counsel with drafts of the summary charts it intended to introduce at trial. (Kumar Decl. ¶ 5);
- On or about July 22, 2021, defense counsel inquired whether the government anticipated any delay in the trial date due to the ongoing COVID-19 pandemic. When the government stated it did not anticipate any such delay, counsel represented that this was good, because the time had been blocked off. (Kumar Decl. ¶ 6);
- On July 26, 2021, on a telephone call regarding proposed jury instructions, the parties discussed the timeline for jury instructions, defense counsel did not mention a possible request for a continuance. (Kumar Decl. ¶ 7);
- On July 29, 2021, on another telephonic call about proposed jury instructions, the parties agreed to exchange memoranda of law on the jury instructions on August 2, 2021. During this telephone call, counsel did not mention any possible request for a continuance. (Id.);
- On July 31, 2021, defense counsel asked for the government's exhibit and witness lists in order to help prepare for trial. Counsel did not mention any possible request for a continuance. (Kumar Decl. ¶ 8);
- On August 1, 2021, defense counsel noticed a third defense expert. Counsel did not mention any possible request for a continuance. (Kumar Decl. ¶ 9);
- On August 2, 2021 at 9:18 P.M., the government provided the witness and exhibit lists to counsel. In its email to counsel,

3

the government noted that it was uploading to a shared folder some of the larger exhibits that evening and the government was working on properly labeling the remaining exhibits. Later that evening, the government uploaded more of its exhibits to counsel with their trial exhibit numbers applied. On August 3, 2021, prior to defendants' <u>ex parte</u> filing, the government uploaded almost all of the remaining exhibits, except for the final summary charts and six documents which had previously been identified by bates numbers. The remaining six documents were provided on August 4, 2021. Summary chart drafts had been provided to defendants earlier. (Kumar Decl. ¶ 10); and

- On August 3, 2021, at 9:58 A.M., defense counsel emailed the government stating that it would be seeking a continuance of the trial. (Kumar Decl. ¶ 11); and

- On August 4, 2021, defendants filed their <u>ex parte</u> application to continue the trial. (CR Dkt. No. 223.)

### III. THERE IS NO CREDIBLE BASIS FOR DEFENDANTS' BELATED REQUEST FOR A TRIAL CONTINUANCE

Defendants have raised no justification for a trial continuance or for their eleventh-hour request. Defendants have had over one year (since their appearance) and two years (since the indictment was unsealed) to prepare this matter. Indeed, they have repeatedly stated that they are ready for trial. The Court should deny defendants' request. <u>See</u> <u>United States v. Ortiz</u>, 603 F.2d 76, 78 (9th Cir. 1979) ("trial judge possesses broad discretion to grant or deny motions for continuance"); <u>United States v. Wilkes</u>, 662 F.3d 524, 543 (9th Cir. 2011) (denial of motion for trial continuance

reviewed for abuse of discretion and defendant must show denial was "arbitrary or unreasonable" and suffered prejudice).

Defendants claim that a failure by the Court to grant the requested continuance would deny them their Sixth Amendment right to counsel. The Ninth Circuit has laid out five factors the Court should consider when considering such a claim: "(1) whether the continuance would inconvenience witnesses, the court, counsel, or the parties; (2) whether other continuances have been granted; (3) whether legitimate reasons exist for the delay; (4) whether the delay is the defendant's fault; and (5) whether a denial would prejudice the defendant." United States v. Turner, 897 F.3d 1084, 1102 (9th Cir. 2018)(quoting United States v. Thompson, 587 F.3d 1165, 1173 (9th Cir. 2009)). Not a single factor justifies a continuance here.

