TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
POONAM G. KUMAR (Cal. Bar No. 270802)
ROGER A. HSIEH (Cal. Bar No. 294195)
GREGORY D. BERNSTEIN (Cal. Bar No. 299204)
Assistant United States Attorneys
Major Fraud/General Crimes Sections
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0719/0600/3183
     Facsimile: (213) 894-6269
     E-mail:    poonam.kumar@usdoj.gov
                roger.hsieh@usdoj.gov
                gregory.bernstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 19-282-RGK |
|---|---|
| Plaintiff, | **GOVERNMENT'S TRIAL MEMORANDUM REGARDING CRIMINAL FORFEITURE** |
| v. | |
| ZHONGTIAN LIU,<br>    aka "Liu Zhongtian,"<br>    aka "Chairman,"<br>    aka "Uncle Liu,"<br>    aka "UL,"<br>    aka "Big Boss,"<br>CHINA ZHONGWANG HOLDINGS<br>    LIMITED,<br>    aka "ZW,"<br>    aka "Mother Ship,"<br>ZHAOHUA CHEN,<br>    aka "Chen Zhaohua,"<br>    aka "Uncle Chen,"<br>XIANG CHUN SHAO,<br>    aka "Johnson Shao,"<br>PERFECTUS ALUMINIUM INC.,<br>    aka "Perfectus Aluminum<br>    Inc.,"<br>PERFECTUS ALUMINUM<br>    ACQUISITIONS, LLC,<br>SCUDERIA DEVELOPMENT, LLC,<br>1001 DOUBLEDAY, LLC, | Trial Date: August 10, 2021<br>Trial Time: 9:00 a.m.<br>Location:   Courtroom of the<br>            Hon. R. Gary<br>            Klausner |

VON KARMAN – MAIN STREET, LLC,
and
10681 PRODUCTION AVENUE, LLC,

      Defendants.

    Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Roger A. Hsieh, Poonam G. Kumar, and Gregory D. Bernstein, and Jonathan Galatzan hereby files its Trial Memorandum Regarding Criminal Forfeiture.

Dated: August 4, 2021          Respectfully submitted,

                                        TRACY L. WILKISON
                                        Acting United States Attorney

                                        SCOTT M. GARRINGER
                                        Assistant United States Attorney
                                        Chief, Criminal Division

                                            /s/
                                        JONATHAN GALATZAN
                                        ROGER A. HSIEH
                                        POONAM G. KUMAR
                                        GREGORY D. BERNSTEIN
                                        Assistant United States Attorneys

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

**TABLE OF CONTENTS**

DESCRIPTION                                                              PAGE

TABLE OF AUTHORITIES...................................................i

MEMORANDUM OF POINTS AND AUTHORITIES...................................1

I.   INTRODUCTION......................................................1

II.  FORFEITURE PROCEDURES.............................................1

     A.   Overview of Criminal Forfeiture..............................1

     B.   The Property Sought for Forfeiture...........................2

     C.   Relevant Statutes Permitting Criminal Forfeiture.............3

          1.   Forfeiture Authority Based On Fraud Offenses – 18
               U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)...........3

          2.   Forfeiture Authority Based On Smuggling Offenses
               – 18 U.S.C. §§ 982 & 545; and 19 U.S.C. §
               1595a(a)................................................3

          3.   Forfeiture Authority Based On Money Laundering
               Offenses – 18 U.S.C. § 982(a)(1)........................5

     D.   Criminal Forfeiture Procedures...............................5

          1.   Forfeitability of Property Sought for Forfeiture........5

          2.   Procedural Rules for the Forfeiture Phase and
               Entry of a Preliminary Order of Forfeiture..............8

III. CONCLUSION.......................................................11

**TABLE OF AUTHORITIES**

DESCRIPTION                                                              PAGE

**Table of Authorities**

18 U.S.C. § 981 ............................................................ 3

18 U.S.C. § 982 ............................................................ 5

18 U.S.C. § 1956 ........................................................... 5

18 U.S.C. §§ 3663, 3663A ................................................... 3

19 U.S.C. § 1595a .......................................................... 3

28 U.S.C. § 2461 ........................................................... 3

Fed. R. Crim. P. 32 ..................................................... 6, 7

Fed.R.Crim.P. 32.2 ............................................. 4, 5, 9, 10

Kaley v. United States,
   571 U.S. 320 (2014) ................................................... 1-2

