Stephen G. Larson (SBN 145225)
slarson@larsonllp.com
Hilary Potashner (SBN 167060)
hpotashner@larsonllp.com
A. Alexander Lowder (SBN 269362)
alowder@larsonllp.com
**LARSON LLP**
555 South Flower Street, Suite 4400
Los Angeles, California 90071
Telephone:  (213) 436-4888
Facsimile:   (213) 623-2000

Attorneys for Defendants
SCUDERIA DEVELOPMENT, LLC,
1001 DOUBLEDAY, LLC,
VON KARMAN - MAIN STREET, LLC, and
10681 PRODUCTION AVENUE, LLC

ROBERT F. RUYAK *(Pro Hac Vice)*
robertr@ruyakcherian.com
**RUYAKCHERIAN LLP**
1901 L Street NW, Suite 700
Washington, DC  20036
Telephone:  202-838-1560

Attorneys for Defendants
PERFECTUS ALUMINIUM INC.,
aka "Perfectus Aluminum Inc.," and
PERFECTUS ALUMINUM ACQUISITIONS LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>ZHONGTIAN LIU,<br>　　aka "Liu Zhongtian,"<br>　　aka "Chairman,"<br>　　aka "Uncle Liu,"<br>　　aka "UL,"<br>　　aka "Big Boss,"<br>CHINA ZHONGWANG HOLDINGS LIMITED,<br>　　aka "ZW,"<br>　　aka "Mother Ship,"<br>ZHAOHUA CHEN,<br>　　aka "Chen Zhaohua,"<br>　　aka "Uncle Chen,"<br>XIANG CHUN SHAO, | Case No. 19-cr-00282 RGK<br><br>*Hon. R. Gary Klausner, Ctrm. 850*<br><br>**WAREHOUSE AND PERFECTUS DEFENDANTS' OPPOSITION TO THE GOVERNMENT'S MOTION IN *LIMINE* TO EXCLUDE AND LIMIT EXPERT TESTIMONY (ECF No. 246)**<br><br>Trial Date:　　August 10, 2021 |

| | |
|---|---|
| 1 | aka "Johnson Shao," PERFECTUS ALUMINIUM, INC., aka Perfectus Aluminum Inc.," |
| 2 | |
| 3 | PERFECTUS ALUMINUM ACQUISITIONS, LLC, |
| 4 | SCUDERIA DEVELOPMENT, LLC, 1001 DOUBLEDAY, LLC, |
| 5 | VON KARMAN - MAIN STREET, LLC, and |
| 6 | 10681 PRODUCTION AVENUE, LLC, |
| 7 | Defendants. |

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.      **INTRODUCTION**

On the eve of trial, the government asks the Court to outright exclude the testimony of Defendants' expert John Peterson and to limit the testimony of Defendants' expert Dr. Brian Becker pursuant to Federal Rule of Criminal Procedure 16(b)(1)(C) and Federal Rules of Evidence 401, 403, 703 and 704.  Putting aside the government's obvious gamesmanship, the tenacity of the government to characterize Defendants' expert disclosures under Rule 16(b) as "deficient" is considerable given that the government's own Rule 16(b) expert disclosures have consistently failed to apprise Defendants as to what exactly the government's experts will testify to during the government's case-in-chief.  For the reasons discussed below, defendants Scuderia Development, LLC, 1001 Doubleday, LLC, Von Karman-Main Street, LLC, and 10681 Production Avenue, LLC, Perfectus Aluminum Inc., and Perfectus Aluminum Acquisitions, LLC (collectively, "Defendants") submit this opposition to the government's motion in *limine* to exclude and limit expert testimony.  (ECF No. 246.)

II.     **ARGUMENT**

    A.      **Peterson's Testimony Should Not Be Excluded at Trial**

In its motion, the government takes issue with the expert disclosure of John M. Peterson, arguing that Defendants' disclosure is deficient under Rule 16 because Defendants did not thoroughly explain to the government as to "what Mr. Peterson may say" or "what his opinion" will be at trial.  The government's hypothetical concerns are unfounded.

