TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
POONAM G. KUMAR (Cal. Bar No. 270802)
ROGER A. HSIEH (Cal. Bar No. 294195)
GREGORY D. BERNSTEIN (Cal. Bar No. 299204)
Assistant United States Attorneys
Major Fraud/General Crimes Sections
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0719/0600/3183
     Facsimile: (213) 894-6269
     E-mail:    poonam.kumar@usdoj.gov
                roger.hsieh@usdoj.gov
                gregory.bernstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 19-282-RGK |
| Plaintiff, | **GOVERNMENT'S OPPOSITION TO ADMISSION OF DEPARTMENT OF COMMERCE RULING ON UNRELATED AND IRRELEVANT ANTI-DUMPING ORDER** |
| v. | |
| ZHONGTIAN LIU,<br> aka "Liu Zhongtian,"<br> aka "Chairman,"<br> aka "Uncle Liu,"<br> aka "UL,"<br> aka "Big Boss,"<br>CHINA ZHONGWANG HOLDINGS<br>    LIMITED,<br> aka "ZW,"<br> aka "Mother Ship,"<br>ZHAOHUA CHEN,<br> aka "Chen Zhaohua,"<br> aka "Uncle Chen,"<br>XIANG CHUN SHAO,<br> aka "Johnson Shao,"<br>PERFECTUS ALUMINIUM Inc.,<br> aka "Perfectus Aluminum Inc.,"<br>PERFECTUS ALUMINUM<br>    ACQUISITIONS, LLC,<br>SCUDERIA DEVELOPMENT, LLC,<br>1001 DOUBLEDAY, LLC,<br>VON KARMAN – MAIN STREET, LLC,<br>    and | |

10681 PRODUCTION AVENUE, LLC,

      Defendants.

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Poonam G. Kumar, Roger A. Hsieh, and Gregory D. Bernstein, hereby files its Opposition to Admission of a Department of Commerce Ruling on an Unrelated and Irrelevant Anti-Dumping Order.

This Opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: August 18, 2021        Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

      /s/
POONAM G. KUMAR
ROGER A. HSIEH
GREGORY D. BERNSTEIN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

The Perfectus defendants seek to admit an October 2013 Department of Commerce ("DOC") final order regarding imports made by JFE Steel Corporation, Nippon Steel, NKK Tubes, and Sumitomo Metal Industries ("DOC JFE Order"). (Ex. A.) These entities and the order discussed therein are without any relevance to the case pending before this Court. As such, it should be excluded under Federal Rule of Evidence 401. Further, it should be excluded under Federal Rule of Evidence 403 because its admission is sought only to confuse and mislead the jury.

The DOC ruling at issue deals with issues that have no bearing on this case. As a threshold matter, the DOC JFE Order relates to an unrelated anti-dumping order. (Ex. A (referencing Anti-Dumping Order A-588-850 regarding "large diameter seamless carbon and alloy . . . steel" pipes from Japan).) In addition, it relates to entities and issues that are not relevant to these proceedings. As such, it has no bearing on a single element of 18 U.S.C. § 545, namely, whether the defendants conspired to lie about whether the merchandise they imported was dutiable under the entirely separate 2011 AD/CVD Orders. The DOC JFE Order does not make any "fact of consequence" any "more or less probable." Fed. R. Evid. 401. Thus, it should be excluded.

Further, it should be excluded under Rule 403. Defendants seek to rely on the portion of the DOC JFE Order that comes under "Final Results of Review." Defendants appear to want to introduce this to tell the jury that under particular Customs Regulations and in certain circumstances a refund can be applied for and received on certain duties already paid. See 19 U.S.C. § 1313. This is plainly irrelevant. This is nothing more than a plea for jury nullification

– asking the jury to ignore the elements of the crime by confusing and misleading them into believing that there was no loss in this case. As a threshold matter, the government does not have to prove loss, and, more importantly, drawback has absolutely no bearing on whether the defendants are guilty of lying at the time of import as they are charged under Title 18 of the United States Code. Customs regulations under Title 19 about drawback (19 U.S.C. § 1313) and liquidation (19 U.S.C. § 191.81) (which the jury has already heard much about) has no bearing on whether the defendants violated the law and, indeed, have no bearing on the appropriate restitution amount to be imposed in the event of convictions (which, in any event, is determined by the Court). Cf. United States v. Vandewater Int'l Inc., No. 17-CV-4393-RGK, 2020 WL 4372115, at *8 (C.D. Cal. June 23, 2020)("[L]iquidation does not foreclose other remedies to collect unpaid duties.")(citing United States v. Aegis Sec., Inc. Co., 422 F.Supp.3d 1328, 1344 (Ct. Int'l. Trade 2019)). If these Customs regulations were relevant to the question of guilt, then defendants could escape criminal liability for lying to Customs simply by waiting out the clock on liquidation and exporting the merchandise (much like these defendants did) before the government caught on to the criminal scheme. See 19 U.S.C. § 1592 (allowing Customs to seek penalties on imports post-liquidation if found to be the result of fraud); cf. Vandewater, 2020 WL 4372115, at *8 ("The purpose behind the FCA also supports the notion that the United States need not follow administrative remedies designed to deal with overpayments and underpayments when using the FCA to recover damages for fraud") (emphasis added)). And, of course, since the AD/CVD duties were never paid in this case, no refund would be appropriate. This

2

1  evidence is designed to confuse and mislead the jury and, therefore,
2  it should be excluded under Rule 403.
3       For the foregoing reasons, the government respectfully requests
4  that this Court deny the Perfectus defendants request to admit the
5  DOC JFE Order.