JS-3

# United States District Court
# Central District of California

| UNITED STATES OF AMERICA vs. | Docket No. | 2:19-cr-00282-RGK-10 |
|---|---|---|

**Defendant**   10681 PRODUCTION AVENUE, LLC

akas:   None.

Social Security No. N   O   N   E

(Last 4 digits)

---

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| APR | 11 | 2022 |

**COUNSEL**   Hilary Potashner, Retained and A. Alexander Lowder, Retained

(Name of Counsel)

**PLEA**   [X] **GUILTY,** and the court being satisfied that there is a factual basis for the plea.   [ ] **NOLO CONTENDERE**   [ ] **NOT GUILTY**

**FINDING**   There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of:

**Conspiracy, in violation of 18 U.S.C. § 371, as charged in Count 1 (one) of the Indictment;**

**Wire Fraud, Aiding and Abetting and Causing an Act to be Done, in violation of 18 U.S.C. § 1343 and 18 U.S.C. § 2(a), as charged in Counts 2 (two), 3 (three), 4 (four), 5 (five), 6 (six), 7 (seven), 8 (eight), 9 (nine), and 10 (ten) of the Indictment;**

**Passing False and Fraudulent Papers Through Customhouse, Aiding and Abetting and Causing an Act to be Done, in violation of  18 U.S.C. § 545 and 18 U.S.C. § 2, as charged in Counts 11 (eleven), 12 (twelve), 13 (thirteen), 14 (fourteen), 15 (fifteen), 16 (sixteen), and 17 (seventeen) of the Indictment.**

**JUDGMENT AND PROB/ COMM ORDER**   The Court asked whether there was any reason why judgment should not be pronounced.  Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: **Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant organization, 10681 Production Avenue, LLC, is hereby placed on probation on Counts 1 (one) through 17 (seventeen) of the Indictment for a term of five years. This term consists of five years on each of Counts 1 (one)  through 17 (seventeen) of the Indictment, all such terms to run concurrently under the following terms and conditions:**

1.   As Second Amended General Order 20-04 applies to individuals, it shall be deleted from the original Court order.

2.   During the period of community supervision, defendant 10681 Production Avenue, LLC, shall  pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment.

3.   Defendant 10681 Production Avenue, LLC shall not commit another federal, state or local crime.

4.   Defendant 10681 Production Avenue, LLC shall provide the Probation Officer access to any requested financial information.

5.   Within 30 days from the date of this judgment, defendant 10681 Production Avenue, LLCshall designate an official of the organization to act as defendant 10681 Production Avenue, LLC's representative and to be the primary contact with the Probation Officer.

6.   Defendant 10681 Production Avenue, LLCshall answer truthfully all inquiries by the Probation Officer and follow the instructions of the Probation Officer.

USA vs.    10681 Production Avenue           Docket No.:    2:19-cr-00282-RGK-10

7.     Defendant 10681 Production Avenue, LLC shall notify the Probation Officer ten days prior to any change in the principal business or mailing address or within 72 hours if advance notice is not possible.

8.     Defendant 10681 Production Avenue, LLC shall permit a Probation Officer to visit defendant 10681 Production Avenue, LLCat any of its operating business sites.

9.     Defendant 10681 Production Avenue, LLC shall report to the Probation Officer as directed and shall submit a truthful and complete written report within the first five days of each month.

10.     Defendant 10681 Production Avenue, LLC shall be required to notify the Court or Probation Officer immediately upon learning of (A) any material adverse change in its business or financial condition or prospects, or (B) the commencement of any bankruptcy proceeding, major civil litigation, criminal prosecution, or administrative proceeding against the organization, or any investigation or formal inquiry by government authorities regarding the organization.

11.     Defendant 10681 Production Avenue, LLCshall notify the Probation Officer immediately of any intent to sell the organization, change the name of the organization, merge with another business entity, or otherwise dissolve and/or modify, in any form or manner, the organizational structure from its present status.