As to the first factor, as defendants well know, the government expects to call approximately 40 to 50 witnesses at trial, many of whom have to travel in from out of state. (Kumar Decl. ¶ 12.) Travel arrangements have been made for these witnesses and the witnesses have been asked to block out large swaths of time in order to testify at trial. Several of the witnesses have rearranged their schedules to accommodate the current trial date, and this factor favors the government See United States v. Shirley, 884 F.2d 1130, 1135 (9th Cir. 1989) (district court properly denied motion to continue trial that would have resulted in inconvenience to government which planned to call dozens of witnesses some which involved logistical challenges). To date, the Court previously granted two continuances of the trial date, in total amounting to over a year of continuances.

The fourth and fifth factors also militate against a continuance. Defendants claim that their request is based on the government's belated discovery productions. The government has complied with its discovery obligations throughout the pendency of the case. Defendants have not identified to date a single deficiency in the government's productions or identified any legitimate prejudice. See United States v. Hernandez, 608 F.2d 741, 746 (9th Cir. 1979) ("What might have been discovered had a continuance been granted is inadequate to establish prejudice.") (citation omitted).

Defendants point to the number of pages that have been produced in the last three months. What defendants fail to mention is that this is a total fraction of the total pages produced to date and that the majority of the exhibits identified by the government were produced to defendants before the Court denied the parties' stipulation. Indeed, the exhibits produced thereafter include items such as photographs of the Warehouse defendants and the tax returns of the relevant parties (some of which had been produced from a different source earlier). Defendants claim that "additional documents related to 30 of these witnesses [were produced] within the last two weeks." (Def. App. at 5.) It should come as no surprise to experienced defense counsel that the government continues to produce discovery related to its witnesses, including new interview reports and Jencks statements in the weeks before trial. These documents are the result of the government's preparation for trial and were not the result of any "dilatory discovery practices" but rather the government's continued and timely compliance with its obligations. (Def. App. at 1.); see Ortiz, 603 F.2d at 78-79 (affirming denial of motion for continuance when defendant claimed not enough time to

6

review grand jury transcripts and witness statements released six days before trial noting "neither the Jencks Act nor the Federal Rules of Criminal Procedure require the release of information").

Defendants would not be prejudiced by the failure to grant a continuance. To date, defendants' review of the discovery produced has enabled them to: (a) subpoena witnesses for trial (Kumar Decl. ¶ 13); (b) identify and notice a defense to the customs fraud charges (CR Dkt. 211); (c) identify witnesses in support of this purported defense (Kumar Decl. ¶ 14); (d) file a motion to dismiss (CR Dkt. 186); (e) file three motions in limine and oppose the government's motions in limine (CR Dkts. 207-210, 218-219); and (f) notice three separate expert witnesses (Kumar Decl. ¶ 15).

As they have said since the Court denied the parties' stipulation three months ago, defendants are prepared for trial, and the Court should hold them to the schedule it set on April 30, 2021 when it denied the parties' request for a continuance. Furthermore, defense counsel are sophisticated and experienced trial litigators. In total, there are five different law firm partners on the docket and the government has been on emails with even more lawyers. There is no credible reason that these lawyers should be unable to review the discovery in this case.

Defendants also fail to justify their belated request and their failure to comply with the Court's requirement that "[r]equests for continuance should be submitted well in advance of the requested relief." Court's Procedures Regarding Continuances. Notwithstanding requests within the last few days for the exhibit and witness lists, the government's prompt disclosure of discovery, and the parties continual meet and confers about various trial-related issues,

7

defendants have never once mentioned the possibility of a continuance until Tuesday, August 3, 2021. (See supra.) Indeed, only 30,000 pages have been produced since July 1, 2021, but yet defendants never raised the possibility of a continuance prior to the Tuesday before trial, and one day after the government provided its exhibit and witness lists.

At bottom, there is a strong public interest in proceeding to trial. This matter has been pending since defendants' belated appearance in 2020 and the relevant events in this case took place between 2008 and 2019. The government's witnesses include expert witnesses, professionals, older witnesses, witnesses who reside out of state, and former employees of the defendants. As a general matter, witness memories fade over time and defendants' request is nothing more than an attempt to capitalize on that.

**IV. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court deny defendants' ex parte application.