Libretti v. United States,
   516 U.S. 29 (1995) ...................................................... 1

United States v. Ali,
   619 F.3d 713 (7th Cir. 2010) ............................................ 7

United States v. Capoccia,
   503 F.3d 103 (2d Cir. 2007) .................................... 6-7, 7, 8

United States v. Creighton,
   52 Fed. Appx. 31 (9th Cir. 2002) ........................................ 7

United States v. Feldman,
   853 F.2d 648 (9th Cir. 1988) ............................................ 1

**TABLE OF AUTHORITIES**
DESCRIPTION                                                                   PAGE

United States v. Garcia-Guizar,
   160 F.3d 511 (9th Cir. 1998) ..................................... 8

United States v. Hernandez-Escarsega,
   886 F.2d 1560 (9th Cir. 1989) .................................... 8

United States v. Lazarenko,
   476 F.3d 642 (9th Cir. 2007) ..................................... 2

United States v. Lo,
   839 F.3d 777 (9th Cir. 2016) ..................................... 3

United States v. Louthian,
   756 F.3d 295 (4th Cir. 2014) ..................................... 2

United States v. Messino,
   382 F.3d 704 (7th Cir. 2004) ..................................... 2

United States v. Monsanto,
   491 U.S. 600 (1989) .............................................. 9

United States v. Nava,
   404 F.3d 1119 (9th Cir. 2005) ................................... 10

United States v. Newman,
   659 F.3d 1235 (9th Cir. 2011) .................................... 9

United States v. Nicolo,
   597 F. Supp. 2d 342 (W.D.N.Y. 2009) ............................. 10

United States v. Schlesinger,
   396 F. Supp. 2d 267 (E.D.N.Y. 2005) ............................. 10

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

In addition to setting forth criminal charges, the Indictment in this action contains a number of forfeiture allegations.  This supplemental memorandum sets forth the procedures that would apply at the criminal forfeiture phase of trial, in the event that any of the defendants are found guilty of one or more charges associated with a forfeiture allegation. Pursuant to these procedures, the Court or jury would then determine whether such a defendant's interest in the associated property identified in the forfeiture allegations of the Indictment, and/or the Trial Bill of Particulars (the "TBOP") filed concurrently with the memorandum, should be forfeited.

**II.    FORFEITURE PROCEDURES**

**A.     Overview of Criminal Forfeiture**

Criminal forfeiture is imposed on a convicted defendant as part of sentencing.  It is not an element of the underlying substantive offense.  See Libretti v. United States, 516 U.S. 29, 39 (1995) ("Our precedents have likewise characterized criminal forfeiture as an aspect of punishment imposed following conviction of a substantive criminal offense."); United States v. Feldman, 853 F.2d 648, 662 (9th Cir. 1988) (holding that "trial courts should bifurcate forfeiture proceedings from ascertainment of guilt, requiring separate jury deliberations").

Criminal forfeiture is an important sentencing tool, carrying into effect Congressional intent to deprive criminals and criminal organizations of the instrumentalities and profits of their illegal conduct.  See Kaley v. United States, 571 U.S. 320, 323 (2014) (forfeiture serves to punish the wrong-doer, deter future illegality,

lessen the economic power of criminal enterprises, compensate victims, improve conditions in crime-damaged communities, and support law enforcement activities such as police training).

Criminal forfeiture is in personam, in that it may be imposed only after a criminal conviction, and applies only to the property of the convicted defendant.  See United States v. Lazarenko, 476 F.3d 642, 647 (9th Cir. 2007); United States v. Louthian, 756 F.3d 295, 307 n.12 (4th Cir. 2014) (criminal and civil forfeiture are "distinct law enforcement tools" -- the former is an in personam action that requires a conviction, and the latter is an in rem action against the property itself); and United States v. Vampire Nation, 451 F.3d 189, 202 (3d Cir. 2006) (distinguishing civil and criminal forfeiture).

Finally, the extent of criminal forfeiture is determined by the conviction.  The forfeiture must correspond in nature and scope to the underlying criminal conduct for which the defendant was convicted.  See United States v. Messino, 382 F.3d 704, 714 (7th Cir. 2004).