On August 8, 2021, Defendants provided notice pursuant to Rule 16(b)(1)(C), informing the government that Defendants intend to use the expert testimony of Mr. Peterson to: (i) to rebut the testimony offered by former CBP agent Bruce Raine; (ii) to discuss the methods for tariff classification and the timing of classification of the goods upon import under United States customs laws; (iii) to testify regarding the

extent to which the classification of merchandise can impact the applicability of AD/CVD duties; (iv) to testify about the 2011 AD/CVD Orders, the scope requests made by various importers in connection with the 2011 AD/CVD Orders and the industry perceptions of the 2011 AD/CVD Orders; (v) to discuss how it is common and makes practical business sense for importers to structure and manufacture certain products in order to minimize the amount of customs duties owed upon importation; and (iv) to testify, based on his professional experience, how the government typically enforces its customs laws (i.e., through civil penalties instead of criminal prosecution). (*See* Kumar Decl., Ex, A.)

Addressing the government's arguments in turn, the government first contends that the above disclosure is deficient under Rule 16 because Mr. Peterson does not disclose exactly what he will say regarding these topics at trial. (Mot. at 3.) This argument ignores that, as a defense expert and rebuttal witness, Mr. Peterson's testimony at trial will be largely dependent on the government's case-in-chief – which the government represents will take approximately fifteen (15) trial days. (ECF No. 228). Moreover, the government's motion effectively concedes that it is not as naïve as to Mr. Peterson's testimony as it suggests – acknowledging that Defendants intend to rely on Mr. Peterson to testify "that defendants did not have the requisite mental state that constitutes an element of the crime charged." (Mot. at 4-5.) For this reason, as to the government's motion also concedes, "it is entirely clear" why Mr. Peterson will rely on the 2011 AD/CVD Orders, the 2017 Scope Ruling, and the other publicly available scope rulings under the 2011 AD/CVD Orders at trial. That is, to offer expert testimony in response to the government's case-in-chief in order to raise a reasonable doubt in the jury's minds that—given the language of the 2011 AD/CVD Orders, the requests made by similar importers to seek clarification of the 2011 AD/CVD Orders and Commerce's reliance on scope rulings that post-date the unlawful importing activity charged in the Indictment—Defendants did not act

2
WAREHOUSE AND PERFECTUS DEFENDANTS' OPPOSITION TO THE GOVERNMENT'S MOTION IN
*LIMINE* TO EXCLUDE AND LIMIT EXPERT TESTIMONY (ECF No. 246)

"knowingly, willfully and with the intent to defraud the United States" as required for a conviction under 18 U.S.C. § 545.

The government's remaining arguments are unfounded. As discussed above, the government concedes that Mr. Peterson's testimony is relevant to showing the requisite *mens rea* for the crimes charged in the Indictment. (Mot. at 4-5.) In doing so, the government in effect admits that Mr. Peterson's testimony is relevant and, therefore, admissible under Federal Rules of Evidence 401 and 402. At trial, Mr. Peterson will testify—as set forth in Defendants' Rule 16(b)—as to how other importers in the aluminum industry found the 2011 AD/CVD Orders to be ambiguous. This will be supported by the 100+ scope requests on public record asking Commerce to clarify whether a particular product fell within the language of the 2011 AD/CVD Orders. Thus, this evidence and Mr. Peterson's testimony on this issue will make it more probable that Defendants did not knowingly submit false forms to Customs, making such testimony relevant to Defendants' defense. Moreover, the government is mistaken that the "other means of enforcement against importers" is not relevant in this case. Reading through the lines of the Indictment, and considering the history of the government's investigation and the outcome of the scope rulings, it is clear that the incentive for the government's prosecution of the Warehouse Defendants was the opportunity to pursue a criminal conviction because the current liquidation regulations left the government with no legal mechanism for retroactively imposing the AD/CVD duties on the aluminum pallets. As such, the Court should reject the government's attempts to mischaracterize Mr. Peterson's testimony as irrelevant in a customs fraud case.

Finally, the government's reliance on Federal Rule of Evidence 704(b) is misplaced. Like the government's case-in-chief, Defendants must rely on circumstantial evidence to support its defense given the unusual circumstances in this case. Contrary to the government, Defendants do not intend to elicit the testimony of

Mr. Peterson at trial to expressly state that Defendants did not have the requisite mental state to commit the crimes charged. Rather, in addition to rebutting the government's witness CBP agent Bruce Raine, Mr. Peterson's testimony will be introduced at trial to introduce circumstantial evidence negating Defendants' guilt.