12.     Defendant 10681 Production Avenue, LLCshall apply all monies received from income tax refunds to the outstanding Court-ordered financial obligation. In addition, defendant 10681 Production Avenue, LLC shall apply all monies received from lottery winnings, inheritance, judgments and any anticipated or unexpected financial gains to the outstanding Court-ordered financial obligation.

13.     If defendant 10681 Production Avenue, LLC changes its name, or merges with another company through a stock or assets purchase, or sells or transfers all or substantially all of its business operations as they exist as of the date of conviction, the renamed, newly-created, transferred, sold, or merged company shall be obliged to meet all of the obligations of defendant 10681 Production Avenue, LLCin accordance with this judgment's orders pertaining to payment of the fine and special assessment and creation and implementation of an effective anti-money laundering program. Defendant 10681 Production Avenue, LLC shall include in any contract for sale, merger, or transfer a provision fully binding the purchaser(s) or any successor(s) in interest thereto the obligations described in the Court-ordered conditions of probation.

It is ordered that defendant 10681 Production Avenue, LLC shall pay to the United States a special assessment of $6,800, which is due immediately.

It is ordered that defendant 10681 Production Avenue, LLC shall pay restitution in the total amount of $1,836,244,745, pursuant to 18 U.S.C. § 3663A.

The amount of restitution ordered shall be paid to: Customs and Border Protection.

Defendant 10681 Production Avenue, LLC shall make nominal monthly payments of at least 10% of defendant 10681 Production Avenue, LLC 's gross revenue, but not less than $100, whichever is greater, during the term of probation. Payments shall begin 30 days after the commencement of supervision. Nominal restitution payments are ordered as the Court finds that defendant 10681 Production Avenue, LLC 's economic circumstances do not allow for either immediate or future payment of the amount ordered.

Defendant 10681 Production Avenue, LLC shall be held jointly and severally liable with convicted co-defendants, Perfectus Aluminium Inc.; Perfectus Aluminum Acquisitions, LLC; 1001 Doubleday, LLC; Scuderia Development, LLC; and Von-Karman - Main Street, LLC for the amount of restitution ordered in this judgment. The victims' recovery is limited to the amount of their loss and defendant 10681 Production Avenue's liability for restitution ceases if and when the victims receive full restitution.

Pursuant to 18 U.S.C. § 3612(f)(3)(A), interest on the restitution ordered is waived because defendant 10681 Production Avenue, LLC does not have the ability to pay interest. Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

USA vs.   10681 Production Avenue                     Docket No.:    2:19-cr-00282-RGK-10

Pursuant to Guideline § 5E1.2(a), all fines are waived as the Court finds that defendant 10681 Production Avenue, LLCorganization has established that it is unable to pay and is not likely to become able to pay any fine in addition to restitution.

The Court has found that the property identified in the preliminary order of forfeiture is subject to forfeiture. The preliminary order is incorporated by reference into this judgment and is final.

Defendant 10681 Production Avenue, LLC advised of his right to appeal.


In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed.  The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.


| April 13, 2022 | *Gary Klausner* |
| --- | --- |
| Date | R. Gary Klausner, United States District Judge |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.


Clerk, U.S. District Court


| April 13, 2022 | By | /s/ Joseph Remigio |
| --- | --- | --- |
| Filed Date | | Deputy Clerk |


The defendant must comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE
While the defendant is on probation or supervised release pursuant to this judgment:

USA vs.   10681 Production Avenue                    Docket No.:   2:19-cr-00282-RGK-10

1.  The defendant must not commit another federal, state, or local crime;

2.  The defendant must report to the probation office in the federal judicial district of residence within 72 hours of imposition of a sentence of probation or release from imprisonment, unless otherwise directed by the probation officer;

3.  The defendant must report to the probation office as instructed by the court or probation officer;

4.  The defendant must not knowingly leave the judicial district without first receiving the permission of the court or probation officer;

5.  The defendant must answer truthfully the inquiries of the probation officer, unless legitimately asserting his or her Fifth Amendment right against self-incrimination as to new criminal conduct;