**B.   The Property Sought for Forfeiture**

The government intends to seek forfeiture of the property set forth in the Indictment, as identified particularly in the TBOP, in the event of any defendant's conviction on an associated count in the Indictment. In brief summary, the property identified in the TBOP consists of approximately 279,808 aluminum structures in the shape of pallets, as well as four parcels of real property in the State of California which were used to harbor and conceal the same (the "Warehouses"). As described below, defedants deny that criminal forfeiture of the Warehouses is applicable even in the event of conviction.

In addition, the government separately intends to seek an order of restitution and a money judgment of forfeiture, in amounts to be determined following trial, neither of which are questions for the jury and both of which the Court may address at or prior to sentencing. See 18 U.S.C. §§ 3663, 3663A (Court determines restitution order amount as part of sentencing); see also United States v. Lo, 839 F.3d 777, 795 (9th Cir. 2016) ("Federal Rule of Criminal Procedure 32.2 does not require a jury determination for forfeiture in the form of a personal money judgment.").

### C. Relevant Statutes Permitting Criminal Forfeiture

#### 1. Forfeiture Authority Based On Fraud Offenses – 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)

Section 981(a)(1)(C) of Title 18 of the United States Code and section 2461(c) of Title 28 of the United States Code authorize the criminal forfeiture of any property, real or personal, which constitutes or is derived from proceeds obtained directly or indirectly as the result of certain violations, including violations of the anti-fraud provisions of 18 U.S.C. §§ 1343 (Wire Fraud).

#### 2. Forfeiture Authority Based On Smuggling Offenses – 18 U.S.C. §§ 982 & 545; and 19 U.S.C. § 1595a(a)

Section 545 of Title 18 of the United States Code authorizes the criminal forfeiture of any property introduced into the United States in violation of that section. In addition, pursuant to section 1595a(a) of Title 19 of the United States Code:

> every vessel, vehicle, animal, aircraft, or other thing used in, to aid in, or to facilitate, by obtaining information or in any other way, the importation, bringing in, unlading, landing, removal, concealing, harboring, or

> subsequent transportation of any article which is being or has been introduced, or attempted to be introduced, into the United States contrary to law, whether upon such vessel, vehicle, animal, aircraft, or other thing or otherwise, may be seized and forfeited together with its tackle, apparel, furniture, harness, or equipment.

Defendants dispute whether the reference to "other things" in § 1595a(a) is applicable to real property, while the government contends that this statute is to be read broadly and encompasses real property used to conceal or harbor smuggled goods. This legal question has been fully briefed and taken under submission in four motions to dismiss in related *in rem* civil forfeiture actions pending against the Warehouses before the Hon. Dolly Gee (the "In Rem Actions"). See Case Nos. 17-cv-1872-DMG; 17-cv-1873-DMG; 17-cv-1875-DMG; and 17-cv-1592-DMG. As detailed in the government's filings in the In Rem Actions (see, e.g., Case No. 17-CV-1875-DMG, ECF No. 75), the government contends that the broad statutory text of subsection (a) supports forfeiture of real property used to harbor or conceal smuggled goods, that multiple other courts have applied the "other things" provision of this section to real property, that the statute was intended to be read broadly, and that common canons of statutory interpretation support such a reading.

While this legal question remains pending before the Court in the In Rem Actions, defendants here have demanded that the jury be retained in the event of their conviction to address the nexus between any crimes of conviction and the Warehouses pursuant to Fed.R.Crim.P. 32.2. Although this legal question will not be before the jury, to the extent that no ruling has issued on this question in

the In Rem Actions by the time the jury returns, the Court should reject any attempt to delay the forfeiture phase of the the trial on the basis of this legal question.

Ultimately this question need not be resolved prior to trial, as it remains unclear whether there will actually be a forfeiture phase involving the Warehouses, and if so, pursuant to Rule 32.2(b)(1)(A) and (b)(5)(A), the jury's finding would be narrowly related to the "the requisite nexus between the property and the offense," and should the jury find such a nexus, any pending statutory interpretation questions could be addressed in post-trial briefing.