Accordingly, because there are "few rights are more fundamental than that of an accused to present witnesses in his own defense," the Court should deny the government's motion with respect to Mr. Peterson in its entirety. *United States v. W.R. Grace*, 526 F.3d 499, 514 (9th Cir. 2008); *United States v. Finley*, 301 F.3d 1000, 1018 (9th Cir. 2002) (holding district courts should use particular caution in applying the drastic remedy of excluding a witness altogether offered in support of a criminal defendant's defense).

### B. Becker's Testimony Should Not Be Limited as the Government Requests

As for Dr. Brian Becker, the government improperly seeks to move at the 11th hour—indeed, just hours before trial—to exclude his testimony. The government's attempt to limit Dr. Becker's testimony is baseless and should be denied.

As the government recounts, Defendants provided notice of their intent to call Dr. Becker—an economist—on July 19, 2021. (Mot. at 5.) Defendants then supplemented their notice on August 1, 2021. (*Id*.) In response to the government's request for additional information regarding Dr. Becker's testimony, Defendants produced over 2,000 pages of additional material. (*Id*.) Even after all this, the government remains unsatisfied.

After sitting on this issue for weeks, the government now takes issue with Dr. Becker's disclosure, ignoring that their own witness notices are threadbare. (Ex. A ("Horvath Notice") (providing two sentences on the anticipated testimony of a government expert)). Specifically, the government prematurely challenges Dr. Becker's anticipated testimony on CZ's business plan or the pallets. By way of

comparison, the government's expert, Dr. Torben Voetmann, intends to testify on these very same topics. (Ex. B, at 2 (June 21, 2021 Voetmann Expert Notice) ("China Zhongwang's statements about the revenue and potential revenue from the deep-processed product line, including from the sale of those products in the United States, would have been relevant to current and prospective investors. If the statements made by China Zhongwang about the demand and the market growth potential for these products were not true, that would have been relevant to current and prospective investors.")). In short, Dr. Becker and Dr. Voetmann are equally qualified to discuss these topics, and the government provides no explanation of what they believe would be an adequate basis for this testimony.

Defendants have disclosed all of the information underlying Dr. Becker's opinion, including CZ's public disclosures, annual report and IPO prospectus. Moreover, under Federal Rule of Evidence 703, an expert need not have personally observed an event to provide an opinion. Fed. R. Evid. 703. Indeed, an expert "may base an opinion on facts or data in the case that the expert has been made aware of" and if "experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted." *Id*.

Additionally, the government takes issue with a single use of the word "immaterial" in Dr. Becker's disclosure, accusing Defendants of attempting to confuse the jury. Defendants have never suggested that Dr. Becker would testify as to any legal question in this case. Dr. Becker's disclosure merely states that any changes in CZ's price would have resulted in "immaterial changes" in the value of large funds such as Vanguard and Black Rock. What the government omits is that Dr. Voetmann's disclosure tracks the same language—stating that Dr. Voetmann will testify as to changes in CZ's stock price and other factors that would have been "relevant to current and prospective investors." There is no meaningful difference

between the government's terminology and defendants' terminology.

The proper venue for the government to question Dr. Becker's opinion is on cross-examination; not a slapdash motion hours before trial. *See Mixed Chicks LLC v. Sally Beauty Supply LLC*, 879 F. Supp. 2d 1093, 1095 (C.D. Cal. 2012) (noting that seeking to "resolve issues prematurely before they are viewed in the context of trial" is an improper reason for a motion in *limine* and that "parties do themselves a disservice by seeking exclusion of testimony, instead of using cross-examination.").

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny the government's motion in *limine* to exclude expert testimony at trial in its entirety.

Dated:  August 9, 2021              LARSON LLP

                                    By: /s/ Hilary Potashner
                                        Stephen G. Larson
                                        Hilary Potashner
                                        A. Alexander Lowder
                                    Attorneys for Defendants
                                    SCUDERIA DEVELOPMENT, LLC,
                                    1001 DOUBLEDAY, LLC,
                                    VON KARMAN - MAIN STREET, LLC, and
                                    10681 PRODUCTION AVENUE, LLC

Dated:  August 9, 2021              **RUYAKCHERIAN LLP**

                                    By:  /s/ Robert F. Ruyak
                                         Robert F. Ruyak
                                    Attorneys for Defendants
                                    PERFECTUS ALUMINIUM INC., aka
                                    "Perfectus Aluminum Inc.," and PERFECTUS
                                    ALUMINUM ACQUISITIONS LLC