6.  The defendant must reside at a location approved by the probation officer and must notify the probation officer at least 10 days before any anticipated change or within 72 hours of an unanticipated change in residence or persons living in defendant's residence;

7.  The defendant must permit the probation officer to contact him or her at any time at home or elsewhere and must permit confiscation of any contraband prohibited by law or the terms of supervision and observed in plain view by the probation officer;

8.  The defendant must work at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons and must notify the probation officer at least ten days before any change in employment or within 72 hours of an unanticipated change;

9.  The defendant must not knowingly associate with any persons engaged in criminal activity and must not knowingly associate with any person convicted of a felony unless granted permission to do so by the probation officer. This condition will not apply to intimate family members, unless the court has completed an individualized review and has determined that the restriction is necessary for protection of the community or rehabilitation.

10. The defendant must refrain from excessive use of alcohol and must not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

11. The defendant must notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

12. For felony cases, the defendant must not possess a firearm, ammunition, destructive device, or any other dangerous weapon;

13. The defendant must not act or enter into any agreement with a law enforcement agency to act as an informant or source without the permission of the court;

14. The defendant must follow the instructions of the probation officer to implement the orders of the court, afford adequate deterrence from criminal conduct, protect the public from further crimes of the defendant; and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

☒ The defendant must also comply with the following special conditions (set forth below).

**STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS**

The defendant must pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment under 18 U.S.C. § 3612(f)(1). Payments may be subject to penalties for default and delinquency under 18 U.S.C. § 3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed before April 24, 1996. Assessments, restitution, fines, penalties, and costs must be paid by certified check or money order made payable to "Clerk, U.S. District Court." Each certified check or money order must include the case name and number. Payments must be delivered to:

United States District Court, Central District of California
Attn: Fiscal Department
255 East Temple Street, Room 1178
Los Angeles, CA 90012

or such other address as the Court may in future direct.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant must pay the balance as directed by the United States Attorney's Office. 18 U.S.C. § 3613.

The defendant must notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence address until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. § 3612(b)(l)(F).

The defendant must notify the Court (through the Probation Office) and the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. § 3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution under 18 U.S.C. § 3664(k). See also 18 U.S.C. § 3572(d)(3) and for probation 18 U.S.C. § 3563(a)(7).

Payments will be applied in the following order:
1. Special assessments under 18 U.S.C. § 3013;
2. Restitution, in this sequence (under 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid):
   Non-federal victims (individual and corporate),
   Providers of compensation to non-federal victims,
   The United States as victim;
3. Fine;
4. Community restitution, under 18 U.S.C. § 3663(c); and
5. Other penalties and costs.

**CONDITIONS OF PROBATION AND SUPERVISED RELEASE PERTAINING TO FINANCIAL SANCTIONS**

As directed by the Probation Officer, the defendant must provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant must not apply for any loan or open any line of credit without prior approval of the Probation Officer.

When supervision begins, and at any time thereafter upon request of the Probation Officer, the defendant must produce to the Probation and Pretrial Services Office records of all bank or investments accounts to which the defendant has access, including any business or trust accounts. Thereafter, for the term of supervision, the defendant must notify and receive approval of the Probation Office in advance of opening a new account or modifying or closing an existing one, including adding or deleting signatories; changing the account number or name, address, or other identifying information affiliated with the account; or any other modification. If the Probation Office approves the new account, modification or closing, the defendant must give the Probation Officer all related account records within 10 days of opening, modifying or closing the account. The defendant must not direct or ask anyone else to open or maintain any account on the defendant's behalf.

The defendant must not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

USA vs.    10681 Production Avenue                                Docket No.:    2:19-cr-00282-RGK-10

**RETURN**

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____    By _____
Date                             Deputy Marshal

**CERTIFICATE**

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

_____    By _____
Filed Date                        Deputy Clerk

USA vs.   10681 Production Avenue                    Docket No.:   2:19-cr-00282-RGK-10

**FOR U.S. PROBATION OFFICE USE ONLY**

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____        _____
                    Defendant                                                      Date


_____        _____
U. S. Probation Officer/Designated Witness                        Date