3. <u>Forfeiture Authority Based On Money Laundering Offenses – 18 U.S.C. § 982(a)(1)</u>

Section 982(a)(1) of Title 18 of the United States Code authorizes the criminal forfeiture of any property, real or personal, that was involved in a violation of 18 U.S.C. § 1956 (International Promotional Money Laundering), or any property traceable to such property.

**D. Criminal Forfeiture Procedures**

1. <u>Forfeitability of Property Sought for Forfeiture</u>

The government is required to provide notice of its intent to seek forfeiture in the indictment or information. <u>See</u> Fed. R. Crim. P. 32.2(a) ("A court must not enter a judgment of forfeiture in a criminal proceeding unless the indictment or information contains notice to the defendant that the government will seek forfeiture of property as part of any sentence in accordance with the applicable statute."). The Indictment and TBOP have provided such notice.

Following conviction, forfeitability of property sought for forfeiture is determined either by the Court or the jury,[1] depending on the election of either party. Rule 32.2(b)(1) provides:

> (A) Forfeiture Determinations. As soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.

The forfeiture determination may be based upon evidence already in the record, and on any additional evidence or information submitted by the parties during the forfeiture phase and accepted by the Court as relevant and reliable. See Fed. R. Crim. P. 32(b)(1)(B); United States v. Capoccia, 503 F.3d 103, 109 (2d Cir. 2007) (finder of fact may rely on evidence from the guilt phase; it is not necessary for the government to reintroduce that evidence in the

---

[1] The right of either party to retain the jury to determine the forfeitability of real or personal property sought for forfeiture is set out at Rule 32.2(b)(5)(A)("In any case tried before a jury, if the indictment or information states that the government is seeking forfeiture, the court must determine before the jury begins deliberating whether either party requests that the jury be retained to determine the forfeitability of specific property if it returns a guilty verdict.").

forfeiture phase). To the extent that the government offers new evidence during the forfeiture phase, reliable and relevant hearsay evidence is admissible, as the forfeiture phase of the trial is merely a part of the sentencing process. See United States v. Ali, 619 F.3d 713, 720 (7th Cir. 2010) (because forfeiture is part of sentencing, less stringent evidentiary standards apply in the forfeiture phase of the trial; the evidence need only be "reliable"); Capoccia, 503 F.3d at 109 (Rule 32.2(b)(1) allows the court to consider "evidence or information," making it clear that the court may consider hearsay; this is consistent with forfeiture being part of the sentencing process where hearsay is admissible); United States v. Creighton, 52 Fed. Appx. 31, 35-36 (9th Cir. 2002) (hearsay is admissible at sentencing and therefore may be considered in the forfeiture phase).

In the event that a party "timely requests to have the jury determine forfeiture, the government must submit a proposed Special Verdict Form listing each property subject to forfeiture and asking the jury to determine whether the government has established the requisite nexus between the property and the offense committed by the defendant." Fed. R. Crim. P. 32(b)(5)(B).[2] As of the date of this filing, defendants have stated their intention to retain the jury in the event of their conviction.

---

[2] The government will submit proposed forfeiture phase jury instructions as required by the Court's prior orders, but because the scope of any special verdict form will be determined largely by the counts of conviction, the government intends to submit its proposed special verdict form following a jury verdict during the guilt phase.

2. <u>Procedural Rules for the Forfeiture Phase and Entry of a Preliminary Order of Forfeiture</u>

As indicated above, Rule 32.2(a) requires that the determination of what property is subject to forfeiture under the applicable statute be determined "as soon as practicable after a finding of guilty."

The standard of proof regarding the criminal forfeitability of property is preponderance of the evidence. <u>United States v. Garcia-Guizar</u>, 160 F.3d 511, 518 (9th Cir. 1998) (preponderance standard is constitutional because criminal forfeiture is not a separate offense, but only an additional penalty for an offense that was established beyond a reasonable doubt); <u>United States v. Hernandez-Escarsega</u>, 886 F.2d 1560, 1576-77 (9th Cir. 1989) (interpreting identical language in 21 U.S.C. § 853, the forfeiture statute applicable to most criminal forfeiture proceedings).

At the forfeiture stage, a defendant is not permitted to relitigate the legality of his or her conduct or otherwise attempt to undermine the jury's finding of guilt. <u>United States v. Warshak</u>, 631 F.3d 266, 331 (6th Cir. 2010) (affirming district court's refusal to let defendant introduce evidence tending to show his conduct was not illegal, and holding that in the forfeiture phase the only question is the nexus between the conduct and the offense). The only question to be determined during the forfeiture phase is whether the evidence submitted during the guilt phase, together with any additional evidence received during the forfeiture phase, establishes by a preponderance of the evidence that there is the requisite nexus[3]

---

[3] This "nexus" is defined by statute for each offense for which forfeiture is authorized. <u>See e.g.</u>, <u>Capoccia</u>, 503 F.3d at 115 ("The
*(footnote cont'd on next page)*

between the underlying crime(s) of conviction and the property sought to be forfeited by the government.[4]

If the jury finds that there is such a nexus, the Court must promptly enter a preliminary order of forfeiture ("preliminary order"). See Fed. R. Crim. P. 32.2(b)(2)(A) ("If the [finder of fact] finds that the property is subject to forfeiture, [the court] must promptly enter a preliminary order of forfeiture ... directing the forfeiture of specific property."); United States v. Monsanto, 491 U.S. 600, 607 (1989) ("Congress could not have chosen stronger words to express its intent that forfeiture be mandatory in cases where the statute applied."); United States v. Newman, 659 F.3d 1235, 1240 (9th Cir. 2011) ("When the Government has met the requirements for criminal forfeiture, the district court must impose criminal forfeiture, subject only to statutory and constitutional limits"); id. ("[T]he district court has no discretion to reduce or eliminate mandatory criminal forfeiture").

---

'requisite nexus' for a violation of 18 U.S.C. § 2314 is set forth in 18 U.S.C. § 981(a)(1)(C), which subjects to civil forfeiture '[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to a violation of [various sections of Title 18] or any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.'"). Other circuit have defined this nexus as a connection "more than incidental," but "need not be substantial," between the property and the offense. See Seventh Circuit Model Instruction, "Nexus Instruction," available at http://www.ca7.uscourts.gov/pattern-jury-instructions/7th_criminal_jury_instr.pdf, at p. 264

[4] "[F]or example, if the Government is seeking to forfeit the vessel that the defendant used to smuggle drugs, either party may request that the jury be retained to determine whether the Government has established the factual nexus between the vessel and the particular offense on which the defendant was found guilty. In other words, the jury would have to determine whether the vessel was 'used to commit or to facilitate the commission" of the defendant's offense.'" Stefan Cassela, Asset Forfeiture Law in the United States, § 18-4(a).

While the preliminary order forfeits the defendant's interest in the property, it does not include a determination of who is the owner of the property subject to forfeiture. That determination is deferred to the ancillary proceedings that follow the entry of the preliminary order, in which any third party interests in the property are considered and resolved. See Advisory Committee Notes to Federal Rule of Criminal Procedure 32.2 (2000 Adoption) ("Under [the statutory forfeiture scheme first enacted in 1984,] the court orders the forfeiture of the defendant's interest in the property - whatever that interest may be -- in the criminal case. At that point, the court conducts a separate proceeding in which all potential third party claimants are given an opportunity to challenge the forfeiture by asserting a superior interest in the property. This proceeding does not involve relitigation of the forfeitability of the property; its only purpose is to determine whether any third party has a legal interest in the forfeited property."); United States v. Nava, 404 F.3d 1119, 1132 (9th Cir. 2005) (district court properly instructed jury that questions of ownership "were not before them").

Because the determination of whether a third party has a legal interest in the forfeited property is made at a separate proceeding, a defendant cannot object to the entry of a preliminary order on the ground that the property at issue does not belong to him. United States v. Schlesinger, 396 F. Supp. 2d 267, 273 (E.D.N.Y. 2005); United States v. Nicolo, 597 F. Supp. 2d 342, 346 (W.D.N.Y. 2009) (in the forfeiture phase of the trial, the court "is not to consider potentially thorny issues concerning third party ownership of property sought to be forfeited"; if the government establishes the required nexus to the offense, the property must be forfeited).

**III. CONCLUSION**

The government requests that the Court follow the aforementioned procedures in the event that any defendant is found guilty of one or more offenses in the Indictment. Should any defendant be so convicted, the government will propose a corresponding special verdict form.